**Keith S. Dubanevich,** OSB No. 975200
Email: kdubanevich@stollberne.com
**Jennifer S. Wagner,** OSB No. 024470
Email: jwagner@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840

**John P. Wolff, III** (to be admitted *Pro Hac Vice*)
Email: jwolff@kcslaw.com
**Christopher K. Jones** (to be admitted *Pro Hac Vice*)
Email: cjones@kcwlaw.com
KEOGH, COX & WILSON, LTD
701 Main Street
Baton Rouge, Louisiana 70802
Telephone:    (225) 383-3796
Facsimile:    (225) 343-9612

Attorneys for Plaintiffs

[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL HETHERINGTON, Individually and on Behalf of the Class, | Case No. 3:13-cv-2152 |
| Plaintiffs, | **CLASS ACTION ALLEGATION** |
| v. | COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF |
| OMAHA STEAKS, INC. and OMAHA STEAKS INTERNATIONAL, INC., | Telephone Consumer Protection Act (47 U.S.C. § 227) |
| Defendants. | (Jury Trial Demanded) |

Plaintiff, MICHAEL HETHERINGTON, on behalf of himself and all others similarly

situated, alleges as follows:

{SSBLS Main Documents\8459\001\00429206-1 }
 Page 1 –   COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE
            RELIEF

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

## NATURE OF THE CASE

1.      This suit asserts allegations that Defendants OMAHA STEAKS, INC. ("Omaha Steaks") and OMAHA STEAKS INTERNATIONAL, INC. ("Omaha Steaks International") jointly violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA), and other legal prohibitions under statutory and common law, with its marketing and advertising campaigns by placing phone calls to cellular telephones (or to a telephone number assigned to a service for which the called party is charged for the call) using an automatic telephone dialing system and equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. In particular, Defendants advertised their products by placing thousands of phone calls over the past four years using automatic telephone dialing equipment to cellular phone subscribers without their prior express consent.  The placing of phone calls to cellular phone lines with automatic telephone dialing equipment without the recipients' consent violates 47 U.S.C. § 227(b)(1)(A).

2.      This suit is brought on behalf of all recipients of telephone calls sent or placed by Omaha Steaks and/or Omaha Steaks International to the recipients' cellular telephones using an automatic telephone dialing system within the past four years.

3.      Plaintiff, on behalf of himself and a class of similarly situated persons or legal entities, brings this suit under the TCPA, other statutes, and common law for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## JURISDICTION AND VENUE

4.      This Court is vested with jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act").  The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a

{SSBLS Main Documents\8459\001\00429206-1 }

Page 2 –    COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE
            RELIEF

violation of the statute, and grants jurisdiction to federal district courts to consider and decide such cases or controversies.  47 U.S.C. § 227(b)(3).

5.      In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

### DESCRIPTION OF THE PARTIES

6.      Plaintiff MICHAEL HETHERINGTON is an individual domiciled in the County of Multnomah and State of Oregon.  Plaintiff received multiple telephone calls from Omaha Steaks and/or Omaha Steaks International on his cellular telephone within the last four years without giving his prior express consent.  The most recent call was received on November 14, 2013 at 7:05 PM PST, and he received additional calls from Omaha Steaks and/or Omaha Steaks International multiple times a week within the last few months, and many times over the past four years.

7.      Defendant OMAHA STEAKS, INC. ("Omaha Steaks") is a foreign corporation headquartered in Nebraska with its principal place of business located at 11030 "O" Street, Omaha, Nebraska 38137.  Omaha Steaks transacts business in the State of Oregon;

8.      Defendant OMAHA STEAKS INTERNATIONAL, INC. ("Omaha Steaks International") is a foreign corporation headquartered in Nebraska with its principal place of business located at 11030 "O" Street, Omaha, Nebraska 38137.  Omaha Steaks International transacts business in the State of Oregon.

9.      All of the subject phone calls were placed by or at the direction of Omaha Steaks and/or Omaha Steaks International.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

10.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers."  The plain language of sections 227(a)(1) defines an autodialer as equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  Further, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, these calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13.     Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity" mere surplusage. Congress included a definition that provides that the equipment need only have the capacity to store or produce numbers.  Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation.  Accordingly, a system need not actually store, produce or

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

14.    Thus, telephone calls made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

15.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Omaha Steaks and Omaha Steaks International to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Placing and Receipt of the Calls**

16.    At all relevant times Plaintiff was an individual residing in the State of Oregon. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).

