# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into as of the last date of any signature below ("Execution Date") by and among the Parties:

(a)     Omaha Steaks, Inc. and Omaha Steaks International, Inc. (collectively, "Omaha Steaks" or "Defendants"), and

(b)     Plaintiff Michael Hetherington, individually and as the representative of the proposed Settlement Class.

## RECITALS

**A.**     Representative Plaintiff Michael Hetherington filed a lawsuit against Defendants under the caption *Hetherington v. Omaha Steaks, Inc. et. al.*, No. 3:13-cv-2152 (D. Or.) (the "Action"). The Action is pending in the United States District Court for the District of Oregon and is assigned to the Honorable Michael H. Simon ("Court"). In the Action, Representative Plaintiff claims, among other things, that Defendants placed calls to cellular telephones in violation of federal law.

**B.**     Defendants deny the material allegations in the Action and deny all liability with respect to the facts and claims alleged in the Action. Specifically, Defendants claim they have rigorous practices and procedures in place to ensure that their calling practices comply with applicable law, and that they would prevail at trial. Nevertheless, without admitting or conceding any liability whatsoever, and while continuing to deny that the claims asserted in the Action would be appropriate for class treatment if prosecuted at trial, Defendants now desire to settle the Action on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing litigation and to put to rest all claims that were, or could have been, brought in the Action or in similar litigation based on the facts alleged in the Action.

**C.**     Class Counsel, as defined below, have analyzed and evaluated the merits of all Parties' contentions, the risks that the Court might not certify a class, and the impact of this Agreement on the members of the Settlement Class, as defined below. Based on that analysis and evaluation, and recognizing the risks of continued litigation and the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the proposed class, Representative Plaintiff and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action on the terms described herein is in the best interests of the proposed Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Agreement, the Parties, for themselves and through their undersigned counsel, agree to the following settlement, subject to Court approval, under the following terms and conditions.

## I.     DEFINITIONS

In addition to the terms defined parenthetically elsewhere in this Agreement, the following definitions apply to this Agreement.

**1.01**    "Claim Payment" means the amount to be paid as follows:

(a)    <u>Core Subclass Members</u>.  All Core Subclass Members as reflected in Defendants' records will be sent, with Class Notice and without need to make a claim, a Seven-Dollar ($7.00) Reward Card.  In addition, Core Subclass Members who submit a timely and valid claim attesting to having received one or more telephone calls from Defendants on their cellular telephones on a telephone number they provide, between and including October 16, 2013, through and including December 17, 2013, without their prior express consent, will have the right to receive a Forty-Dollar ($40.00) Reward Card or Thirty Dollars ($30.00) in cash, at their election, with a pro rata decrease or increase of up to a maximum Eighty-Dollar ($80.00) Reward Card or Sixty Dollars ($60.00) in cash as necessary to stay within the minimum and maximum Settlement Fund amounts after payment of Settlement Administration, Class Notice, notice expert costs, Class Counsel attorneys' fees and costs, the Service Award, and Reward Cards or cash to the Core and Pre-Core Subclass Members, as set forth in Paragraphs 1.01, 2.01, 2.02, and 2.03 below.

(b)    <u>Pre-Core Subclass Members</u>.  Pre-Core Subclass Members who submit a timely and valid claim attesting to having received one or more telephone calls from Defendants on their cellular telephones on a telephone number they provide, between and including December 9, 2009 through and including October 15, 2013, without their prior express consent, will have the right to receive a Twenty-Dollar ($20.00) Reward Card with a pro rata decrease or increase of up to a maximum Thirty-Dollar ($30.00) Reward Card as necessary to stay within the minimum and maximum Settlement Fund amounts after payment of Settlement Administration, Class Notice, notice expert costs, Class Counsel attorneys' fees and costs, the Service Award, and Reward Cards or cash to the Core and Pre-Core Subclass Members, as set forth in Paragraphs 1.01, 2.01, 2.02, and 2.03.

(c)    <u>Dual Core and Pre-Core Subclass Members</u>.  Settlement Class Members who fall within both the Core and Pre-Core Subclasses will have the right to receive only the Claim Payments available to Core Subclass Members.

The total amount payable under this Agreement will be not less than Four Million Five Hundred Thousand Dollars ($4,500,000.00), nor more than Five Million Two Hundred Fifty Thousand Dollars ($5,250,000.00), comprised of cash payments, face value of Reward Cards, attorneys' fees and costs, Class Notice, notice expert costs, Settlement Administration, and the Service Award.

If the total aggregated Claim Payments, together with the payments required under Paragraphs 2.02 and 2.03, exceed Five Million Two Hundred Fifty Thousand Dollars ($5,250,000.00), the Claim Payments to Eligible Claimants (except the Seven Dollar ($7.00) Reward Card) will be reduced pro rata, so total payments under this Agreement do not exceed Five Million Two Hundred Fifty Thousand Dollars ($5,250,000.00).  If the total aggregated Claim Payments,

together with the payments required under Paragraphs 2.02 and 2.03, are less than Four Million Five Hundred Thousand Dollars ($4,500,000.00), the difference will be distributed *cy pres*, subject to Court approval, to Electronic Privacy Information Center so that the total aggregate payments under this Agreement will be no less than Four Million Five Hundred Thousand Dollars ($4,500,000.00).

    **1.02**   "Class Counsel" means John P. Wolff III and Christopher K. Jones of Keogh, Cox & Wilson Ltd.; Philip Bohrer of Bohrer Law Firm, L.L.C.; and Keith S. Dubanevich of Stoll, Stoll, Berne, Lokting, and Shlachter, P.C.

    **1.03**   "Class Notice" means the notice provided to the Settlement Class of the class action status and proposed settlement of the Action.  The Class Notice will include a Settlement Hearing date set by the Court to consider objection, if any, to the settlement and to enter the Settlement Order and Final Judgment.  The Class Notice will be in substantially the form as Exhibits B, C, and D.

    **1.04**   "Core Subclass Members" means Settlement Class Members to whom Defendants placed calls to their cellular telephones through means other than manually dialing each digit of the telephone number during the time period from and including October 16, 2013, through and including December 17, 2013.

    **1.05**   "Distribution Date" means a date ninety (90) calendar days from the date of Final Approval as defined below.

    **1.06**   "Eligible Claimant" means a Settlement Class Member who complies fully with the claims submission requirements set forth in Paragraphs 4.03 and 4.04 below, including the requirements of timely and complete submission.

    **1.07**   "Final Approval" means that all of the following have occurred:

        (a)   The Court has entered the Settlement Order and Final Judgment;

        (b)   The Court has made its final award of attorneys' fees, costs, and Service Award; and

        (c)   Thirty-one (31) calendar days have passed after entry of the Settlement Order and Final Judgment by the Court without any appeals or requests for review of the Court's Settlement Order and Final Judgment being filed, or, if appeals or requests for review have been filed, the time has passed for seeking further review after orders on appeal affirming the Settlement Order and Final Judgment, or review has been denied after exhaustion of all appellate remedies.

    **1.08**   "Parties" means Representative Plaintiff and Defendants.

    **1.09**   "Pre-Core Subclass Members" means Settlement Class Members to whom Defendants placed calls to their cellular telephones through means other than manually dialing

each digit of the telephone number during the time period from and including December 9, 2009, through and including October 15, 2013.

**1.10**    "Preliminary Approval" means the Court has entered an order substantially in the form of <u>Exhibit A</u> to this Agreement, preliminarily approving the terms and conditions of this Agreement, including the manner of providing Class Notice to the Settlement Class.

**1.11**    "Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that arise out of or relate in any way to making calls (including but not limited to calls using an "automatic telephone dialing system," "automatic dialing or announcing device," or an "artificial or prerecorded voice") to any cellular telephone service or number for any purpose (including but not limited to solicitation, or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action.  In addition, with respect to Representative Plaintiff only, "Released Claims" includes all claims arising, or that could arise in the future, out of any conduct or omissions occurring to the date of Preliminary Approval that might be attributable to Defendants.

**1.12**    "Released Parties" means Omaha Steaks, Inc.; Omaha Steaks International, Inc.; OS SalesCo., Inc.; OmahaSteaks.com, Inc.; Omaha Creative Group, Inc., and BT Gift Certificates, Inc., along with their respective affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

**1.13**    "Representative Plaintiff" means the plaintiff in this Action, Michael Hetherington.

**1.14**    "Reward Card" means a code or voucher that may be redeemed for Omaha Steaks products in the amount of the face value stated with or on the code or voucher.  Reward Cards will expire one (1) year after issuance.  Although transferrable, no person or entity may redeem more than two (2) Reward Cards.

**1.15**    "Service Award" means the payment to Representative Plaintiff for his time and effort in connection with this action in an amount approved by the Court.

**1.16**    "Settlement Administration" means the process under the Court's supervision, that includes, but is not limited to, the manner in which the Class Notice, notice expert assistance, and the making of the calculations, payments, and distributions required under this

DWT 28526701v13 0099540-000001

Agreement, are effectuated.  The cost for Settlement Administration is deducted from the Settlement Fund.

      **1.17**   "Settlement Administrator" means Kurtzman Carson Consultants LLC ("KCC"), which will perform Settlement Administration in this case.

      **1.18**   Except as otherwise provided in this Paragraph, "Settlement Class" means:

> All persons and entities to whom Omaha Steaks placed calls to their cellular telephones through means other than manually dialing each digit of the telephone number during the time period from and including December 9, 2009, through and including December 17, 2013.

The Settlement Class includes Core Subclass Members and Pre-Core Subclass Members as defined in Paragraphs 1.04 and 1.09 above.

The Settlement Class does not include Defendants, any entity that has a controlling interest in any Defendant, and Defendants' current or former directors, officers, counsel, and their immediate families.  The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class.