17.    Defendants repeatedly contacted Plaintiff on his cellular telephone.  Most recently, on November 14, 2013 at 7:05 PM, Plaintiff received a telephone call from Defendants. Since October 3, 2013, when Plaintiff changed his cellular telephone service, Plaintiff has received at least 10 calls from Defendants.  In addition, over the past four years he has received many more calls from Defendants.

18.    All telephone calls made by Defendants to Plaintiff on his cellular telephone occurred with the use of an ATDS, as defined by 47 U.S.C. § 227(a)(1), and all calls included in this suit occurred within four years of the filing of this Complaint.

19.    The telephone number that Defendants used to contact Plaintiff, made by an ATDS, was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20.    The subject telephone calls were not made for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.    Plaintiff did not provide Defendant his "express consent" to place telephone calls to his cellular phone using an ATDS, within the meaning of 47 U.S.C. § 227(b)(1)(A).

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

22.     Identical telephone calls made by an ATDS were similarly placed on repeated occasions to other cellular phone numbers belonging to the other members of the class over the past four years.  None of those subscribers gave Defendants their prior express consent to receive the calls and they were not made for emergency purposes.  Upon information and belief, Defendants placed these phone calls multiple times a week to the members of the Class.

23.     Upon information and belief, Defendants placed numerous calls to Plaintiff and the class members weekly.  As a result, thousands of telephone calls were placed by Defendants on a weekly basis to the class members, resulting in thousands of calls made by Defendants to the Plaintiff and the class members over the past four years.  These telephone calls were placed for the commercial purpose of selling Defendants' products, including but not limited to food products.

24.     The phone calls sent to the thousands of cellular telephone numbers subscribed to by the class members over the past four years caused each class member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds his cellular phone data plan and/or the cost of minutes associated with his cell phone plan.

**CLASS ALLEGATIONS**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and behalf of the following class ("the Class"): All persons or legal entities domiciled within the United States who, within the last four years, received a telephone call on their cellular telephone (or to a telephone number assigned to a service for which the called party is charged for the call) placed by or on behalf of Omaha Steaks and/or Omaha Steaks International with an automatic telephone dialing system without the subscriber's prior express consent.  Excluded from the Class are all judges and Court personnel employed by the United

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

States District Court for the District of Oregon and all officers, directors and employees of Defendants.

26.    The Class consists of thousands of individuals and legal entities who are geographically dispersed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1).  The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its representatives, including but not limited to the transmission logs.

27.    Plaintiff's claims are typical of the claims of the class members.  The claims of the Plaintiff and the class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the class members.

28.    The class members have a well-defined community of interest.  The Defendants acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

29.    There are numerous questions of law and fact common to the claims of Plaintiff and the class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

30.    Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31.    Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

{SSBLS Main Documents\8459\001\00429206-1 }
 Page 7 –    COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE
                    RELIEF

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

(a)     Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)     Whether Defendants' phone calls were made for an emergency purpose;

(c)     Whether Defendants obtained the phone call recipients' prior express consent;

(d)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(e)     Whether Defendants converted and/or caused loss of use of Plaintiff's and members of the Class' property;

(f)     Whether Defendants owed any duty to Plaintiff and members of the Class;

(g)     Whether Defendants breached any duty owed to Plaintiff and members of the Class;

(h)     Whether Defendants violated the privacy rights of Plaintiff and members of the Class;

(i)     Whether Defendants' breach of duty caused Plaintiff's and members of the Class' compensatory damages;

(j)     Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(k)     Whether Defendants' conduct constituted a nuisance;

(l)     Whether Defendants' conduct caused Plaintiff's and members of the Class inconvenience and/or annoyance;

(m)     Whether plaintiff and members of the Class are entitled to compensatory damages;

(n)     Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

(o)     Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct.

32.     Plaintiff will fairly and adequately represent and protect the interests of the respective class members.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

33.    This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT I

## LIABILITY PURSUANT TO THE TCPA

34.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

35.    Defendants placed, or caused to be placed, calls to Plaintiff and the Class with an automatic telephone dialing system, within the meaning of 47 U.S.C. § 227(a).  The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.  By using such equipment, Defendants, or their agent, were capable of making thousands of calls to the subscribers of cellular phone numbers automatically without human intervention.

36.    These calls were made en masse without the prior express consent of Plaintiff and the other members of the Class.

37.    Thus, Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

38.     Plaintiff received, on November 14, 2013 at 7:05 PM PST, a call transmitted and/or placed by or on behalf of Omaha Steaks and/or Omaha Steaks International on his cellular telephone.