      **1.19**   "Settlement Class Members" means persons and entities meeting the definition of the Settlement Class.

      **1.20**   "Settlement Fund" means an amount not less than Four Million Five Hundred Thousand Dollars ($4,500,000.00) and not more than Five Million Two Hundred Fifty Thousand Dollars ($5,250,000.00) in monetary and non-monetary consideration that Defendants will make available for payments and other relief under this Agreement, as set forth in Paragraphs 2.01, 2.02, and 2.03 below.  Within fourteen (14) days after Preliminary Approval, Defendants will pay Five Hundred Thousand Dollars ($500,000.00) of the Settlement Fund to the Settlement Administrator for placement into a trust account for payment of Settlement Administration, Class Notice, and notice expert fees and expenses.  Defendants will provide other timely funding as needed for Settlement Administration, Class Notice, and notice expert fees and expenses.  Except as specified in this Paragraph, Defendants are not required to place all or any of the cash portion of the Settlement Fund into a separate bank account and will not relinquish control of any funds until payments are due.  Defendants shall not be responsible for any payments or obligations other than those specified in this Agreement.  To the extent the Settlement Order and Final Judgment is not entered or Final Approval does not occur, Defendants will be entitled to a refund of any amounts paid in trust to the Settlement Administrator that have not been spent or incurred toward the costs of Settlement Administration or providing Class Notice.

      **1.21**   "Settlement Hearing" means the hearing to be set by the Court to consider objection, if any, to the settlement and to enter the Settlement Order and Final Judgment.

      **1.22**   "Settlement Order and Final Judgment" means an order and judgment substantially in the form of <u>Exhibit E</u> to this Agreement, entered by the Court approving this Agreement as final and binding on the Parties and Settlement Class Members.

**1.23**    The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

## II.    GENERAL TERMS OF SETTLEMENT

**2.01    Payments to Settlement Class Members.**  Defendants will pay, through the Settlement Administrator, the Claim Payment applicable to each Settlement Class Member entitled to receive such a payment on or before the dates they are due.

**2.02    Settlement Administration.**  Settlement Administration shall occur under the Court's supervision.  The parties will engage KCC as Settlement Administrator to disseminate Class Notice and notices to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715, oversee claims processing, provide an expert opinion on Class Notice sufficiency, and make the calculations, payments, and distributions required under this Agreement.  The costs of Settlement Administration shall be paid from the Settlement Fund.  Defendants will cooperate in the Class Notice and Settlement Administration processes by providing to the Settlement Administrator, where available, the names, mailing addresses, email addresses, and cell phone numbers for the Settlement Class Members, broken out by Core and Pre-Core Subclass Members.  Defendants may, at their sole option and discretion, mail some Class Notice in pre-planned mailers from Defendants.

**2.03    Payment of Attorneys' Fees and Costs, and Service Award.**  No later than sixty (60) calendar days after entry of the Preliminary Approval Order, Class Counsel will apply to the Court for an award of attorneys' fees and costs, and for the Service Award.  If Final Approval occurs, Defendants shall pay from the Settlement Fund to Class Counsel the total amount approved by the Court, in full and complete compensation for attorneys' fees and costs, and the Service Award in the manner and at the time set forth in Paragraph 4.02.

## III.    SETTLEMENT APPROVAL AND CLASS NOTICE

**3.01    Preliminary Approval.**  Within thirty (30) calendar days of the Execution Date of this Agreement, the Representative Plaintiff will move for an order in the form of Exhibit A ("Preliminary Approval Order"), which, among other things, provisionally certifies the Settlement Class for settlement purposes only; appoints Representative Plaintiff as the representative of the Settlement Class; appoints Class Counsel as counsel for the Settlement Class; grants the Court's Preliminary Approval of this Agreement; approves the forms of Class Notice, which will be substantially in the forms of Exhibits B, C, and D; and sets a Settlement Hearing date to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.02    Limited Effect of Settlement Class.**  The certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  If this Agreement terminates or is nullified, the provisional class certification in Exhibit A shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Agreement.  Thereafter, Representative Plaintiff shall be free to pursue any claims available to him, and Defendants shall be free to assert any defenses available to them, including but not limited to, denying the

suitability of this case for class treatment.  Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims and defenses.

 **3.03** **Class Notice.**  The Parties will request that the Preliminary Approval Order direct that, within thirty (30) calendar days of entry of the Preliminary Approval Order, the Settlement Administrator shall provide Class Notice of the provisional class certification and proposed settlement to all Settlement Class Members by email, postcard, and web posting, as set forth below.

 **3.03.01  Email Notice.**  The Settlement Administrator will provide Class Notice substantially in the form of Exhibit B by email to Settlement Class Members' last known email addresses as they appear in Defendants' records.  If an email Class Notice sent to a Settlement Class Member bounces back (as opposed to being returned as undeliverable), the Settlement Administrator will make up to two additional email attempts on days and times chosen by the Settlement Administrator as reasonably likely to achieve delivery.  If the email Class Notice is bounced back on the third attempt, the email Class Notice will be treated as undeliverable, resulting in postcard notice under Paragraph 3.03.02 below.  The email Class Notice will direct recipients to the website referred to in Paragraph 3.03.03 below.  The email Class Notice to the Core Subclass Members shall include a Seven-Dollar ($7.00) Reward Card, as detailed in Paragraph 1.01(a) above.

 **3.03.02  Postcard Notice.**  For Settlement Class Members whose email notices are undeliverable under Paragraph 3.03.01, and for Class Members for whom Defendants have no email address, the Settlement Administrator will provide notice by a postcard sent via United States mail containing text substantially in the form of Exhibit C.  The Settlement Administrator shall re-mail one time any postcard notice returned by the USPS with updated address information.  Defendants shall not be obliged to direct the Settlement Administrator to take any further steps with respect to re-mailing returned postcard notices.  The postcard Class Notice will direct recipients to the website referred to in Paragraph 3.03.03 below.  The Postcard Class Notice to the Core Subclass Members will include a Seven-Dollar ($7.00) Reward Card as detailed in Paragraph 1.01(a) above.

 **3.03.03  Web Posting.**  The Settlement Administrator shall post a downloadable copy of a Class Notice and Claim Form, in the form of Exhibit D, in .pdf format on a website it establishes.  The Internet address of the website shall be included prominently on the email and postcard Class Notices described in Paragraphs 3.03.01 and 3.03.02 above.  The website shall be active and accessible beginning on the date on which the transmittal of Class Notice commences through the Distribution Date.

 **3.03.04  Expert Opinion on Class Notice Sufficiency**.  The Settlement Administrator shall provide an expert opinion affirming the sufficiency of the Class Notice required by Paragraphs 3.03.01 through 3.03.03 above.  Representative Plaintiff will file that expert opinion with the Court in connection with his motion for Preliminary Approval.

 **3.04** **Submission of Exclusion Requests or Objections.**  Representative Plaintiff will request that the Preliminary Approval Order direct that Settlement Class Members be allowed ninety (90) calendar days from the date of entry of the Preliminary Approval Order to request

DWT 28526701v13 0099540-000001

exclusion from the Class or to submit objections to the proposed settlement. The Class Notice described in Paragraph 3.03 above shall direct that exclusion requests, if any, be sent to the Settlement Administrator, which will provide periodic updates on exclusion requests to Defendants' counsel, Davis Wright Tremaine ("DWT"), and Class Counsel. Seven Dollar ($7.00) Reward Cards sent pursuant to Paragraph 1.01(a) above to Class Members who request exclusion will be invalidated. The Class Notice described in Paragraph 3.03 above shall direct that objections, if any, be sent to Class Counsel, who shall file copies with the Court via ECF. Any re-sending of Class Notice shall not extend the time for a Settlement Class Member to request exclusion or submit objections.

**3.05    Termination Based on Exclusion Requests.**  Defendants, in their sole and absolute discretion, may elect to terminate this Agreement if exclusion requests as provided for in the Preliminary Approval Order exceed a number to which Defendants and Representative Plaintiff have agreed. Defendants may terminate under this Paragraph by providing written notice of termination to Class Counsel no later than fourteen (14) calendar days before the Settlement Hearing date set by the Court in the Preliminary Approval Order to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.06    Entry of Final Judgment.**  Representative Plaintiff will request that the Court (a) grant Final Approval and (b) enter judgment in accordance with this Agreement, in the form of <u>Exhibit E</u>, approving the Agreement as fair, reasonable, and adequate, and binding on all Settlement Class Members who have not excluded themselves, ordering that the Claim Payments be paid to Eligible Claimants (as set forth below in Paragraph 4.06), ordering that attorneys' fees and costs, and the Service Award be paid in the amounts approved by the Court, approving the form and manner of Class Notice provided, dismissing the Action with prejudice, and barring Settlement Class Members from bringing claims within the scope of the Released Claims.

**3.07    Reporting.**  Within ninety (90) calendar days of completing the distribution of payments pursuant to Section IV below, Defendants will provide the Court a report verifying their compliance with this Agreement to the date of the report.

## IV.    DISTRIBUTION OF PAYMENTS

**4.01    Responsibility for Distributions.**  The Settlement Administrator will be responsible for making all distributions required under this Agreement. The Settlement Administrator will have authority to make the computations necessary to determine the Claim Payment for each Eligible Claimant, as well as the authority to make all decisions reasonably necessary for the orderly implementation and administration of this Agreement and the distribution of all payments prescribed in this Agreement. The Settlement Administrator shall have no liability for any computation or Settlement Administration decision made in good faith and not inconsistent with the express terms of this Agreement.

**4.02    Distribution of Attorneys' Fees and Costs, and Service Award.**  No later than thirty (30) calendar days after the date of Final Approval, the Settlement Administrator shall distribute from the Settlement Fund attorneys' fees, costs, and the Service Award in an amount approved by the Court by a check or wire transfer (at the Settlement Administrator's option) made payable to Keogh, Cox & Wilson Ltd. Defendants and the Settlement Administrator shall

have no responsibility or liability for any failure of Keogh, Cox & Wilson Ltd. to deliver any share of fees, costs, or the Service Award to the Bohrer Law Firm, L.L.C.; Stoll, Stoll, Berne, Lokting, and Shlachter, P.C.; or any counsel not included in the definition of Class Counsel, but claiming some right to fees as a result of resolution of the Action, or any payment to the Representative Plaintiff. Defendants' obligations with respect to any fees, costs, expenses, or payments to any of Class Counsel (or to any counsel not included in the definition of Class Counsel but claiming some right to fees as a result of resolution of the Action) or to the Representative Plaintiff shall be fully and forever discharged upon their payment to Keogh, Cox & Wilson Ltd. pursuant to this Paragraph. Other than Defendants' obligation to cause payment of the attorneys' fees, costs, and the Service Award in an amount approved by the Court, Defendants shall have no further obligations to Class Counsel, or to any other counsel not included in the definition of Class Counsel but claiming some right to attorneys' fees, costs, and/or expenses, or the Representative Plaintiff.