39.     Between October 3, 2013 and the present, Plaintiff has received more than 10 calls transmitted and/or placed by or on behalf of Omaha Steaks and/or Omaha Steaks International on his cellular telephone.

40.     Prior to October 3, 2013, and dating back more than four years, Plaintiff received multiple calls transmitted and/or placed by or on behalf of Omaha Steaks and/or Omaha Steaks International on his cellular telephone.

41.     All of these calls were sent without Plaintiff's prior express consent and in violation of 47 U.S.C. § 227 et seq.

42.     All of the calls were received by Plaintiff on his cellular telephone.  The costs for services for the cellular telephone number on which the Plaintiff received the calls are paid by Plaintiff.  Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

43.     Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C. § 227 et seq., specifically including 47 U.S.C. § 227(b)(3)(A).

44.     Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

45.     Accordingly, as a proximate result of the Defendants' conduct, the Class has incurred actual damages associated with the cost of the receipt of the phone calls, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

46.     Further, in the alternative, the Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendants.

47.     In addition, if the Court finds that the Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

48.     Additionally, the Class seeks injunctive relief requiring that Defendants be enjoined from placing or transmitting additional phone calls in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II

## CONVERSION

49.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

50.     By sending Plaintiff and the class members unsolicited phone calls, Defendants deprived Plaintiffs and Class members of the use of, and converted to their own use, the cellular telephones belonging to Plaintiff and the Class members.

51.     Immediately prior to the placing of the unsolicited calls, Plaintiff and the Class members owned and had an unqualified and immediate right to the possession of the cellular telephone.

52.     By sending the unsolicited calls, Defendants appropriated to their own use, and deprived Plaintiff and the Class members of the use of, the cellular telephones used to receive the calls, such that they could not be used for the receipt of any other data or calls.  Such appropriation was wrongful and without authorization.

53.     Defendants knew or should have known that such appropriation of the cellular telephones was wrongful and without authorization.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

54.    Plaintiff and the class members were deprived of their cellular telephones, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited calls.

55.    Defendants should be enjoined from committing similar violations in the future.

## COUNT III

## NEGLIGENCE

56.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

57.    Among other duties, Defendants owed a duty not to damage Plaintiff and members of the Class.  However, Defendants and/or their agents, by error and neglect, permitted, suffered, required, ratified, directed, and/or otherwise proximately caused the acts and omissions that have damaged Plaintiff and members of the Class as referenced herein.

58.    If any of the Defendants and/or their agents had not been negligent in their acts or omissions, or their supervision, management, direction, instruction, training, guidance, assistance, and/or control of each other, their agents, or themselves, then the marketing practices and/or phone calls referenced herein would have comported with all applicable laws, and none of the inherently injurious calls referenced herein would have been transmitted to the telephonic devices of Plaintiff and members of the Class.

59.    In this regard, by transmitting the unsolicited calls to Plaintiff and members of the Class, the Defendants violated their duty or duties to Plaintiff and members of the Class.

60.    For such reasons and/or otherwise as a consequence of Defendants' negligence proximately causing injuries to Plaintiff and members of the Class and/or their property, Plaintiff and members of the Class are entitled to recover from Defendants the actual or compensatory damages referenced herein and in accord with proof.

61.    Defendants should be enjoined from committing similar violations in the future.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## COUNT IV

## INVASION OF PRIVACY

62.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

63.    Defendants, by their acts and omissions described herein, have invaded Plaintiff and the Class members' privacy and/or committed an unauthorized intrusion or prying into plaintiff and the Class members' seclusion.

64.    The invasions of privacy and/or intrusion committed by the Defendants have been highly offensive and/or objectionable to Plaintiff and the Class members.

65.    The invasion of privacy and/or intrusion committed by the Defendants would be highly offensive and/or objectionable to any reasonable person.

66.    Defendants invaded and/or intruded on the privacy and/or private matters of Plaintiff and the Class members.

67.    The invasions of privacy and/or intrusion committed by Defendants have caused Plaintiff and the Class members anguish and suffering, as well as additional damages as described herein.

## COUNT V

## PRIVATE NUISANCE

68.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

69.    Defendants, by their acts and omissions described herein, have invaded the Plaintiff and the Class members' interest in the use and enjoyment of their property.

70.    Defendants' invasions have been substantial, negligent and unreasonable, and have constituted a nuisance with respect to plaintiff and the class members.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

71.     Defendants' invasions would constitute a nuisance with respect to any reasonable person.

72.     Defendants' invasions have made life uncomfortable for plaintiff and the Class members, and have caused Plaintiff and the Class members actual damages as described herein.