**4.03    Submission of Claims and Eligibility for Distribution.**  Aside from the Seven-Dollar ($7.00) Reward Card sent to Core Subclass Members, as detailed in Paragraph 1.01(a) above, to be eligible for distribution of any other Claim Payment pursuant to this Agreement, Settlement Class Members must submit a completed Claim Form, substantially in the form attached as the last page of <u>Exhibit D</u>.  Settlement Class Members must submit completed Claim Forms over the Internet or to the address set forth on the Class Notice by a date specified in the Class Notice, which shall be not less than one hundred and twenty (120) calendar days after the date established by the Court for the Settlement Administrator to provide Class Notice as set forth in Paragraph 3.03 above.

**4.04    Determination of Claims.**  The Settlement Administrator may reject or deny any claims that Defendants deem false based on their records.  If a Settlement Class Member's Claim Form is properly completed (including an affirmation under penalty of perjury that the Settlement Class Member satisfies the preconditions to payment), signed and submitted within the specified time, and Defendants do not direct the Settlement Administrator to deny the claim based on alleged falsity (or Defendants' direction is reversed, as set forth below), that Settlement Class Member will be deemed an "Eligible Claimant" entitled to the Claim Payment.

**4.05    Notification to Class Counsel.**  No later than thirty (30) calendar days before the Distribution Date, the Settlement Administrator shall provide Defendants, DWT, and Class Counsel with (i) the names and addresses of Eligible Claimants whose claims have been approved, and the Claim Payment payable to each Eligible Claimant, and (ii) the names and addresses of claimants deemed not eligible and a brief statement of the reason(s) why the claim has been disallowed, including any claim of falsity based on Defendants' records.  The Settlement Administrator may provide this information in such form or media as Defendants and Class Counsel reasonably agree, subject to approval by the Settlement Administrator.  Class Counsel will have the right to review the eligible and ineligible claims.  If Class Counsel does not object in writing to the Settlement Administrator's claims decisions and amounts within ten (10) calendar days after receipt, Class Counsel shall have no further right to object to the Settlement Administrator's list of claims and amounts payable.  Should Class Counsel timely object to the claims decision or computations, Defendants and Class Counsel promptly shall seek to resolve any dispute as to these computations.  If they cannot reach agreement within five (5) calendar days of Defendants' receipt of a timely objection from Class Counsel, the Parties shall

submit their disagreement to the Court or, upon mutual agreement, the Honorable Edward A. Infante (ret.) or another mutually agreeable arbitrator for disposition.

**4.06    Manner of Distribution.**  The Settlement Administrator shall distribute Seven-Dollar ($7.00) Reward Cards to Core Subclass Members with Class Notice as described in Paragraph 1.01(a).  The Settlement Administrator shall make the payments required to Eligible Claimants by Reward Card and (where applicable) by check on or before the Distribution Date. Defendants shall deliver to the Settlement Administrator the amount necessary to pay the total cash component of aggregated Claim Payments after any necessary adjustment pursuant to Paragraph 1.01 no later than seven (7) days before the Distribution Date.  The Settlement Administrator shall have no obligation to re–mail any Reward Card or check returned after a payment in accordance with this Paragraph.  Reward Cards issued pursuant to this Paragraph shall remain valid for one (1) year and shall recite that limitation on the face of the Reward Card. Checks issued pursuant to this Paragraph shall remain valid for one hundred eighty (180) calendar days after issuance and shall recite that limitation on the face of the check.  The value of any Claim Payments remaining uncashed after one hundred eighty (180) calendar days or Reward Cards remaining unredeemed after one (1) year will remain the property of Defendants.

**4.07    Notification to Eligible Claimants.**  At the time of payment by Reward Card and (where applicable) by check, Eligible Claimants will be notified that the Reward Card and (where applicable) check represents their payment under this Agreement.  The determination of the payment amount is final and not subject to challenge by the claimant.

**4.08    Notification to Claimants Deemed Not Eligible.**  At or before the time of payment by Reward Card and (where applicable) by check to Eligible Claimants, the Settlement Administrator will notify claimants deemed not eligible by email or postcard that their claim has been disallowed, together with a brief statement of the reason(s) why the Settlement Administrator disallowed their claim and that the determination of disallowance is final and not subject to challenge by the claimant.

## V.    RELEASES

**5.01    Sole and Exclusive Remedy.**  This settlement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.  Each Settlement Class Member (including anyone claiming by or through him or her) shall be barred from initiating, asserting, or prosecuting the Released Claims.

**5.02    Class Release to Defendants and the Released Parties.**  Effective upon Final Approval, the Representative Plaintiff, for himself and as the representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through the Representative Plaintiff or the Settlement Class Members in any manner, shall have fully, finally, and forever irrevocably released, relinquished, and forever discharged with prejudice all Released Claims against the Released Parties.

**5.03    Individual Releases by Representative Plaintiff.**  Effective upon Final Approval, the Representative Plaintiff, for himself and on behalf of his respective agents,

successors, heirs, assigns, and any other person who can claim by or through them in any manner, shall have fully, finally and forever irrevocably released, relinquished and forever discharged with prejudice all Released Claims against the Released Parties.

**5.04    Effect of Releases.**  With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval, the Representative Plaintiff and Defendants, for themselves and on behalf of their respective agents, successors, heirs, assigns, and any other person who can claim by or through each or any of them, shall expressly waive, and each Settlement Class Member and each Settlement Class Member's respective agents, successors, heirs, assigns, and any other person who can claim by or through each or any of them, in any manner, shall be deemed to have waived, and by operation of the judgment of the Court shall have expressly waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may be applicable.  The Parties agree and acknowledge that this waiver is an essential term of this Agreement.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## VI.    MISCELLANEOUS PROVISIONS

**6.01    Settlement Purpose of Agreement.**  This Agreement is governed by the terms of Federal Rule of Evidence 408 and is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement or its attachments, nor any action taken hereunder shall constitute, be construed as, or be admissible in evidence as, any admission of the validity of any claim, defense or any fact alleged by any of the Parties in the Action or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or admission by any Party of any claim, defense or allegation made in the Action or any other action, nor as an admission by any of Defendants, Representative Plaintiff, or Settlement Class Members of the validity of any fact or defense asserted against them in the Action or any other action.  If the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit E, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Final Judgment is reversed or rendered void, then (a) this Agreement shall be considered null and void, (b) neither this Agreement nor any of the related negotiations shall be of any force or effect, and (c) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.  Invalidation of any portion of this Agreement shall invalidate this Agreement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.  This includes that the provisional certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement.  If this Agreement terminates or is nullified, the provisional class certification in Exhibit A shall be vacated by its terms, and the Action shall revert to the status that existed before the execution of this Agreement.  Upon nullification of this Agreement, Representative Plaintiff shall be free to pursue any claims

available to him, and Defendants shall be free to assert any defenses available to them, including, but not limited to, denying the suitability of this case for class treatment or seeking to require individual arbitration of the claims asserted in the Action. Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims or defenses. In the event the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of Exhibit E, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and Final Judgment is reversed or rendered void, the Parties will negotiate in good faith to address the issues raised by said events, including seeking mediation with the Honorable Edward A. Infante (ret.).

**6.02    Cooperation.** The Parties and their counsel will cooperate fully in the process of seeking settlement approval. Class Counsel warrant and agree they will take all steps necessary to obtain and implement Final Approval of this Agreement, to defend the Settlement Order and Final Judgment through all stages of any appeals that may be taken (regardless of who prosecutes the appeal), to give Released Parties full and final peace from further prosecution of the Released Claims, and to give the Settlement Class Members the benefits they enjoy under this Agreement.

**6.03    Governing Law.** This Agreement is intended to and shall be governed by the laws of the State of Oregon, without regard to its rules regarding conflict of laws.

**6.04    Entire Agreement.** The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, whether oral or in writing, express or implied, and may not be contradicted by evidence of any prior or contemporaneous agreement, subject only to the agreement regarding the number of exclusion requests that permits Defendants to terminate this Agreement at its sole discretion pursuant to Paragraph 3.05 above. Any modification of the Agreement that may adversely affect Settlement Class Members' substantive rights must be in writing and signed by Representative Plaintiff and Defendants; any other modification of the Agreement must be in writing and signed by Class Counsel and DWT.

**6.05    Construction of Agreement.** The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for all Parties. The Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

**6.06    Public Statements.** Neither the Parties nor their counsel shall make any commentary about this Agreement, except in filed settlement approval papers. The Parties and their counsel further agree to refrain from disparaging one another, the practices at issue in the Action, and/or this Agreement. Nothing in this Paragraph will prohibit anyone from discussing documents that are in the public record in this case with Settlement Class Members, objectors, and/or their counsel.

**6.07    Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, successors, and assigns.

DWT 28526701v13 0099540-000001

**6.08    Waiver.**  The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

**6.09    Effectiveness of Agreement; Counterparts.**  This Agreement shall become effective upon the last date of its execution by all of the persons for whom signature spaces have been provided below.  The Parties and their counsel may execute this Agreement in counterparts (any one or all of which may be facsimile or PDF/electronic copies), and execution in counterparts shall have the same force and effect as if all signatories had signed the same document.

**6.10    Use and Retention of Information.**  The list of Eligible Claimants' names, addresses and phone numbers referred to in Paragraph 4.05 of this Agreement, any Claim Forms submitted under Paragraph 4.03 above, and any other documentation containing the names, addresses, or phone numbers of Defendants' customers, may be used by Class Counsel only for purposes of implementing this Agreement.  All such information shall be returned to DWT within thirty (30) calendar days of the Distribution Date.

**6.11    Continuing Jurisdiction.**  The Court shall retain exclusive and continuing jurisdiction over this Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Agreement.  The Court shall have exclusive jurisdiction to resolve any disputes involving this Agreement, subject to the dispute resolution mechanism set forth in Paragraph 4.05.

**6.12    Authority.**  Each individual signing this Agreement represents and warrants that he or she has the authority to sign on behalf of the person or entity for which that individual signs.