## COUNT VI

## PUBLIC NUISANCE

73.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

74.     Plaintiff, the class members, and the rest of the public, have a right to be free from the inconvenience and annoyance of unsolicited calls placed to their cellular telephones.

75.     Defendants, by their acts and omissions as described herein, have substantially and unreasonably interfered with these rights.

76.     Defendants, by their acts and omissions as described herein, have proximately caused Plaintiff and the Class members, in particular, actual damages as described herein.

## COUNT VII

## VIOLATION OF VARIOUS STATES UNFAIR TRADE PRACTICES LAWS

77.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

78.     Plaintiff and each member of the Class is a person entitled to the protection of the consumer protection and/or unfair trade laws of the state in which they reside and received an unsolicited phone call from Defendants.

79.     The consumer protection and/or unfair trade laws of the state in which Plaintiff and each member of the Class resides and received an unsolicited phone call from Defendants declares that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful.

{SSBLS Main Documents\8459\001\00429206-1 }
Page 14 –  COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE
           RELIEF

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

80. The states where Plaintiff and members of the Class reside, including the state of Oregon, have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising that further allow consumers to bring private and/or class actions. The Oregon statute is found at ORS. § 646.608 et seq.

81. Plaintiff and the Class members have suffered an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful. In particular, Defendants have placed phone calls without the consent of the recipients and in violation of these various consumer protection and/or unfair trade laws.

82. Defendants knew or should have known that their calls violated these various consumer protection and/or unfair trade laws.

83. The Plaintiff and members of the class are entitled to actual compensatory and/or statutory damages, as well as attorneys' fees and costs of suit, to the fullest extent permitted pursuant to the various state laws implicated by this claim.

### DEMAND FOR PRESERVATION

84. Plaintiff also specifically demands that Defendants retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1) Scripts of messages to be used for telephone calls placed over the past four (4) years, with corresponding dates when those messages were used;

(2) Any and all training materials used for persons making telemarketing calls in the past four (4) years, with corresponding dates when those training materials were used;

(3) List of all phone numbers to which telephone advertisements were sent within the last four years;

(4) List of all persons or phone numbers who requested to opt-out of receiving telephone calls over the past four years;

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

(5)     Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls on your behalf;

(6)     Any proof Defendants contend shows that they obtained the prior express consent of any recipient of the telephone calls;

(7)     Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls sent by Defendants or on their behalf within the last four years;

(8)      Copies of any and all policies or procedures implemented by Defendants with regard to the transmission of telemarketing phone calls, as well as marketing activities and restrictions;

(9)     Documents related to Defendants' cost for transmitting the telemarketing telephone calls placed by Defendants or on their behalf within the last four years; and

(10)    Demand is made on Defendants to notify any third parties or vendors retained by them to place telephone calls of this preservation demand and request production of any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the Defendants, as follows:

(1)     An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the Plaintiff and his counsel to represent the Class;

(2)     For compensatory damages as alleged herein;

(3)     For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)     For an injunction restraining Defendants from placing any more telephone calls to cellular telephones without prior express consent using equipment meeting the definition of an automatic telephone dialing system;

(5)     For pre-judgment interest from the date of filing this suit;

(6)     For reasonable attorney's fees;

(7)     For all costs of this proceeding; and

(8)     For all general, special, and equitable relief to which the Plaintiff and the members of the class are entitled by law.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

**JURY DEMAND**

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

DATED this 9th day of December, 2013.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By:  /s/Keith S. Dubanevich
          **Keith S. Dubanevich,** OSB No. 975200
          **Jennifer S. Wagner,** OSB No. 024470

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:       kdubanevich@stollberne.com
            jwagner@stollberne.com

     -and-

**John P. Wolff, III** (to be admitted *Pro Hac Vice*)
Email: jwolff@kcslaw.com
**Christopher K. Jones** (to be admitted *Pro Hac Vice*)
Email: cjones@kcwlaw.com
KEOGH, COX & WILSON, LTD
701 Main Street
Baton Rouge, Louisiana 70802
Telephone:    (225) 383-3796
Facsimile:    (225) 343-9612

**Philip Bohrer** (to be admitted *Pro Hac Vice*)
Email: phil@bohrerlaw.com
**Scott E. Brady** (to be admitted *Pro Hac Vice*)
Email:  scott@bohrerlaw.com
BOHRER LAW FIRM, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809

Attorneys for Plaintiffs

{SSBLS Main Documents\8459\001\00429206-1 }
Page 17 – COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE
        RELIEF