**6.13    Assignment; Third Party Beneficiaries.**  None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Settlement Class without the express written consent of the other Parties.  The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and shall not be construed to confer any right or to afford any remedy to any other person.

**6.14    Communications.**  Any communications to the Parties relating to this Agreement shall be sent to all counsel signing this Agreement on behalf of the Parties.

**6.15    Calculation of Time.**  All time listed in this Agreement is in calendar days.  Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

MICHAEL HETHERINGTON

Dated:_____, 2016

By _____
    Michael Hetherington
Individually and as Representative Plaintiff for the
Settlement Class

BOHRER LAW FIRM, L.L.C.
*Attorney for Representative Plaintiff and Proposed
Settlement Class*

Dated: *February 25*, 2016

By: _____
Philip Bohrer (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
Email:    phil@bohrerlaw.com

KEOGH, COX & WILSON, LTD.

Dated:_____ 25_____, 2016

By: _____
John P. Wolff, III (admitted *Pro Hac Vice*)
Christopher K. Jones (admitted *Pro Hac Vice*)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email:    jwolff@keoghcox.com
Email:    cjones@keoghcox.com

STOLL STOLL BERNE LOKTING &
SHLACHTER, P.C.

Dated: *February 25*, 2016

By:_____
Keith S. Dubanevich, OSB No. 975200
Jennifer S. Wagner, OSB No. 024470
STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
209 S.W. Oak Street, Suite 500

Page 14 of 15

DocuSign Envelope ID: BB63CE41-273C-455E-AEFE-791021210950

MICHAEL HETHERINGTON

Dated: _____2/26/2016_____, 2016    By _____
                                          DocuSigned by:
                                          *Michael Hetherington*
                                          ——F4BC6A5E1937404...——
                                          Michael Hetherington
                                          Individually and as Representative Plaintiff for the
                                          Settlement Class


                                     BOHRER LAW FIRM, L.L.C.
                                     *Attorney for Representative Plaintiff and Proposed*
                                     *Settlement Class*

Dated: _____, 2016     By: _____
                                          Philip Bohrer (admitted *Pro Hac Vice*)
                                          BOHRER LAW FIRM, L.L.C.
                                          8712 Jefferson Highway, Suite B
                                          Baton Rouge, Louisiana 70809
                                          Telephone: (225) 925-5297
                                          Facsimile: (225) 231-7000
                                          Email:    phil@bohrerlaw.com


                                     KEOGH, COX & WILSON, LTD.

Dated: _____, 2016     By: _____
                                          John P. Wolff, III (admitted *Pro Hac Vice*)
                                          Christopher K. Jones (admitted *Pro Hac Vice*)
                                          KEOGH, COX & WILSON, LTD.
                                          701 Main Street
                                          Baton Rouge, Louisiana 70802
                                          Telephone: (225) 383-3796
                                          Facsimile: (225) 343-9612
                                          Email:    jwolff@keoghcox.com
                                          Email:    cjones@keoghcox.com


                                     STOLL STOLL BERNE LOKTING &
                                     SHLACHTER P.C.

Dated: _____, 2016     By: _____
                                          Keith S. Dubanevich, OSB No. 975200
                                          Jennifer S. Wagner, OSB No. 024470
                                          STOLL STOLL BERNE LOKTING &
                                          SHLACHTER P.C.
                                          209 S.W. Oak Street, Suite 500

Page 14 of 15

Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:   kdubanevich@stollberne.com
Email:   jwagner@stollberne.com

OMAHA STEAKS, INC.

Dated: *February 25*, 2016

By: _____
(printed name): *David L Hershison*
Its: *Vice President + CFO*

Dated *February 25*, 2016

OMAHA STEAKS INTERNATIONAL, INC.

By: _____
(printed name): *David L Hershison*
Its: *Vice President + CFO*

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendants*

Dated: *February 25*, 2016

By: _____
Kenneth E. Payson, WSBA #26369 (admitted *Pro Hac Vice*)
Jaime Drozd Allen, WSBA #35742 (admitted *Pro Hac Vice*)
James Harlan Corning, WSBA #45177 (admitted *Pro Hac Vice*)
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone: (206) 757-8126
Fax: (206) 757-7126
E-mail: kenpayson@dwt.com
        jaimeallen@dwt.com
        jamescorning@dwt.com

Duane A. Bosworth, OSB #825077
Telephone:  (503) 241-2300
Facsimile: (503) 778-5299
Email:   duanebosworth@dwt.com

Page 15 of 15

# EXHIBIT A

**DUANE A. BOSWORTH, OSB #825077**
duanebosworth@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**KENNETH E. PAYSON, WSB #26369 (*Admitted Pro Hac Vice*)**
kennethpayson@dwt.com
**JAIME DROZD ALLEN, WSB #35742 (*Admitted Pro Hac Vice*)**
jaimeallen@dwt.com
**JAMES CORNING, WSB #45177 (*Admitted Pro Hac Vice*)**
jamescorning@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  (206) 622-3150
Facsimile:  (206) 757-7700

Attorneys for Defendants Omaha Steaks, Inc.
and Omaha Steaks International, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **MICHAEL HETHERINGTON**, individually and on behalf of the class, | Case No. 3:13-cv-2152 |
| **PLAINTIFF**, | CLASS ACTION CASE |
| v. | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **OMAHA STEAKS, INC**. and **OMAHA STEAKS INTERNATIONAL, INC.,** | |
| **DEFENDANTS**. | |

ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 1

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs have filed a Motion for an Order Preliminarily Approving Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.      Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this Action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B.      The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C.      Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.      ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Settlement Hearing described below.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2.      *Class Certification for Settlement Purposes Only*.

(a)      Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes only, conditionally certifies the following Settlement Class:

> All persons and entities to whom Omaha Steaks placed calls to their cellular telephones through means other than manually dialing each digit of the telephone number during the time period from and including December 9, 2009, through and including December 17, 2013.

(b)      In connection with the certification, the Court makes the following preliminary findings:

(1)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

(2)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

(3)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiff named in the caption appear to be typical of the claims being resolved through the proposed settlement;

(4)      The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff appears to be capable of fairly and adequately protecting the interests of the above-described Settlement Class in connection with the proposed settlement and because counsel representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

(5)      The Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The Settlement Class appears to be sufficiently cohesive to warrant settlement by representation.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

(c)    In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

(d)    Plaintiff Michael Hetherington is hereby designated as class representative.

3.    ***Representative Plaintiff***.  For settlement purposes only, the Court hereby appoints Plaintiff Michael Hetherington as Representative Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Mr. Hetherington has and will fairly and adequately protect the interests of the Settlement Class.

4.    ***Class Counsel***.  For settlement purposes only, the Court appoints John P. Wolff II and Christopher K Jones of Keogh, Cox & Wilson Ltd., Philip Bohrer of  Bohrer Law Firm, L.L.C., and Keith S. Dubanevich of Stoll, Stoll, Berne, Lokting, and Shlachter, P.C. as counsel for the Settlement Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

5.    ***Settlement Administrator***.  The Court appoints Kurtzman Carson Consultants LLC as the Settlement Administrator, which shall fulfill the Settlement Administration functions, duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this Order.

6.    ***Settlement Hearing***.  A final approval hearing (the "Settlement Hearing") shall be held before this Court on _____, 2016, at _____ _.m., as set forth in the Class Notice (described in Paragraph 5 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval.  Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees and costs, and for a Service Award to the Representative Plaintiff (the "Fee and Cost Application") shall be filed with the Court according to the schedule set forth in Paragraphs 12 and 13, below.  The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Settlement Class.  After the Settlement Hearing, the Court may enter a Settlement Order and

Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate

the rights of the Settlement Class Members with respect to the claims being settled.

7.      ***Class Notice***.  The Court approves the form and content of the notices

substantially in the forms attached as Exhibits B, C, and D to the Agreement.  Defendants shall

comply with the notice requirements of Paragraph 3.03 of the Agreement.  In compliance with

that Paragraph, beginning no later than thirty (30) days after entry of this Order, Defendants shall

cause notice to be delivered in the manner set forth in the Agreement to all Settlement Class

Members who can be identified with reasonable effort.  Class Notices sent by U.S. Mail or email

shall be substantially in the forms attached as Exhibits B and C to the Agreement, and a notice

substantially in the form attached as Exhibit D to the Agreement shall be posted at a website, the

Internet address for which shall be disclosed in the notices transmitted by U.S. Mail and email.

8.      ***Filing of CAFA Notice.***  Before the Settlement Hearing, Defendants shall file

with the Court proof of their compliance with the notice provisions of the Class Action Fairness

Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.      ***Findings Concerning Class Notice***.  The Court finds that the Class Notice and

the manner of its dissemination described in Paragraph 5 above and Paragraph 3.03 of the

Agreement constitutes the best practicable notice under the circumstances and is reasonably

calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of

this action, the terms of the Agreement, and their right to object to or exclude themselves from

the Settlement Class.  The Court finds that the notice is reasonable, that it constitutes due,

adequate and sufficient notice to all persons entitled to receive notice, and that it meets the

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other

applicable laws.

10.      ***Exclusion from Settlement Class***.  Each Settlement Class Member who wishes to

exclude himself or herself from the Settlement Class and follows the procedures set forth in this

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the Class Notice, to the Settlement Administrator at the address set forth in the Class Notice.  All such written requests must be postmarked by ninety (90) days after entry of this Order.  All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved.  The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

11.     ***Right to Abrogate Agreement.***  In the event more than a previously-agreed number of Settlement Class Members to whom Defendants transmit notice timely exclude themselves from the Settlement Class, Defendants shall have the unilateral right to abrogate the Agreement by written notice of abrogation to Class Counsel in accordance with the procedures set forth in the Agreement.  If Defendants exercise their right to abrogate the Agreement, then all aspects of the Agreement and the settlement underlying it, including but not limited to the provisional certification of the Settlement Class for settlement purposes only, shall be altogether null and void, and no aspect of the Agreement, the settlement, or this Order shall serve as legal precedent or as any basis for legal or factual argument in this or any other case.

12.     ***Claims Procedures***.  The Court approves the claims procedures set forth in the Agreement.  The Court approves the form and content of the Claim Form substantially in the form attached as the last page of Exhibit D to the Agreement.  A properly executed Claim Form must be submitted as required in the Class Notice over the Internet or postmarked not later than one hundred and twenty (120) days after the date on which Defendants commence transmittal of Class Notice.  Such deadline may be further extended by Court Order.  Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no less than thirty (30) days prior to the Distribution Date.  Any Claim Form submitted

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13.    ***Costs of Class Notice and Claims Processing.***    Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and of processing claims, which shall be paid from the Settlement Fund.

14.    ***Objections and Appearances***.

(a)    ***Written Objections***.    Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Expense Application.  Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing to Class Counsel, Attn:  Christopher K. Jones, Keogh, Cox & Wilson Ltd., 701 Main Street, Baton Rouge, Louisiana 70802, postmarked no later than ninety (90) days after entry of this Order.  Class Counsel will file copies with the Court via ECF.  Objecting Settlement Class Members must include their name and address, the name and number of the case, and a statement of the reasons why they (i) believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class or (ii) object to the Fee and Expense Application.  Any objection not timely made in this manner shall be waived and forever barred.

(b)    ***Appearance at Settlement Hearing.***    Any objecting Settlement Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to Class Counsel at the same time that the Settlement Class Member submits the objection and must identify any witnesses and documents that he or she intends to use or submit at the Settlement Hearing.  Class Counsel will inform the Court and Defendants' counsel accordingly.  Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by ninety (90) days from entry of this Order, in accordance with the requirements of this Order, shall not be permitted to object or appear at the

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c)     ***Fees and Cost Application***.  Class Counsel shall file their Fee and Cost Application, together with all supporting documentation, by no later than sixty (60) days from entry of this Order, sufficiently in advance of the expiration of the objection period that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d)     ***Motion for Final Approval and Responses to Objections***.  Representative Plaintiff shall file with the Court his motion for final approval of the Settlement and any responses to objections to the Agreement or the Fee and Cost Application, together with all supporting documentation, within twenty-one (21) days after the deadline for serving objections.

15.     ***Dates of Performance***.  In summary, the dates of performance are as follows:

(a)     Defendants shall send the Class Notice to potential Settlement Class Members on or before _____, 2016, i.e., within thirty (30) days after entry of this Order;

(b)     Representative Class Counsel's Fee and Expense Application, and all supporting materials, shall be filed no later than _____, 2016, i.e., within sixty (60) days after entry of this Order;

(c)     Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by _____, 2016, i.e., within ninety (90) days from the date of this Order;

(d)     All objections to the Agreement or the Fee and Cost Application shall be filed and served by _____, 2016, i.e., within ninety (90) days from entry of this Order;

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 8

(e)    Representative Plaintiff's final approval motion, responses to objections, and all supporting materials, shall be filed by _____, 2016, i.e., within twenty-one (21) days after expiration of the deadline for objections;

(f)    The Settlement Hearing shall be held on _____, 2016, at _____ _.m., [PROPOSED:  at least one hundred twenty-six (126) days after entry of this Order]; and

(g)    Settlement Class Members who desire to submit Claim Forms shall do so by _____, 2016, i.e., one hundred twenty (120) days after commencement of Class Notice (or one hundred and fifty (150) days after this Order).

16.    ***Effect of Failure to Approve the Agreement***.  In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Representative Plaintiff on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)    Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

17.    ***Discretion of Counsel.***  Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

18.    ***Stay of Proceedings Pending Approval of the Settlement.***  All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

19.    ***Injunction Against Asserting Released Claims Pending Settlement Approval.*** Pending final determination of whether the settlement should be approved, Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

20.    ***Reservation of Rights and Retention of Jurisdiction.***  The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.


**IT IS SO ORDERED.**


Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE


*Presented by:*

*Attorneys for Defendants*


By _____
Kenneth E. Payson**,** WSB #26369 (admitted *Pro Hac Vice*)
Jaime Drozd Allen, WSB #35742 (admitted *Pro Hac Vice*)
James Harlan Corning, WSBA #45177 (admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Telephone:  (206) 622-3150; Facsimile: (206) 757-7700
Email:    kenpayson@dwt.com
            jaimeallen@dwt.com
            jamescorning@dwt.com

Duane A. Bosworth**,** OSB #825077
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone:  (503) 241-2300
Facsimile: (503) 778-5299
Email:    duanebosworth@dwt.com


*Attorneys for Representative Plaintiff and the Settlement Class*


By:_____
John P. Wolff, III (admitted *Pro Hac Vice*)
Christopher K. Jones (admitted *Pro Hac Vice*)
KEOGH, COX & WILSON, LTD.

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 11

701 Main Street
Baton Rouge, Louisiana 70802
Telephone:  (225) 383-3796; Facsimile: (225) 343-9612
Email:      jwolff@keoghcox.com
Email:      cjones@keoghcox.com

        -and-

Philip Bohrer (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone:  (225) 925-5297; Facsimile: (225) 231-7000
Email:      phil@bohrerlaw.com

        -and-

Keith S. Dubanevich, OSB No. 975200
Jennifer S. Wagner, OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:  (503) 227-1600; Facsimile: (503) 227-6840
Email:      kdubanevich@stollberne.com
Email:      jwagner@stollberne.com

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 12

# EXHIBIT B

## Email Notice – Settlement Agreement Ex. B

From: [Settlement Administrator email address]
To:    [email address of class member that Omaha Steaks can reasonably locate in its records]

Subject: Settlement of class action against Omaha Steaks – IMPORTANT LEGAL NOTICE

This email notifies you of a proposed settlement of a class action against Omaha Steaks, Inc. and Omaha Steaks International, Inc. ("Defendants") in the case of *Hetherington v. Omaha Steaks, Inc. and Omaha Steaks Int'l, Inc.*, No. 3:13-cv-2152 (United States District Court for the District of Oregon).

**This notice may affect your legal rights.  Please read it carefully.**  This is an official court notice from the United States District Court for the District of Oregon.

**If you received a call from Omaha Steaks on your cellular telephone without consent you could be entitled to benefits under a class action settlement.**

Defendants' records show you may be a member of a proposed settlement class.  The proposed settlement class includes all persons and entities to whom Defendants placed calls to their cellular telephones through means other than manually dialing each digit of the telephone number during the time period from and including December 9, 2009, through and including December 17, 2013, without their prior express consent.

The class has been divided into two subclasses:
1.   Pre-Core Subclass Members: Settlement Class Members to whom those calls, described above, were placed during the time period between and including December 9, 2009, through and including October 15, 2013; and
2.   Core Subclass Members: Settlement Class Members to whom those calls, described above, were placed during the time period between and including October 16, 2013, through and including December 17, 2013.

Plaintiff claims, among other things, that Defendants placed calls to cellular telephones in violation of federal law.  Defendants deny any wrongdoing and believe their calling complied with applicable law.  Defendants have asserted defenses they believe would be successful at trial.  In agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing.

Under the proposed settlement, Defendants have agreed to pay $4,500,000 and up to $5,250,000 (the "Settlement Fund") to resolve the claims in this lawsuit. The Settlement Fund will be used to pay court-approved attorneys' fees and costs, Class Notice, notice expert costs, Settlement Administration, and the Service Award to the Class Representative, as well as make cash payments and Reward Cards available to Settlement Class Members who submit timely and valid Claim Forms.

Defendants will provide a Reward Card or cash payment (as applicable) to each Class Member who submits a valid Claim Form by _____, (an "Eligible Claimant"), which Claim Form meets the requirements for payment, or a Reward Card (as applicable), under any of the categories and pursuant to the limitations below.

•   Core Subclass.  All Core Subclass Members will receive a seven dollar ($7) Reward Card with the mailing of Class Notice.  Core Subclass Members who submit a timely and valid Claim Form attesting to having received one or more telephone calls from Omaha Steaks on their cellular telephones on a telephone number they provide, between and including October 16, 2013, through and including December 17, 2013, without their prior express consent, will have the right to receive a forty-dollar ($40.00) Reward Card or thirty dollars ($30.00) in cash, at their election.  The amount of the payment or Reward Card may have a pro rata decease or increase of up to a maximum eighty-dollar ($80) Reward Card value or sixty-dollar ($60) cash value as necessary to stay within the minimum and maximum Settlement Fund amounts.

•   Pre-Core Subclass.  Pre-Core Subclass Members who submit a timely and valid Claim Form attesting to having received one or more telephone calls from Omaha Steaks on their cellular telephones on a telephone number they provide, between and including December 9, 2009 through and including October 15, 2013, without their prior express consent, will have the right to receive a twenty-dollar ($20.00) Reward Card.  The amount of the Reward Card may have a pro rata decrease or increase of up to a maximum thirty-dollar ($30) value as necessary to stay within the minimum and maximum settlement fund amounts

If you don't want payment or a Reward Card from this settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the Released Claims, then you must exclude yourself from the settlement.  To exclude yourself from this settlement, you must send a written request specifically stating that you request exclusion from the settlement to *Food Call Settlement*. Settlement Administrator, P.O. Box _____, CITY, STATE ZIP, postmarked ***no later than [MONTH & DAY] 201_***.

If you remain in this class, you may object to the settlement by mailing your objection and any supporting papers postmarked by _____ to Class Counsel.  Full details on how to object or exclude yourself can be found at www.foodcallsettlement.com.

The Court will hold a hearing on ***[MONTH & DAY], 201___***, at **XX:XX**, to consider whether to approve the settlement.  The Court will also consider whether to approve attorneys' fees and costs of up to $_____ and a $_____ Service Award to the Class Representative (Michael Hetherington).  You or your lawyer may ask to appear and speak at the hearing at your own expense.  A more detailed Notice, Claim Form, and the Settlement Agreement are available at <u>www.foodcallsettlement.com</u>.  The website also explains the settlement terms in more detail.   You may also call 1-___-___-____ or write to *Food Call Settlement,* Settlement Administrator, P.O. Box ___, CITY, STATE ZIP to request the more detailed Notice and Claim Form.

***TO RECEIVE A PAYMENT OR REWARD CARD (AS APPLICABLE) UNDER THE SETTLEMENT, YOU MUST SUBMIT A CLAIM FORM.  YOU MAY COMPLETE AND SUBMIT A CLAIM FORM ONLINE BY VISITING <u>WWW.FOODCALLSETTLEMENT.COM</u> OR YOU MAY PRINT A COPY OF THE CLAIM FORM AVAILABLE AT <u>WWW.FOODCALLSETTLEMENT.COM</u>, COMPLETE IT, AND MAIL IT TO FOOD CALL SETTLEMENT, SETTLEMENT ADMINISTRATOR, P.O. BOX ___, CITY, STATE ZIP POSTMARKED BY [MONTH & DAY], 201_.***

***[INSERT REWARD CARD AS APPLICABLE WITH UNIQUE IDENTIFIER]***

# EXHIBIT C

LEGAL NOTICE

## **If you received a call from Omaha Steaks on your cell phone you may be entitled to benefits under a class action settlement**.

*This notice may affect your legal rights. Please read it carefully*

This is an official court notice from the United States District Court for the District of Oregon, Hetherington v. Omaha Steaks, Inc. and Omaha Steaks Int'l, Inc., No. 3:13-cv-2152.

**1-___-___-____**

**www.foodcallsettlement.com**



*Food Call Settlement*
Settlement Administrator
P.O. Box _____
CITY, ST ZIP

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

[INSERT REWARD CARD AS APPLICABLE WITH UNIQUE IDENTIFIER]

A proposed settlement has been reached with Omaha Steaks, Inc. and Omaha Steaks International, Inc. ("Defendants") in a class action lawsuit that claims, among other things, that Defendants placed calls without their prior express consent to cellular telephones in violation of federal law. Defendants deny any wrongdoing and believe their calling complied with applicable law. Defendants have agreed to pay $4,500,000 and up to $5,250,000 (the "Settlement Fund") to resolve the claims in this lawsuit.

Defendants' records show you may be included in the Settlement Class which includes all persons and entities to whom Defendants placed calls to their cellular telephones, without their prior express consent, through means other than manually dialing each digit of the telephone number during the time period between and including December 9, 2009, through and including December 17, 2013.

Core Subclass Members (Settlement Class Members to whom calls were placed from October 16, 2013 to December 17, 2013) automatically receive the $7 Reward Card on the front of this notice. Core Subclass Members who submit a timely and valid Claim Form will also be eligible to receive their choice of a $40 Reward Card or a $30 cash payment. Pre-Core Subclass Members (Settlement Class Members to whom calls were placed from December 9, 2009 to October 15, 2013) who submit a timely and valid Claim Form will be eligible to receive a $20 Reward Card.

The value of the Reward Card and cash payment amounts may increase or decrease as necessary to stay within the minimum and maximum Settlement Fund amounts. The maximum Reward Card amount for Core Subclass Members is $80 and the maximum cash payment amount is $60. The maximum Reward Card amount for Pre-Core Subclass Members is $30. All Reward Card and cash payment amounts will be distributed on a *pro rata* (proportional) basis based on the total number of timely and valid claims filed. If you are a member of both subclasses, you are only eligible for the Core Subclass Member benefits.

**How do I get a payment or Reward Card?** Go to www.foodcallsettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms must be submitted or mailed by Month 00, 2016.

**What are my other options?** If you do not want to be legally bound by this settlement, you must exclude yourself by **Month 00, 2016**. Unless you exclude yourself, you will not be able to sue any of the Defendants or other Released Parties for any of the Released Claims. If you do not exclude yourself, you may object and notify the Court that you or your lawyer intends to appear at the Court's hearing. Objections must be postmarked by **Month 00, 2016**. For more information, including a more detailed Notice, Claim Form, and Settlement Agreement go to www.foodcallsettlement.com.

**The Fairness Hearing:** The Court will hold a hearing on [MONTH & DAY], 201__, at XX:XX, to consider whether to approve: (1) the settlement; (2) Class Counsel's request for $_____ (_% of the Settlement Fund) in attorneys' fees and costs; and (3) a $____ Service Award to the Class Representative (Michael Hetherington). If approved, these fees, costs, and award, as well as notice expert costs and the costs of Class Notice and Settlement Administration will be deducted from the Settlement Fund before making payments and distributing Reward Cards (other than those included with notices) to Settlement Class Members. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

# EXHIBIT D

<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON</u>

# If you received a call from Omaha Steaks on your cell phone without consent you could be entitled to benefits under a class action settlement.

*The United States District Court for the District of Oregon authorized this Notice.*
*This is not a solicitation from a lawyer.*

- A proposed settlement of a class action lawsuit relates to allegations that Omaha Steaks and Omaha Steaks Int'l, Inc. ("Defendants") placed calls to cellular telephones in violation of federal law. The case is known as *Hetherington v. Omaha Steaks, Inc. and Omaha Steaks Int'l, Inc.*, No. 3:13-cv-2152 ("Action").

- Defendants deny all allegations of wrongdoing in the lawsuit. Defendants claim they have rigorous practices and procedures in place to ensure that their calling practices comply with applicable law, and that the Action is not well grounded in law or fact. As part of the proposed settlement, Defendants do not admit to any wrongdoing, maintain their compliance with the law, and continue to deny the allegations against them.

- The proposed settlement provides for a Reward Card (redeemable for Defendants' products) automatically to some class members and Reward Cards or payments (as applicable), to each class member submitting a valid Claim Form by _____, (an "Eligible Claimant"). The criteria for a valid Claim Form are described below.

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| <center>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:</center> | |
|---|---|
| **SUBMIT A CLAIM FORM** | Unless you received a Reward Card along with notice of this settlement (applicable to certain class members only), this is the only way to get a payment or Reward Card (as applicable), under the settlement. |
| **EXCLUDE YOURSELF** | Get no payment and no Reward Card (as applicable), under the settlement. This is the only option that allows you to be part of any other lawsuit against Defendants about the legal claims in the case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You can do this only if you don't exclude yourself. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the settlement. You can do this only if you don't exclude yourself. |
| **DO NOTHING** | Unless you received a Reward Card with class notice (applicable to certain class members only) you will receive no payment or Reward Card under the settlement and are giving up your rights to assert any claims about the legal claims in the case against |

**QUESTIONS?  VISIT <u>WWW.FOODCALLSETTLEMENT.COM</u> OR CALL 1-___-___-____**

| | |
|---|---|
| | Defendants or those who may have called on their behalf. |

- This Notice explains these rights and options—**and the deadlines to exercise them**.

- The Court must decide whether to approve the settlement as part of the process described in this Notice.  Payments or Reward Cards (as applicable) will be made if the Court approves the settlement.

<div style="text-align:center">

**WHAT THIS NOTICE CONTAINS**

</div>

## Table of Contents

<div style="text-align:right">

**Page**

</div>

**Basic Information** ........................................................................................................... **4**

    1.    Why did I get a Notice? ................................... 4

    2.    What is the lawsuit about? ................................ 4

    3.    Why is this a class action? .................................. 4

    4.    Why is there a settlement? .................................. 4

**Who Is in the Settlement?** ............................................................................................ **5**

    5.    How do I know if I am part of the settlement? ..................................... 5

    6.    Who is not included in the Class? ................................... 5

    7.    I'm still not sure if I am included ..................................... 5

**The Settlement Benefits—What You Get** ................................................................. **5**

    8.    What does the settlement provide? ..................................... 5

    9.    What can I get from the settlement? ..................................... 6

**How You Get Payment, or a Reward Card (as Applicable)—Submitting a Claim Form** ............................................................................................................................ **6**

    10.    How can I get payment, or a Reward Card (as applicable)? ................................. 6

    11.    When would I get my payment, or a Reward Card (as applicable)? ................... 7

    12.    What am I giving up if I remain in the Class? ..................................... 7

**Excluding Yourself from the Settlement** .................................................................. **8**

<div style="text-align:center">

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL
1-___-___-____**

</div>

13.    How do I get out of the settlement?................................................. 8

14.    What is the effect if I exclude myself from this settlement? ................................ 8

15.    If I don't exclude myself, can I sue Defendants for the same thing later? ............ 8

16.    If I exclude myself, can I get a payment or a Reward Card (as applicable) from this settlement?................................................................. 8

**The Lawyers Representing You** ...................................................................... **9**

17.    Do I have a lawyer in the case? ................................................... 9

18.    How will the lawyers be paid?................................................... 9

**Objecting to the Settlement**........................................................................... **9**

19.    How do I tell the Court if I don't like the settlement?........................... 9

20.    What's the difference between objecting and excluding? .................................. 10

**The Court's Final Hearing** ............................................................................ **10**

21.    When and where will the Court decide whether to approve the settlement?....... 10

22.    Do I have to come to the hearing? ................................................ 10

23.    May I speak at the hearing? ......................................................... 10

**If You Do Nothing** ....................................................................................... **10**

24.    What happens if I do nothing at all? ............................................. 10

**Getting More Information** ............................................................................. **11**

25.    Are there more details about the settlement?..................................... 11

26.    How do I get more information?....................................................... 11

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

# Basic Information

| 1.      Why did I get a Notice? |
|---|

You received an email or a postcard notice by direct mail if Defendants' records show that you are a potential class member, and if their records included the email or mailing address to which the notice was sent.  The email or postcard notice referred you to an informational web site which included this more detailed Notice.

The Court ordered that a Notice be sent to you because you have a right to know about a proposed settlement of the class action against Defendants and about your options, before the Court decides whether to approve the settlement.  If the Court approves it, an administrator appointed by the court will provide the Reward Cards or payments (if applicable) that the settlement allows.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  Please read this Notice carefully.

The United States District Court for the District of Oregon has jurisdiction over this proposed settlement.  The person who sued is called the Plaintiff, and the companies he sued are called the Defendants.

| 2.      What is the lawsuit about? |
|---|

Representative Plaintiff filed a proposed class action lawsuit, the Action, against Defendants.

In the Action, Representative Plaintiff claimed, among other things, that Defendants placed calls to cellular telephones in violation of federal law.  Defendants deny all allegations of wrongdoing and believe their calling complied with applicable law.  Defendants have asserted many defenses they believe would be successful at trial.  In agreeing to settle, Defendants maintain that they complied with the law and do not admit any wrongdoing.

| 3.      Why is this a class action? |
|---|

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims.  In this case, the Class Representative is Michael Hetherington.  One court resolves the issues for all class members, except those who exclude themselves from the Class.  United States District Court Judge for the District of Oregon Michael H. Simon has jurisdiction over the case in which the parties have submitted this settlement for approval.

| 4.      Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and settlement benefits go to the class members.  The Class Representative and his attorneys think the settlement is best for the class members.

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

# Who Is in the Settlement?

To see if you may qualify for a Reward Card or payment (as applicable) from this settlement, you first have to determine whether you are a class member.

| 5. | How do I know if I am part of the settlement? |

Judge Simon has preliminarily decided that everyone who fits this description is a class member:

All persons and entities to whom Omaha Steaks placed calls to their cellular telephones through means other than manually dialing each digit of the telephone number during the time period from and including December 9, 2009, through and including December 17, 2013, without their prior express consent.

The Class has been divided into two subclasses:

1. Pre-Core Subclass Members: Settlement Class Members to whom those calls, described above, were placed during the time period between and including December 9, 2009, through and including October 15, 2013; and
2. Core Subclass Members: Settlement Class Members to whom those calls, described above, were placed during the time period between and including October 16, 2013, through and including December 17, 2013.

| 6. | Who is not included in the Class? |

The Class does *not* include Defendants, any entity that has a controlling interest in Defendants, and Defendants' current or former directors, officers, counsel, and their immediate families.  The Class also does not include any persons who validly request exclusion from the Class.

| 7. | I'm still not sure if I am included. |

If you are still not sure whether you are included, you can visit the settlement website, www.foodcallsettlement.com, for more information, or you can fill out and return the Claim Form described on page [___], in question [10].

## The Settlement Benefits—What You Get

| 8. | What does the settlement provide? |

Defendants have agreed to pay $4,500,000 and up to $5,250,000 (the "Settlement Fund") to resolve the claims in this lawsuit.  The Settlement Fund will be used to pay court-approved attorneys' fees and costs, Class Notice, notice expert costs, Settlement Administration, and the Service Award to the Class Representative, as well as make cash payments and Reward Cards available to Settlement Class Members who submit timely and valid Claim Forms.

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

Defendants will provide a Reward Card or payment (as applicable) to each class member who submits a valid Claim Form by _____, (an "Eligible Claimant"), which Claim Form meets the requirements for payment, or a Reward Card (as applicable), under any of the two categories and pursuant to the limitations described in Question [9] below.

Reward Cards will be provided in the form of a code or voucher that may be redeemed for Defendants' products.  The amount of the Reward Card will be stated with or on the code or voucher.  Reward Cards are transferrable and will expire one year after they are issued. Up to two Reward Cards may be redeemed per person or entity.

If a balance remains in the $4,500,000 Settlement Fund after deducting attorneys' fees and costs, Class Notice, notice expert costs, Settlement Administration, the Service Award to the Class Representative, and making payments and distributing Reward Cards to Settlement Class Members, it will be donated via *cy pres* payment to the Electronic Privacy Information Center.

| 9. | **What can I get from the settlement?** |
|---|---|

If you are a member of the "Core Class," Defendants sent you a seven dollar ($7) Reward Card with your Class Notice.

In addition, Defendants will provide a Reward Card or payment (as applicable) to each class member who submits a valid Claim Form by _____, (an "Eligible Claimant"), which Claim Form meets the requirements for payment under any of the categories below.

- <u>Core Subclass</u>.  All Core Subclass Members will receive a seven dollar ($7) Reward Card with the mailing of Class Notice.  Core Subclass Members who submit a timely and valid Claim Form attesting to having received one or more telephone calls from Omaha Steaks on their cellular telephones on a telephone number they provide, between and including October 16, 2013, through and including December 17, 2013, without their prior express consent, will have the right to receive a forty-dollar ($40.00) Reward Card or Thirty Dollars ($30.00) in cash, at their election.  The amount of the payment or Reward Card may have a pro rata decease or increase of up to a maximum eighty-dollar ($80) Reward Card value or sixty-dollar ($60) cash value as necessary to stay within the minimum and maximum settlement fund amounts.

- <u>Pre-Core Subclass</u>.  Pre-Core Subclass Members who submit a timely and valid Claim Form attesting to having received one or more telephone calls from Omaha Steaks on their cellular telephones on a telephone number they provide, between and including December 9, 2009 through and including October 15, 2013, without their prior express consent, will have the right to receive a twenty-dollar ($20.00) Reward Card.  The amount of the Reward Card may have a pro rata decrease or increase of up to a maximum thirty-dollar ($30) value as necessary to stay within the minimum and maximum settlement fund amounts.

## How You Get Payment, or a Reward Card (as Applicable)—Submitting a Claim Form

| 10. | **How can I get payment, or a Reward Card (as applicable)?** |
|---|---|

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

To qualify for payment, or a Reward Card (as applicable), you must send in a Claim Form. A Claim Form is available on the settlement website. Read the instructions carefully, fill out the Claim Form (answering all questions truthfully), and submit it over the Internet no later than _____, or print out a hard copy of the Claim Form, fill it out (answering all questions truthfully), sign it, and mail it to the Settlement Administrator with a postmark no later than _____.

## 11.    When would I get my payment, or a Reward Card (as applicable)?

The Court will hold a hearing on _____, to decide whether to approve the settlement. If Judge Simon approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for the Claim Forms to be processed. Please be patient.

The proposed settlement contemplates distributing Reward Cards and payments (as applicable) to Eligible Claimants ninety (90) days from the date the settlement becomes final and not subject to appeal.

## 12.    What am I giving up if I remain in the Class?

Unless you exclude yourself, you stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendants about the legal issues in this case. If the settlement is approved and becomes final and not subject to appeal, then you and all class members release all "Released Claims" against all "Released Parties."

"Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that arise out of or relate in any way to making calls (including but not limited to calls using an "automatic telephone dialing system," "automatic dialing or announcing device," or an "artificial or prerecorded voice") to any cellular telephone number for any purpose (including but not limited to solicitation, or informational purposes), that have been, or could have been, brought in the Action, as well as any claims arising out of the same nucleus of operative facts as any of the claims asserted in the Action. In addition, with respect to Representative Plaintiff only, "Released Claims" includes all claims arising, or that could arise in the future, out of any conduct or omissions occurring to the date of Preliminary Approval that might be attributable to Defendants.

"Released Parties" means Omaha Steaks, Inc.; Omaha Steaks International, Inc.; OS SalesCo., Inc.; OmahaSteaks.com, Inc.; Omaha Creative Group, Inc., and BT Gift Certificates, Inc., along with their respective affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents,

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL**
**1-___-___-____**

servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

## Excluding Yourself from the Settlement

If you don't want payment or a Reward Card from this settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the Released Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself and is sometimes referred to as "opting out" of the Class. Defendants may terminate the settlement if a certain number of people exclude themselves from the Class.

### 13.    How do I get out of the settlement?

To exclude yourself from the settlement, you must send a signed letter by mail stating that you "want to opt out of the Food Call Settlement." Please be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, to:

*Food Call Settlement*
Settlement Administrator
P.O. Box ____,
CITY, ST ZIP

You can't exclude yourself on the phone or by fax or email.

### 14.    What is the effect if I exclude myself from this settlement?

If you ask to be excluded, you will not get any payment or a Reward Card from this settlement, and any Reward Card you received will be invalidated. Also you cannot object to the settlement. You will not be legally bound by anything that happens in the Action. You may be able to sue (or continue to sue) Defendants in the future about the legal issues in this case.

### 15.    If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up your right to sue Defendants and the other Released Parties for the claims that this settlement resolves. You must exclude yourself from *this* Class to pursue your own lawsuit. Remember, your exclusion request must be postmarked on or before _____.

### 16.    If I exclude myself, can I get a payment or a Reward Card (as applicable) from this settlement?

No. If you exclude yourself, do not send in a Claim Form to ask for any payment or a Reward Card (as applicable) from this settlement. Any Reward Card you already received will be invalidated. You may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Parties.

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

## The Lawyers Representing You

| 17.      Do I have a lawyer in the case? |
|---|

The Court appointed John P. Wolff III and Christopher K. Jones of Keogh, Cox & Wilson Ltd., Philip Bohrer of Bohrer Law Firm, L.L.C., and Keith S. Dubanevich of Stoll, Stoll, Berne, Lokting, and Shlachter, P.C. to represent the Class.  These lawyers are called Class Counsel.  You will not be charged for these lawyers.  The Court will determine the amount of Class Counsel's fees and costs, which Defendants will pay as part of the settlement.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18.      How will the lawyers be paid? |
|---|

Class Counsel will request from the Court an award of attorneys' fees and costs of up to $_____, and for a $_____ Service Award for the Representative Plaintiff.  Defendants will pay Class Counsel's fees and costs, and the Service Award as awarded by the Court from the Settlement Fund.  *You have the right to object to the requested fees and costs, and Service Award.*  Defendants will also pay the costs to administer the settlement from the Settlement Fund.

Class Counsel will file their papers in support of final approval of the settlement and their application for attorneys' fees and reimbursement of costs, and for the Service Award to the Representative Plaintiff, by no later than _____ and _____, respectively.  These papers will also be posted on the settlement website (www.foodcallsettlement.com).

## Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| 19.      How do I tell the Court if I don't like the settlement? |
|---|

If you are a class member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a signed letter saying you object to the proposed settlement in *Hetherington v. Omaha Steaks, Inc. et. al.*, No. 3:13-cv-2152 (D. Or.).  Be sure to include your name, address, telephone number, a statement indicating that you are a class member, your signature, and the reasons why you object to the settlement.  Your objection and any supporting papers must be postmarked by and mailed to Class Counsel at the following address no later than _____:

<div align="center">
Christopher K. Jones<br>
Keogh, Cox & Wilson Ltd.<br>
701 Main Street<br>
Baton Rouge, Louisiana 70802
</div>

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

| 20. | What's the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## The Court's Final Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 21. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Settlement Hearing at _____ on _____, at the United States District Court, 1000 SW 3rd Ave, Room 1327, Portland, OR 97204. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Simon will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 22. | Do I have to come to the hearing? |
|---|---|

No. Class Counsel will answer questions Judge Simon may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court and talk about it. As long as your written objection is postmarked by _____, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. Finally, you may seek to intervene in the Action, but you don't need to do so.

| 23. | May I speak at the hearing? |
|---|---|

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in "*Hetherington v. Omaha Steaks, Inc. et. al.*, No. 3:13-cv-2152 (D. Or.)." Be sure to include your name, address, telephone number, that you are a class member, a list of any documents you want the Court to consider, the names of any witnesses who you want to testify and your signature. Your Notice of Intention to Appear must be received at the address in Question [19], no later than _____. You cannot speak at the hearing if you exclude yourself.

## If You Do Nothing

| 24. | What happens if I do nothing at all? |
|---|---|

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

If you do nothing, you will not receive a payment or a Reward Card (beyond any Reward Card you may have received with Class Notice). Unless you exclude yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues resolved by this settlement, ever again.

## Getting More Information

| 25. Are there more details about the settlement? |
| --- |

This Notice summarizes the proposed settlement. More details appear in the Settlement Agreement and Release of Claims (the "Agreement"). Copies of the Agreement and the pleadings and other documents relating to the case are on file at the United States District Court District of Oregon and may be examined and copied at any time during regular office hours at the United States District Court, 1000 SW 3rd Ave, Portland, OR 97204. The Settlement Agreement is also available at the settlement website, www.foodcallsettlement.com.

| 26. How do I get more information? |
| --- |

You can visit the settlement website at www.foodcallsettlement.com, where you will find answers to common questions about the settlement, the Claim Form, plus other information, including a copy of the Settlement Agreement. You may also call 1-___-___-____ or write to: *Food Call Settlement*, Settlement Administrator, P.O. Box ____, CITY, ST ZIP. **You should not direct questions to the Court**.

Dated: _____, 2016

By Order of the Court
CLERK OF THE COURT

**QUESTIONS?  VISIT WWW.FOODCALLSETTLEMENT.COM OR CALL 1-___-___-____**

# Settlement Claim Form
# www.foodcallsettlement.com

## Online Claim Form

To receive any relief to which you are entitled, please complete this form online **no later than ____ p.m. on _____ ___, 2016**.  Forms submitted after this deadline will not be accepted.

You may also print a copy of this form, complete the requested information, and return it to (address) no later than (date).  Form that are not postmarked by (date) will not be accepted. Contact Information

First Name: _____
Last Name: _____
Country: _____
Address: _____
City: _____
State: _____
Zip: _____
Claim Control # (on class notice): _____

**By submitting a claim form and seeking payment, you certify the following:**

I received one or more calls from Omaha Steaks ("OS") at the following cellular telephone number(s), without my prior express consent:

_____

**Check the box next to each claim for which you wish to be considered.  By checking any box, you are attesting that the statement that follows it is true.**

IF YOU WISH TO SUBMIT A CLAIM FOR PAYMENT, PLEASE CHECK ONE OF THE FOLLOWING BOXES (see Section 9 of the Class Notice for payment amounts)

[  ] I received one or more telephone calls from OS between and including October 16, 2013, through and including December 17, 2013, at the above listed cellular telephone number(s).

      I elect to receive:

      [  ] Reward Card

      **OR**

      [  ] Cash

[  ] I received one or more telephone calls from OS between and including December 9, 2009, through and including October 15, 2013, at the above listed cellular telephone number(s).

**I swear (or affirm) that the above statements are true and correct to the best of my knowledge under penalty of perjury of the laws of the United States.**

Claimant Name:_____

By typing your name above and submitting your claim form, you are electronically signing your name and attesting to the above information.

# EXHIBIT E

**DUANE A. BOSWORTH, OSB #825077**
duanebosworth@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**KENNETH E. PAYSON, WSB #26369 (*Admitted Pro Hac Vice*)**
kennethpayson@dwt.com
**JAIME DROZD ALLEN, WSB #35742 (*Admitted Pro Hac Vice*)**
jaimeallen@dwt.com
**JAMES CORNING, WSB #45177 (*Admitted Pro Hac Vice*)**
jamescorning@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Telephone:  (206) 622-3150
Facsimile:  (206) 757-7700

Attorneys for Defendants Omaha Steaks, Inc.
and Omaha Steaks International, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT PORTLAND

| | |
|---|---|
| **MICHAEL HETHERINGTON**, individually and on behalf of the class, | Case No. 3:13-cv-2152 |
| **PLAINTIFF**, | CLASS ACTION CASE |
| v. | **[PROPOSED] SETTLEMENT ORDER AND FINAL JUDGMENT** |
| **OMAHA STEAKS, INC**. and **OMAHA STEAKS INTERNATIONAL, INC.**, | |
| **DEFENDANTS**. | |

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1

## SETTLEMENT ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court on Representative Plaintiff's motion for final approval of the proposed class settlement (the "Settlement"). The Court has considered all papers filed and proceedings in this matter and is fully informed regarding the facts surrounding the proposed Settlement. Based upon this information, the Court has determined to approve the proposed Settlement as fair, reasonable and adequate. The Court hereby enters this Settlement Order and Final Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims of the Settlement Class.

On _____, 2016, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiff and Defendants Omaha Steaks, Inc. and Omaha Steaks International, Inc. (collectively, "Defendants"). The proposed Settlement resolves all of the Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Agreement. On _____, 2016, this Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorneys' fees and costs ("Fee Application"), and Service Award to the Representative Plaintiff. The Court heard argument from counsel and others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application.

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Class who appeared at the hearing; Class Counsel's Fee Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

1.    ***Definitions***. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

SETTLEMENT ORDER AND FINAL JUDGMENT - 2

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2.      *Jurisdiction*.  This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Settlement Class.

3.      *Settlement Approval*.  The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class.  The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4.      *Class Certification*.  This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").  Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5.      *Exclusion from Settlement Class*.  Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement.  Exhibit A, attached hereto, lists the Settlement Class Members who timely requested exclusion from the Settlement Class. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.

6.      *Objections Overruled*.  The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

7.      *No Admission*.  Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law.  This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to

SETTLEMENT ORDER AND FINAL JUDGMENT - 3

consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8.    ***Dismissal with Prejudice***.  This Court hereby dismisses with prejudice all claims of members of the Settlement Class against Defendants arising from the placement of telephone calls to any type of telephone line for any purpose, regardless of the theory of recovery or alleged wrongdoing as set forth in the Agreement.

9.    ***Release***.  Representative Plaintiff, for himself and as the representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10.    ***Injunction Against Asserting Released Claims.***  Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11.    ***General Release Acknowledgement***.  By operation of this Final Judgment, the Representative Plaintiff and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California

SETTLEMENT ORDER AND FINAL JUDGMENT - 4

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may

apply.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

12. ***Class Notice***.  The Settlement Administrator completed the delivery of Class

Notice according to the terms of the Agreement.  The Class Notice given by the Settlement

Administrator to the Settlement Class, which set forth the principal terms of the Agreement and

other matters, was the best practicable notice under the circumstances.  The Class Notice

program prescribed by the Agreement was reasonable and provided due and adequate notice of

these proceedings and of the matters set forth therein, including the terms of the Agreement, to

all parties entitled to such notice.  The Class Notice given to the Settlement Class Members

satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of

constitutional due process.  The Class Notice was reasonably calculated under the circumstances

to apprise Settlement Class Members of the pendency of this Action, all material elements of the

Settlement, and their opportunity to exclude themselves from, object to, or comment on the

Settlement and appear at the Settlement Hearing.  The Court has afforded a full opportunity to all

Settlement Class Members to be heard.  Accordingly, the Court determines that all members of

the Settlement Class, except those who timely excluded themselves from the Class, are bound by

this Final Judgment.

13. ***Notifications to Appropriate Federal and State Officials***.  Within ten (10) days

after the filing of the proposed Agreement in this Court, Defendants served a notice of the

proposed Settlement upon the appropriate state official of each State in which a Class member

resides and upon the Attorney General of the United States.  The Court finds that the notice

provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than

ninety (90) days have elapsed since Defendants provided the required notice, as required by 28

U.S.C. § 1715(d).

SETTLEMENT ORDER AND FINAL JUDGMENT - 5

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

14.    ***Continuing Jurisdiction***.  Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, Service Award, and attorneys' fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15.    ***Service Award***.  As an incentive payment in compensation for the time, effort, and risk he undertook as representative of the Settlement Class, the Court hereby awards $_____ to Michael Hetherington.

16.    ***Class Counsel Fee and Cost Award***.  The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and costs advanced.  The Court has concluded that:  (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application.  For these reasons, the Court

SETTLEMENT ORDER AND FINAL JUDGMENT - 6

hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of $_____.  All such fees and costs are in lieu of statutory fees and costs that Representative Plaintiff and/or the Settlement Class might otherwise have been entitled to recover.

17.    ***Payment Timing***.  Defendants shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiff, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.


**IT IS SO ORDERED.**

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

SETTLEMENT ORDER AND FINAL JUDGMENT - 7

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Presented by:*

*Attorneys for Defendants*

By _____
Kenneth E. Payson**,** WSB #26369 (admitted *Pro Hac Vice*)
Jaime Drozd Allen, WSB #35742 (admitted *Pro Hac Vice*)
James Harlan Corning, WSBA #45177 (admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 3rd Avenue, Suite 2200
Seattle, Washington 98101
Telephone:  (206) 622-3150; Facsimile: (206) 757-7700
Email:      kenpayson@dwt.com
            jaimeallen@dwt.com
            jamescorning@dwt.com

Duane A. Bosworth**,** OSB #825077
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201
Telephone:  (503) 241-2300
Facsimile: (503) 778-5299
Email:      duanebosworth@dwt.com

*Attorneys for Plaintiff*

By:_____
John P. Wolff, III (admitted *Pro Hac Vice*)
Christopher K. Jones (admitted *Pro Hac Vice*)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70802
Telephone:  (225) 383-3796; Facsimile: (225) 343-9612
Email:      jwolff@keoghcox.com
Email:      cjones@keoghcox.com

           -and-

Philip Bohrer (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone:  (225) 925-5297; Facsimile: (225) 231-7000
Email:      phil@bohrerlaw.com

           -and-

SETTLEMENT ORDER AND FINAL JUDGMENT - 8

Keith S. Dubanevich, OSB No. 975200
Jennifer S. Wagner, OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:  (503) 227-1600; Facsimile: (503) 227-6840
Email:    kdubanevich@stollberne.com
Email:    jwagner@stollberne.com

SETTLEMENT ORDER AND FINAL JUDGMENT - 9