**Keith S. Dubanevich**, OSB No. 975200
**Jennifer S. Wagner**, OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Philip Bohrer** (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **MICHAEL HETHERINGTON,** | * | CIVIL ACTION NO. 3:13-cv-2152-SI |
| Individually and on Behalf of the Class, | * | |
| | * | |
| Plaintiffs, | * | **CLASS COUNSEL'S MOTION FOR** |
| | * | **AWARD OF ATTORNEYS' FEES,** |
| | * | **REIMBURSEMENT OF COSTS AND** |
| v. | * | **APPROVAL OF SERVICE AWARD** |
| | * | |
| **OMAHA STEAKS, INC., and** | * | |
| **OMAHA STEAKS** | * | |
| **INTERNATIONAL, INC.** | * | **CLASS ACTION ALLEGATION** |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

LR 7-1 CERTIFICATION ........................................................................1

MOTION.............................................................................................1

MEMORANDUM IN SUPPORT.............................................................2

I.   INTRODUCTION ..........................................................................2

II.  PROCEDURAL HISTORY & FACTUAL BACKGROUND..........................3

    o   Substantial Document Production and Electronic
       Discovery ....................................................................4

    o   Discovery Disputes ......................................................4

    o   Depositions ...............................................................5

    o   Expert Retention, Consultation and Discovery.................5

    o   Class Certification.......................................................6

    o   Motion for Stay Pending Outcome of FCC Petitions .........6

    o   Settlement Discussions and Mediation ...........................6

    o   Post-Settlement Developments ......................................6

III. VALUE OF THE SETTLEMENT.......................................................7

    A.   Monetary and Reward Card Benefits..................................7

    B.   Notice Expert and Claims Administration Expenses.........8

IV.  ATTORNEYS' FEES ANALYSIS .....................................................8

    A.   The Fee Request is Fair and Reasonable Under Either
        the Percentage-of-Fund or Lodestar Methods....................9

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

B.    The Percentage-of-Fund Method Supports
      Class Counsel's Request ...................................................................11

      1.   Class Counsel achieved a favorable result ...................................13

      2.   The risk of continued litigation supports
           the requested fee ........................................................................14

      3.   The skill required and the quality of work
           supports the requested fee ..........................................................15

      4.   Class Counsel undertook this case on a
           contingent basis with no guarantee that they
           would ever be paid ......................................................................16

      5.   The requested fee is in line with the fees
           awarded in TCPA class actions ...................................................17

C.    The lodestar method confirms the reasonableness
      of the fee request ..............................................................................18

      1.   Class Counsel's lodestar is reasonable ........................................18

           a.  Class Counsel's Hourly Rates are Reasonable ......................19

           b.  Number of Hours are Reasonable ..........................................21

      2.   Calculation of fee based on lodestar ...........................................21

D.    Class Counsel are entitled to reimbursement
      for their out-of-pocket costs .............................................................25

E.    Service award for the Class Representative
      is reasonable .....................................................................................25

V.   CONCLUSION .........................................................................................29

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

**TABLE OF AUTHORITIES**

*Aboudi v. T-Mobile,*
        2015 WL 4923602 (S.D. Cal. 2015)..............................................................24

*Agne v. Papa John's International, Inc.*
        286 F.R.D. 559 (W.D. Wash. 2012) .............................................................15

*Antonopulos v. N. Am. Thoroughbreds, Inc.,*
        1991 WL 427893 (S.D. Cal. 1991) ...............................................................17

*Atlantic Recording Corp. v. Andersen,*
        2008 WL 2536834 (D. Or. 2008)..................................................................20

*Barjon v. Dalton*,
        132 F.3d 496 (9th Cir 1997 .........................................................................20

*Bellinghausen v. Tractor Supply Company,*
        306 F.R.D. 245 (N.D. Cal. 2015).....................................................27, 28, 29

*Blum v. Stenson,*
        465 U.S. 886 (1984)..................................................................................9, 10

*Boeing Co. v. Van Gemert,*
        444 U.S. 472 (1980)........................................................................11, 12, 26

*Brown v. Consumer Law Assoc., LLC*
        2013 WL 2285368 (E.D. Wash. 2013) ........................................................12

*Camacho v. Bridgeport Fin., Inc.,*
        523 F.3d 973 (9th Cir. 2008).......................................................................20

*Chakejian v. Equifax Info. Servs., LLC,*
        275 F.R.D. 201 (E.D. Pa 2011).....................................................................28

*Couser v. Comenity Bank,*
        125 F. Supp.3d 1034 (S.D. Cal. 2015)..........................................................10

*Gannon v. Network Telephone Servs., Inc.*
        2013 WL 2450199 (C.D. Cal. 2013).............................................................15

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

*Gaudin v. Saxon Mortgage Servs, Inc.,*
   2015 WL 7454183 (N.D. Cal. 2015) ...........................................27, 28, 29

*Gehrich v. Chase Bank USA, N.A.,*
   2016 WL 806549 (N.D. Ill. 2016) ..............................................13

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998)...................................................18

*Hartless v. Clorox Co.,*
   273F.R.D. 630 (S.D. Cal. 2011) ................................................26

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983)...............................................................13

*Hopkins v. Stryker Sales Corp.,*
   2013 WL 496358 (N.D. Cal. 2013) ...........................................23, 24

*In Re: Activision Sec. Litig.,*
   723 F. Supp. 1373 (N.D. Cal. 1989) ..........................................10

*In Re: Bluetooth Headset Prods. Liab. Litig.,*
   654 F.3d. 935 (9th Cir. 2011).............................................9, 11, 18

*In Re: Cabletron, Inc. Securities Litigation*
   239 F.R.D. 30 (D.N.H. 2006) ..................................................10

*In Re: Cathode Ray Tube (CRT) Antitrust Litig.,*
   2016 WL 153265 (N.D. Cal. 2016) ...........................................28

*In Re: Combustion, Inc.,*
   968 F. Supp. 1116 (W.D. La 1997)............................................17

*In Re: HQ Sustainable Maritime Indus., Inc. Derivative Litig.,*
   2013 WL 5421626 (W.D. Wash. 2013).......................................12

*In Re: Heritage Bond Litig.,*
   2005 WL 1594403 (C.D. Cal. 2005)...........................................17

*In Re: Immune Response Sec. Litig.,*
   497 F. Supp. 2d 1166 (S.D. Cal. 2007).......................................25

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

*In Re:  M.D.C. Holdings Sec. Litig.,*
    1990 WL 454747 (S.D. Cal. 1990) ...........................................................12, 17

*In Re:  Media Vision Tech. Sec. Litig.,*
    913 F. Supp. 1362 (N.D. Cal. 1996) ...........................................................25

*In Re: Mego Fin. Corp. Sec. Litig,*
    213 F.3d 454 (9th Cir 2000)........................................................12, 17, 28

*In Re: Mercury Interactive Corp.,*
    618 F.3d 988 (9th Cir 2010).......................................................................9

*In Re: Nuvelo, Inc. Sec. Litig.,*
    2011WL 2650592 (N.D. Cal. 2011 .............................................................12

*In Re: Omnivision Techs, Inc.*
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................9, 12, 13, 14, 16,
    17

*In Re: Wash. Pub. Power Supply Sys. Sec. Litig.,*
    19 F.3d 1291 (9th Cir 1994).................................................................8, 16

*Jones v. Agilysys, Inc.,*
    2014 WL 2090034 (N.D. Cal. 2014) .........................................................26

*Kerr v. Screen Extras Guild, Inc.,*
    526 F.2d 67 (9th Cir. 1975).....................................................................18

*Knight v. Red Door Salons, Inc.,*
    2009 WL 248367 (N.D. Cal. 2009) ...........................................................17

*Kolinek v. Walgreen Co.,*
    31 F.R.D. 483 (N.D. Ill. 2015) ...................................................................13

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir 1998)....................................................................14

*Lo v. Oxnard European Motors, LLC*
    2012 WL 1932283 (S.D. Cal. 2012) ...........................................................17

*Matheson v. T-Bone Restaurant, LLC,*
    2011 WL 6268216 (S.D.N.Y. 2011) ...........................................................28

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

*Moreno v. City of Sacramento,*
    534 F.3d 1106 (9th Cir 2008)........................................................................19

*Officers for Justice v. Civil Serv. Comm'n of City and Cnty.,*
    688 F.2d 615 (9th Cir. 1982)........................................................................14

*Ott v. Mortgage Investors Corp. of Ohio, Inc.*
    2016 WL 54678 (D. Or. 2016)..............................................................8, 20, 24

*Pelletz v. Weyerhaeuser Co.,*
    592 F.Supp.2d 1329 (W.D. Wash. 2009).......................................................26

*RR v. Pettus,*
    113 U.S. 116 (1885)......................................................................................10

*Radcliffe v. Experian Info. Sols. Inc.,*
    715 F.3d 1157 (9th Cir. 2013).....................................................................27

*Roberts v. Interstate Distrib. Co.,*
    242 F. Supp. 2d 850 (D. Or. 2002) ..............................................................20

*Rodriguez v. West Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009).......................................................................26

*Roper v. Consurve, Inc.,*
    578 F.2d 1106 (5th Cir. 1978).....................................................................27

*Rose v. Bank of Am. Corp.,*
    2014 WL 4273358 (N.D. Cal. 2014) ............................................................13

*Six Mexican Workers v. Ariz. Citrus Growers,*
    904 F.2d 1301 (9th Cir 1990)................................................................11, 12

*Sprague v. Ticonic Nat. Bank,*
    307 U.S. 161 (1939)......................................................................................10

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir 2003)..........................................................8, 9, 26, 27

*Steinfeld v. Discover Fin. Servs.,*
    2014 WL 1309352 (N.D. Cal. 2014) ............................................................13

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

*Thieriot v. Celtic Ins. Co.,*
    2011 WL 1522385 (N.D. Cal. 2011) ............................................................12

*Van Gemert v. Boeing Co.,*
    516 F. Supp. 412 (S.D.N.Y. 1981)..............................................................8, 11,12

*Vedachalam v. Tata Consultancy Servs., Ltd.,*
    2013 WL 3929129 (N.D. Cal. 2013) ............................................................28

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir 2002).....................................................................12, 14, 16, 23, 24

## STATUTES

47 U.S.C. §227....................................................................................................throughout

*In Re: Rules & Regs. Implementing the Tel. Consumer*
*Prot. Act. of 1991*
    2015 WL 4387780 (2015)............................................................................14

## SECONDARY SOURCES

Coffee, *Rescuing the Private Attorney General:  Why the*
*Model of Lawyer as Bounty Hunter is not Working,*
    42 Md. L. Rev. 215 (1983)............................................................................10

Coffee, *Understanding the Plaintiff's Attorney:  The Implications*
*Of Economic Theory for Private Enforcement of Law Through*
*and Derivative Actions,*
    86 Col.l. Rev. 669 (1986)............................................................................10

*Court Awarded Attorney Fees, Report of the*
*Third Circuit Task Force,*
    108 F.R.D. 237 (1985) .................................................................................10

*Macey & Miller, the Plaintiffs' Attorney Role in Class Action and*
*Derivative Litigation:  Economic Analysis and Recommendations*
*for reform,*
    58 U.CHI.L.REV. (1991)..............................................................................10

*The Manual for Complex Litigation*
    (4th ed. 2004) ..............................................................................................10, 13, 23

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

U.S. Dist. Court., Dist. of Or., Message from the Court
Regarding Fee Petitions:
www.ord.uscourts.gov/index.php/court-policies/fee-petitions,
     (last updated Feb. 6, 2013) ("Oregon Dist. Ct. Message") ...........................20

Miller, *Attorneys Fees in Class Actions*,
     Federal Judicial Center (1980) ......................................................................10

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

**LR 7-1 CERTIFICATION**

In compliance with Local Rule 7-1(a), the parties, through their respective counsel, conferred by e-mail on April 28, 2016. Defendants Omaha Steaks, Inc. and Omaha Steaks International, Inc. do not oppose this request for attorney fees and costs. However, Defendants oppose the requested service fee award.

**MOTION**

NOW INTO COURT, through undersigned counsel, comes the Class Representative Michael Hetherington and Class Counsel, Philip Bohrer, John P. Wolff, III, Christopher K. Jones and Keith Dubanevich, who hereby move this Honorable Court as follows:

1.

Class Counsel moves this Court to approve an award for attorneys' fee and costs in the amount of $1,415,167.36 for their work in securing this settlement in favor of 1,353,784 class members. Class Counsel respectfully submit that this amount is reasonable and fair given the relief obtained and the work performed.

2.

Class Counsel also seek a service award for the class representative, Michael Hetherington, in the amount of $25,000. Mr. Hetherington has substantially participated in this litigation, and forgone a significant individual recovery, in favor of representing the class members in obtaining the compensation provided by this settlement, none of which would have been possible but for Mr. Hetherington's efforts.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

3.

Class Counsel submit the following memorandum in support of this motion.

## <u>MEMORANDUM IN SUPPORT</u>

The Class Representative, Michael Hetherington, and Class Counsel, Philip Bohrer, John P. Wolff, III, Christopher K. Jones, and Keith S. Dubanevich ("hereinafter "Movers") submit the following Memorandum in Support of their Motion for Award of Attorneys' Fees, Reimbursement of Costs, and Service Award.  To date, no class member or other party has objected to this request or any term of the settlement.  Defendants Omaha Steaks, Inc. and Omaha Steaks International, Inc. ("Omaha Steaks") do not oppose this request for attorneys' fees and costs, but do oppose the requested service fee award.

## I.     INTRODUCTION

On March 3, 2016, this Court granted preliminary approval of the class action settlement between Omaha Steaks (collectively referred to as "Defendant") and the Class.  Dkt. 114.  Pursuant to the Preliminary Approval Order and the Settlement Agreement ("SA") (Dkt. 113-1), Class Counsel is required to petition the Court for an award of attorneys' fees and costs.  The requested fee of $1,312,500.00 is in line with the Ninth Circuit 25% benchmark for attorneys' fees in common fund settlements, is reasonable, and satisfies the requirements for approval. Class Counsel also seek reimbursement of $100,926.70 in litigation costs, which amount is also reasonable.  For these reasons, Mover's motion should be granted.

Although the parties did not enter an agreement whereby Omaha Steaks agreed not to oppose this request, it has chosen not to oppose the request for attorneys' fees and costs.  The fees, service

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

award of $25,000, and costs of $100,926.70, were included in the notice documents.[1]  No class

member has yet objected to these amounts.  This case was actively litigated since the Complaint was

filed on December 9, 2013 (Dkt. 1.), during which time substantial discovery was conducted.

Defendants produced over 20,000 pages of documents, and many more volumes of electronic records

that were exhaustively analyzed and catalogued.  Seven depositions were taken.  Discovery disputes

involving third parties were litigated (Dkt. 67 and 71).  A motion for class certification was filed,

briefed and argued (Dkt. 100), and was pending at the time of settlement. Settlement was only

achieved after prolonged mediation and post-mediation follow-up involving Hon. Edward Infante

(Ret.), an experienced complex litigation mediator.  These efforts fully support the attorney fee and

cost award sought in this motion.

      In addition, Movers seek a service award to compensate the class representative in the

amount of $25,000.  Although the requested award is higher than normal, it is appropriate, as the

class representative chose to protect the interests of the class members, resulting in significant class-

wide relief, to the detriment of his own individual recovery that could have greatly exceeded this

amount.

## II.      PROCEDURAL HISTORY AND FACTUAL BACKGROUND

      Plaintiff Michael Hetherington ("Plaintiff") filed this class action suit on December 9, 2013

against Defendants seeking damages for alleged violations of the Telephone Consumer Protection

Act (TCPA) (47 U.S.C. § 227 *et seq.*).  Plaintiff also sought to enjoin Defendants from future TCPA

violations.  The case involved numerous class certification and liability challenges and a substantial

document production.  After class certification discovery was completed, and the issue of class

---

1 The notice documents included a request for reimbursement of an estimated amount of costs of
$110,000.  The actual amount requested is $100,926.70.

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

certification was fully briefed and argued, the case was briefly stayed in anticipation of a ruling by the Federal Communications Commission (FCC) on issues related to the TCPA.

From the time this suit was filed through the submission of the settlement for preliminary approval, Class Counsel spent considerable time and effort, using their specialized knowledge of the TCPA, to bring this matter to resolution.   Certain aspects and issues presented in this case are noted below:

○    **Substantial Document Production and Electronic Discovery**

After suit was filed the parties immediately commenced discovery.  Before any document production occurred, the parties agreed to an Order addressing e-discovery (Dkt. 32).   Thereafter, over the course of many months, Omaha Steaks produced thousands of documents in electronic format.  Class Counsel spent substantial time meticulously reviewing these documents.

Multiple attorneys, paralegals and lawclerks reviewed, analyzed and catalogued the documents.   The complexity of the electronic document production complicated the document review process.   Timely review of the Defendants' documents was essential to deposition preparation.  To accommodate the substantial discovery conducted by the parties, the Court approved multiple requests for extensions of the discovery deadline (See Dkt. 31 and 43).

○    **Discovery Disputes**

Although neither party filed motions addressing discovery disputes, the parties engaged in extensive discussions regarding discovery deficiencies and conducted multiple Local Rule 7-1 discovery conferences.  Considering the volume of documents produced in the course of discovery, the parties repeatedly disagreed about the document productions, including scope and content.  These disagreements required substantial time to resolve without court intervention.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

○        **Depositions**

Depositions taken in this matter included the corporate deposition of Omaha Steaks on October 7, 2014 in Omaha, Nebraska; the depositions of multiple Omaha Steaks employees on January 7-8, 2015 in Omaha, Nebraska; the deposition of Michael Hetherington on January 14, 2015 in Portland, Oregon; and the deposition of plaintiff's expert witness, Brooks Hilliard, on February 24, 2015 in Phoenix, Arizona.    The volume of documents created an enormous burden when preparing for each deposition.

○        **Expert Retention, Consultation and Discovery**

Class Counsel retained three expert witnesses to address unique and complicated issues. Because of the technology and calling equipment used by the Defendants, these experts were necessary to prove that this technology satisfied the definition of an Automatic Telephone Dialing System (ATDS).  Similarly, given the calling campaigns undertaken by Defendants, the call detail records were voluminous and required expert analysis.

Brooks Hilliard of Business Automation Associates, Inc. was retained to provide his opinions on the capabilities of the Omaha Steaks calling system and computer equipment.  Anya Verkhovskaya of AB. Data, Ltd. was retained to analyze and report on the call records produced by Omaha Steaks, as well as the ability to identify class members from those records.  Lastly, Randall A. Snyder was retained to evaluate and report on whether Omaha Steaks' calling system qualified as an ATDS. Each expert produced a Rule 26 report and disclosure.  Class Counsel spent considerable time working with these experts.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

○    **Class Certification**

At the time of this settlement, the parties had fully briefed plaintiff's Motion for Class Certification (Dkts. 48-56 and 85-87). Oral argument on the motion was held on June 1, 2015. Considering the multiple issues involved, and the volume of documents produced by Omaha Steaks, briefing of the motion took considerable time and effort by multiple attorneys. Likewise, preparation for the oral argument, and presentation of exhibits, required a significant amount of time.

○    **Motion for Stay Pending Outcome of FCC Petitions**

Omaha Steaks filed a Motion to Stay before oral argument on the Motion for Class Certification (Dkt. 89), pending a ruling by the FCC on several petitions under consideration that would have impacted this litigation. Class Counsel opposed this motion (Dkt. 94) and presented oral argument at the class certification on this issue (Dkt. 93).

○    **Settlement Discussions and Mediation**

After oral argument on the Motion for Class Certification, the parties agreed to participate in mediation and jointly moved to stay the case (Dkt. 103). Hon. Edward A. Infante (Ret.) of JAMS San Francisco conducted a full day mediation on September 9, 2015, which was productive, but not successful. Thereafter, the parties continued to negotiate with the assistance of Judge Infante until the preliminary settlement terms were agreed upon on November 12, 2015.

○    **Post-Settlement Developments**

Since the settlement was agreed to in principal on November 12, 2015, Class Counsel spent considerable time finalizing the Settlement Agreement and related documents and facilitating and implementing the claims administration and notice process. Class Counsel retained the services of a notice expert, Daniel Burke of Gilardi & Co., LLC, to ensure the notice plan complied with due

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

process and, in agreement with Defendants, retained Kurtzman Carson Consultants, LLC ("KCC"), to serve as the Settlement Administrator.  Substantial time was involved in finalizing the settlement, notice and claim documents, communicating with KCC and Mr. Burke, and preparing the pleadings to obtain preliminary approval of the settlement.  Class Counsel will continue to expend time and effort through final approval and distribution of the settlement fund.

## III.     VALUE OF THE SETTLEMENT

The settlement provides a common fund with a maximum value of $5.25 million and a minimum value of $4.5 Million.  Class Counsel's fee request of $1,312,500 is 25% of the maximum settlement value, which is fair, reasonable and appropriate under the facts and circumstances set forth herein.

### A.     Monetary and Reward Card Benefits

The class is comprised of two subclasses: a) the Core Subclass (recipients of calls between October 16, 2013 and December 17, 2013); and b) the Pre-Core Subclass (recipients of calls between December 9, 2009 and October 15, 2013).  *See* SA, Dkt. 113-1, at ¶ 1.01.

Every Core Subclass Member will automatically receive a Reward Card in the amount of $7.00, without the need to file a claim or take any affirmative action.  *See* SA, Dkt. 113-1, at ¶¶ 1.01, 2.01, 2.02, & 2.03. The Reward Cards are redeemable for the purchase of any Omaha Steaks product, fully transferable, and valid for a period of one year after issuance. *See* SA at ¶ 1.14. In addition, each Core Subclass Member who files a timely and valid claim shall receive, at each class member's option, either cash in the amount of $30.00, with a pro rata decrease or increase of up to a maximum of $60.00, or a Reward Card of $40.00, with a pro rata decrease or increase of up to a maximum of $80.00.  All Pre-Core Subclass Members who file a timely and valid claim will receive a Reward

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

Card of $20.00, with a pro rata decrease or increase of up to a maximum of $30.00.  *See* SA, Dkt. 113-1, at ¶¶ 1.01, 2.01, 2.02, & 2.03.[2]

The number of participating class members, and the type of award chosen by participating Core Subclass Members, will determine the amount of the cash award allocated to the Core Subclass Members, which amount will not be less than $30.00 or more than $60.00.

### B.        Notice Expert and Claims Administration Expenses

The cost of the Notice Expert and the Court-approved Settlement Administrator will also be paid from the settlement fund.  *See* SA at ¶ 2.02.  These costs are significant and total at least $280,000.[3]

## IV.    ATTORNEYS' FEES ANALYSIS

When counsel's efforts result in the creation of a common fund that benefits plaintiffs and unnamed class members, counsel have an equitable right to be compensated from that fund for their successful efforts in creating the fund. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("lawyer who recovers a common fund…is entitled to a reasonable attorney's fee from the fund as a whole"); *Staton v. Boeing Co*., 327 F.3d 938, 967 (9th Cir. 2003) (quoting *Van Gemert*); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("those who benefit in the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it"); *see also Ott v. Mortgage Investors Corp. of Ohio, Inc.*, 2016 WL 54678 (D.Or. 2016).

In common fund cases, district courts within the Ninth Circuit have discretion to use one of

---

2  The reasons for the two sub-classes, which provide different relief, will be addressed in Movers' Motion for Final Approval of the settlement.

3  See estimate for Kurtzman Carson Consultants, LLC (Court-appointed Settlement Administrator), including cost for Gilardi & Co., LLC (Notice Expert), attached as Exhibit 1. Importantly, these are base estimates and the costs may exceed these amounts.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

two methods to determine whether the request is reasonable: (1) percentage-of-the fund; or (2) lodestar plus a risk multiplier. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Staton*, 327 F.3d 938, 967–68; *see also In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010). "Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result." *In re Bluetooth*, 654 F.3d at 942.

Both the percentage-of-fund and lodestar method support the attorney fee request of $1,312,500.00. The fee request represents 25% of the maximum settlement value. A lodestar cross-check and analysis of the time spent by Class Counsel in this case, and application of a modest 1.25 multiplier, further supports the conclusion that this fee request is reasonable and fair.

A.     **The Fee Request is Fair and Reasonable Under Either the Percentage-of-Fund or Lodestar Methods**

Courts often prefer a percentage-of-the-fund model over a lodestar-multiplier approach in common fund cases where it is possible to ascertain the value of the settlement. *Id.* ("Because the benefit to the class is easily quantified in common fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar."); *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1046 (N.D. Cal. 2008) ("[U]se of the percentage method in common fund cases appears to be dominant."). However, regardless of the method employed to evaluate Class Counsel's fee request, is fair and reasonable.

The Supreme Court has consistently held that the percentage of recovery approach is an appropriate methodology for awarding Plaintiff's Counsel's fees in a common fund case. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984) ("under the 'common fund doctrine,' . . . a

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

reasonable fee is based on a percentage of the fund bestowed on the class"); *Sprague v. Ticonic*, 307 U.S. 161, 164-67 (1939); *Central R.R. & Banking Co.*, 113 U.S. at 123. See also *The Manual of Complex Litigation* § 14.121 (4th ed. 2004) (reporting that "the vast majority of courts of appeals now permit or direct district courts to use the percentage method in common-fund cases").

The common fund method has been preferred to the lodestar method by Courts in this Circuit and throughout the country,[4] as well as legal commentators.[5] In fact, while the United States Supreme Court has approved the percentage method in common fund cases, it never formally adopted the lodestar method in common fund cases. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 773–74 (11th Cir.1991) (*reading Blum v. Stenson*, 465 U.S. 886, 900 n. 16, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), as the Supreme Court's "acknowledgment" of the percentage method in common fund cases).

---

[4] *See e.g. Couser v. Comenity Bank*, 125 F.Supp.3d 1034 (S.D. Cal. 2015); *In re Cabletron, Inc. Securities Litigation*, 239 F.R.D. 30, 37 (D.N.H. 2006) (stating that the percentage method "allows courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure"); *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1378 (N.D.Cal. 1989).

[5] The lodestar method of fee award has been roundly criticized by scholars and repudiated by most commentators. *See e.g., Macey & Miller, the Plaintiffs' Attorney Role in Class Action and Derivative Litigation: Economic Analysis and Recommendations for Reform*, 58 U.CHI.L.REV. 1, 4, 59-61 (1991) (identifying problems associated with applying the lodestar and recognizing the percentage of recovery method as superior); Coffee, *Understanding the Plaintiff's Attorney: The Implications of Economic Theory for Private Enforcement of Law Though Class and Derivative Actions*, 86 Col.l. Rev. 669, 691, 724-25 (1986); Miller, *Attorneys Fees in Class Actions*, (Federal Judicial Center 1980); Coffee, *Rescuing the Private Attorney General: Why the Model of Lawyer as Bounty Hunter is Not Working*, 42 Md. L. Rev. 215 (1983); *Court Awarded Attorney Fees, Report of the Third Circuit Task Force*, 108 F.R.D. 237 (1985) (Lodestar method referred to as a "cumbersome, enervating and often surrealistic process of preparing and evaluating fee Petitions."). Beginning in 1885 with the Supreme Court's decision in *Central RR v. Pettus*, 113 U.S. 116, 127-28 (1885), for over 100 years the overwhelming weight of authority has approved the use of a percentage method in computing fees in common fund cases.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

**B.**          **The Percentage-of-Fund Method Supports Class Counsel's Request**

Class Counsel seek a fee award of $1,312,500.00, which is 25% of the maximum value of the settlement fund. Where there is a claims-made settlement, such as here, the percentage of the fund approach in the Ninth Circuit is based on the total money available to class members, not just the money actually claimed. *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) ("We conclude that the district court abused its discretion by basing the fee on the class members' claims against the fund rather than on a percentage of the entire fund or on the lodestar"); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("[A]ttorneys' fees sought under a common fund theory should be assessed against every class members' share, not just the claiming members."). "Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration. *Zografos v. Qwest Commc'ns Co., LLC*, 2013 WL 3766561, at *2 (D. Or. July 11, 2013), *citing Boeing Co. v. Van Gemert,* 444 U.S. 472, 479, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.")

In this case, the fee requested is a percentage of the maximum fund available to the class members. Class Counsel's request is within the benchmark for fee awards in the Ninth Circuit and the lodestar method confirms the reasonableness of such a request. The Ninth Circuit has established 25% of the common fund as the "benchmark" award for a reasonable fee award. *In re Bluetooth*, 654

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**                    11

F.3d at 942, citing *Six Mexican Workers, Id.*  Costs and expenses are awarded on top of the fee amount.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002).  Class Counsel's requested fee, amounting to $1,312,500.00, is equal to the 25% "benchmark" and is reasonable.

Although 25% is the benchmark percentage, Courts in the Ninth Circuit and elsewhere often award attorneys' fees in excess of the 25% benchmark. *See e.g. In re HQ Sustainable Maritime Indus., Inc. Derivative Litig.*, 2013 WL 5421626, at *3 (W.D. Wash. 2013) (awarding class counsel 30% of the common fund); *Brown v. Consumer Law Assoc., LLC*, 2013 WL 2285368, at *4 (E.D. Wash. 2013) (awarding class counsel's fee request of 30% of the common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of attorneys' fees equal to 33% of the total recovery); *In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747, at *1, *10 (S.D. Cal. 1990) (awarding attorneys' fees equal to 30% of the settlement fund plus expenses); *In re Combustion, Inc.*, 968 F.Supp. 1116, 1131–32 (W.D. La. 1997) (awarding attorneys' fees equal to 36% of the common fund); *Van Gemert v. Boeing Co.*, 516 F.Supp. 412, 420 (S.D.N.Y. 1981) (awarding attorneys' fees of 36% of settlement fund); *Vizcaino*, 290 F.3d at 1050 (affirming an attorney fee award equal to 28% of the settlement fund); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *1 (N.D. Cal. 2011) (approving attorney fee award of 30% of the settlement fund); *Thieriot v. Celtic Ins. Co.*, 2011 WL 1522385, at *6 (N.D. Cal. 2011) (approving attorney fee award of 33.33% of the settlement fund).

Courts consider the following factors to determine the appropriate percentage to apply, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; and (5) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048-1050; *Omnivision*, 559 F. Supp. 2d at 1046. All of these factors support Class Counsel's fee

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

request.

>        **1.        Class Counsel achieved a favorable result.**

In determining the amount of attorneys' fees to award, a court should examine "the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *In re Omnivision*, 559 F. Supp. 2d at 1046 ("The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award."); *The Manual for Complex Litig.* § 21.71 (4th ed. 2004) (the "fundamental focus is on the result actually achieved for class members").

In this settlement, Class Counsel negotiated a significant recovery for the class members. As set forth in the Settlement Agreement, each participating class member in the Core Subclass will have the option to receive either $30-$60 in cash or a Reward Card worth between $60-$80, in addition to the automatic $7 Reward Card.  The Pre-Core Subclass will receive a Reward Card worth between $20-$30.  This is an exceptional recovery, especially for the Pre-Core Subclass Members, who arguably could be unable to recovery anything otherwise.  These recovery amounts are consistent with amounts paid in other TCPA settlements. *See, e.g., Gehrich v. Chase Bank USA , N.A.*, 2016 WL 806549 (N.D. Ill. 2016) (claimants received approximately $52.50 each); *Kolinek v. Walgreen Co.*, 31 F.R.D. 483 (N.D. Ill. 2015) ($30 each); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358 (N.D. Cal. 2014) ($20-$40 each); *Steinfeld v. Discover Fin. Servs.*, 2014 WL 1309352 (N.D. Cal. 2014) (claimants received $46.98 each).

The most significant issues and challenges to recovery, and support for the result obtained, is the legal standard for recovering statutory damages under the TCPA and class certification issues. If the Defendants successfully convinced this Court that individual issues precluded certification, or that plaintiff and the Class as a whole gave "prior express consent" to receive the calls, plaintiff's

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

recovery would be zero.  On the other hand, if Defendants used an ATDS and did not obtain consent from the class members, the exposure for statutory damages ($500 per call) was significant.  This was an all or nothing case.

Further, after the class certification hearing and during settlement negotiations, the FCC issued an order granting a retroactive waiver from October 16, 2013 through October 7, 2015 of the requirement that callers obtain prior written consent for ATDS calls to cell phones.[6]  This may have validated Defendants' calling policies.

Because of such uncertainty of success, courts caution that a proposed settlement "[is] not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators" because "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (citations omitted). Indeed, "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Justice v. Civil Serv. Comm'n of City and Cnty.*, 688 F.2d 615, 625 (9th Cir. 1982). Settlement Class Members will receive the certainty of a cash reward or Reward Card redeemable for Omaha Steaks products.  This is a good result given the myriad issues at play in this case.

### 2.  The risk of continued litigation supports the requested fee.

"The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees." *Omnivision*, 559 F.Supp.2d at 1046-47; *see also Vizcaino*, 290 F.3d at 1048 (risk of dismissal or loss on class

---

[6] *In Re:  Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 2015 WL 4387780 (2015).

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

certification is relevant to evaluation of a requested fee). Plaintiffs faced substantial risk had this case continued through class certification and trial.

This settlement was reached after the issue of class certification was briefed and argued. Although Class Counsel felt strongly about the success of this case on certification, so did Omaha Steaks. Further, the 2015 FCC Order created a variety of issues which could have impacted this case if it proceeded. Courts have either granted or denied certification in TCPA cases depending upon the facts of the case. *Compare Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) (certifying TCPA class) *with Gannon v. Network Telephone Servs., Inc.*, 2015 WL 2013 WL 2450199 (C.D. Cal. 2013) (denying class certification of TCPA class). If Omaha Steaks prevailed on class certification, it would have left only Hetherington's claim, and the Settlement Class Members would have received nothing.

Plaintiffs also faced the possibility that Omaha Steaks could not pay a judgment for all of the phone calls included in this case. Evidence established that Omaha Steaks placed millions of calls during the class period, resulting in a potential judgment exposure amount in excess of $100 million. Simply, the ability to recover such an amount from Defendants was uncertain, but the benefits provided under this settlement are guaranteed.

Lastly, there is a risk of losing a jury trial. And, even if Plaintiffs did prevail at trial, any judgment could be reversed on appeal or delayed many years. By contrast, this settlement provides substantial relief to Settlement Class Members without delay and is within the range of reasonableness, particularly in light of the risks the Settlement Class would face in litigation.

### 3. The skill required and the quality of work supports the requested fee.

The "prosecution and management of a complex national class action requires unique legal

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F.Supp.2d at

1047 (citation omitted). Class Counsel are experienced class action litigators who have successfully

prosecuted complex consumer cases, and who have become particularly skilled and experienced in

litigating TCPA class actions. *See* Declaration of Christopher Jones, attached as Exhibit 2, at ¶¶ 8-11

and Declaration of Philip Bohrer, attached as Exhibit 3, at ¶¶ 8-9. Class Counsel efficiently applied

their skills and experience in this action.

Class Counsel's knowledge and experience in TCPA litigation provided unique qualification

to prosecute this case on behalf of the Settlement Class Members.  In this instance, Omaha Steaks

utilized a sophisticated, home-grown integrated calling system.  Without any TCPA experience, and

prior knowledge of calling systems and call detail records, Class Counsel would have been unable to

successfully litigate this case.  Class Counsel's skill and experience yielded a settlement that

provides real relief to the Settlement Class.

      **4.**        **Class Counsel undertook this case on a contingent basis with no guarantee that they would ever be paid.**

The Ninth Circuit recognizes that the public interest is served by rewarding attorneys who

assume representation on a contingent basis to compensate them for the risk that they might be paid

nothing at all for their work. *In re Wash. Pub. Power*, 19 F.3d at 1299 ("Contingent fees that may far

exceed the market value of the services if rendered on a non-contingent basis are accepted in the

legal profession as a legitimate way of assuring competent representation for plaintiffs who could not

afford to pay on an hourly basis regardless whether they win or lose."); *Vizcaino*, 290 F.3d at 1051

(courts reward successful class counsel in contingency cases "for taking the risk of nonpayment by

paying them a premium over their normal hourly rates").

Class Counsel prosecuted this matter on a purely contingent basis, agreeing to advance all

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

necessary expenses and agreed that they would only receive a fee if there was a recovery. Class Counsel invested considerable time and money prosecuting this action; their out-of-pocket costs total $100,926.70. *See* Jones Decl. ¶¶ 43-46; Bohrer Decl. ¶¶ 36-38; and Declaration of Keith Dubanevich, attached as Exhibit 4, at ¶¶ 25-26. Omaha Steaks aggressively defended this action and only after protracted litigation agreed to this settlement. The outcome of this case was, until then, uncertain.

Class Counsel's "substantial outlay, when there is a risk that that none of it will be recovered, further supports the award of the requested fees" here. *Omnivision*, 559 F. Supp. 2d at 1047.

### 5.    The requested fee is in line with fees awarded in TCPA class actions.

Courts in this circuit routinely award the 25% benchmark in TCPA cases. *See, e.g. Franklin v. Wells Fargo Bank, N.A.*, 2016 WL 402249 (S.D. Cal. 2016). Courts have done so even in TCPA actions that involved significantly less litigation than that involved in these actions. *Lo v. Oxnard European Motors, LLC,* 2012 WL 1932283, at *3 (S.D. Cal. 2012) (awarding 25% fee request where TCPA class action settled two months after commencement of the lawsuit).

In fact, Class Counsel's requested fee award is less than the typical fee often awarded in class actions. *See, e.g., Omnivision*, 559 F. Supp. 2d at 1047 ("in most common fund cases, the award exceeds that [25%] benchmark."); *In re Mego*, 213 F.3d at 457, 463 (9th Cir. 2000) (affirming fee award of 33.33% of common fund); *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. 2009) (awarding 30% fee); *In re Heritage Bond Litig. v. U.S. Trust Co. of Tex., N.A.,* 2005 WL 1594403, at *18–19 (C.D. Cal. 2005) (awarding 33.33% of fund); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, 1991 WL 427893, at *4 (S.D. Cal. 1991) (awarding 33.33% of fund); *In re M.D.C. Holdings Sec. Litig.,* 1990 WL 454747, at *10 (S.D. Cal. 1990) (awarding 30% fee and

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

noting that such a fee was consistent with or less than fees awarded in similar cases).

Under the percentage-of-fund method Class Counsel's fee request of $1,312,500, which equals 25% of the maximum settlement value, is fair, reasonable and fully supported by the evidence presented and should be granted.

### C.    The lodestar method confirms the reasonableness of the fee request.

Performing a lodestar crosscheck further confirms the reasonableness of the fee request. Upon evaluation of the lodestar hours performed by Class Counsel, and the application of a modest multiplier of 1.25, it is clear the fee request of $1,312,500 is reasonable.

The Ninth Circuit has encouraged, but not required, courts to conduct a lodestar crosscheck when assessing the reasonableness of a percentage fee award. *See In re Bluetooth*, 654 F.3d at 944 (stating "we have also encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method" of determining fees). The first step in the lodestar method is to multiply the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1029 (9th Cir. 1998). At that point, "the resulting figure may be adjusted upward or downward to account for several factors including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Id*. (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)); *see also In re Bluetooth*, 654 F.3d at 942. The lodestar-multiplier method confirms the propriety of the requested fee here.

#### 1. Class Counsel's lodestar is reasonable.

Class Counsel devoted over 2,922 hours, including attorney, paralegal and law clerk time, to date, in the investigation, litigation and resolution of this class action case. This results in a

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

$1.379,092.20 lodestar amount, including a modest 1.25 multiplier. *See* Jones Decl. ¶30 & 34; Bohrer Decl. ¶ 28; Dubanevich Decl. ¶ 14 & 17. Class Counsel spent time analyzing factual and legal issues, briefing multiple motions, reviewing and analyzing documents and data, consulting with experts, preparing for, taking, and defending depositions, attending mediation, and working with the claims administrator regarding notice and claims issues. *Id.* Class Counsel estimate they will incur approximately 50-100 additional hours to see this case through to its final resolution. *See* Jones Decl. ¶ 41; Bohrer Decl. ¶ 35. This work will include overseeing the claims process, responding to objections (if any), filing a motion for final approval, and attending the final approval hearing.

The time Class Counsel devoted to this case is reasonable. Omaha Steaks presented significant defenses and was represented by experienced counsel. Class Counsel prosecuted the claims at issue efficiently and effectively, including the use of collaborative analysis on the various complex issues presented during the litigation. In this regard, Class Counsel worked together to pursue this case, and drew from their collective experience in jointly handling TCPA cases for many years. Contemporaneous time records were maintained to document Class Counsel's work on this case, and an effort was made to delete duplicative work. Knowing it was possible they would never be paid for their work, Class Counsel had no incentive to act in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee.").

a.    **Class Counsel's Hourly Rates are Reasonable**

In determining a reasonable rate, the established standard is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

*Ott*, 2016 WL 54678, at *3 (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho*, Id. (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir 1997)). The "relevant community" for this case is Portland, Oregon, where this court sits.

Class Counsel are experienced, highly regarded members of their respective bars with extensive expertise in the area of class actions and complex litigation involving TCPA claims like those at issue here. *See* Jones Decl. ¶¶ 8-11; Bohrer Decl. ¶¶ 8–9; Dubanevich Decl. ¶¶ 5–10. Class Counsel set their rates for attorneys and staff members based on a variety of factors, including, among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. *See* Jones Decl. ¶ 29; Bohrer Decl. ¶ 27; Dubanevich Decl. ¶ 11-13.

As set forth by this Court, the best evidence of the prevailing rate in Portland, Oregon is the periodic Economic Survey conducted by the Oregon State Bar ("OSB"). *Ott,* 2016 WL 54678, at *3; citing *Atlantic Recording Corp. v. Andersen*, 2008 WL 2536834, at *14 (D.Or. June 24, 2008) and *Roberts v. Interstate Distrib. Co.*, 242 F.Supp.2d 850, 857 (D. Or. 2002); *also see* U.S. Dist.  Court, Dist.  of  Or.,  *Message  from  the  Court  Regarding  Fee  Petitions*, https://www.ord.uscourts.gov/index.php/court-info/court-policies/fee-petitions (last updated Feb. 6, 2013) ("Oregon Dist. Ct. *Message*").  In *Ott*, the Court concluded that hourly rates as high as $760 per hour are higher than the prevailing rates in Portland, Oregon, but did not suggest an appropriate rate.

In this regard, Class Counsel has set their hourly rates at between $465-$275 per hour for

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

attorneys, $200 per hour for paralegals, and $100 per hour for law clerks. The prevailing hourly rate in Portland, Oregon for senior complex litigation attorneys is $465 per hour. *See* Dubanevich Decl., at ¶ 11-13. Both Bohrer and Wolff have practiced, like Dubanevich, for almost 32 years, and accept the prevailing hourly rate of $465. The remaining attorneys who worked on the case set hourly rates at amounts less than that. The rates charged for attorneys and staff members working on this matter range from $100.00 to $465.00. Class Counsel's hourly rates are reasonable and appropriate for calculating the lodestar.

### b.    Number of Hours are Reasonable

The number of hours spent by Class Counsel are also reasonable. In total, inclusive of both attorney and staff time, Class Counsel expended 2,922.75 hours to date. Given the volume of documents reviewed, depositions and complex issues, multiple attorneys were required to perform these tasks.

None of the entries in the time records include any clerical or ministerial tasks that should be excluded from this calculation. In addition, the time records are adequately documented with specific descriptions of the work performed in connection with each entry.

### 2.    Calculation of fee based on lodestar.

Class Counsel's lodestar totals are as follows:

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

**Keogh, Cox & Wilson, Ltd.**

| NAME | TYPE | HOURS | RATE | LODESTAR |
|------|------|-------|------|----------|
| John P. Wolff, III | P | 427.55 | $465 | $198,810.75 |
| Christopher K. Jones | P | 914.55 | $375 | $342,956.25 |
| Nancy B. Gilbert | P | 1.50 | $375 | $562.50 |
| Brent J. Cobb | A | 320.70 | $270 | $86,589.00 |
| Mark T. Assad | A | 63.85 | $270 | $17,239.50 |
| Doran L. Drummond | A | 30.25 | $270 | $8,167.50 |
| Chelsea A. Payne | A | 53.00 | $270 | $14,310.00 |
| Lauren M. Porto | PL | 5.30 | $200 | $1,060.00 |
| Caryn L. Schoeffler | PL | 32.50 | $200 | $6,500.00 |
| Deanna H. Lentz | PL | 38.65 | $200 | $7,730.00 |
| Jennifer L. LeGlue | PL | 118.80 | $200 | $23,760.00 |
| Amanda B. O'Guin | PL | 10.35 | $200 | 2,070.00 |
| Terri L. McKinney | PL | 30.95 | $200 | $6,190.00 |
| Lawclerk | LC | 28.50 | $100 | $2,850.00 |
| **TOTAL** | | **265.05** | | **$718,795.50** |

**Bohrer Law Firm, LLC**

| NAME | TYPE | HOURS | RATE | LODESTAR |
|------|------|-------|------|----------|
| Philip Bohrer | P | 674.25 | $465 | $313,526.25 |
| Scott Brady | P | 17.25 | $375 | $6,468.75 |
| Amanda McGowen | A | 10.5 | $270 | $2,835.00 |
| **TOTAL** | | **702.0** | | **$322.830.00** |

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

**Stoll, Stoll, Berne, Lokting & Shlachter, P.C.**

| NAME | TYPE | HOURS | RATE | LODESTAR |
|------|------|-------|------|----------|
| Keith S. Dubanevich | S | 114.45 | $465 | $53,219.25 |
| Tim DeJong | S | 0.50 | $375 | $187.50 |
| Jennifer Wagner | S | 9.15 | $350 | $3,202.50 |
| Josh Ross | S | 0.50 | $350 | $175.00 |
| Nadia Dahab | A | 13.20 | $270 | $3,564.00 |
| Paralegal | PL | **6.5** | $200 | $1,300.00 |
| **TOTAL** | | **144.30** | | **$61,648.25** |

S=Shareholder          P=Partner          A=Associate          PL=Paralegal          LC=Law Clerk

The total lodestar fees for all Class Counsel is $1,103,273.75. Applying a multiplier of approximately 1.25 on the total lodestar incurred to date fully supports the fee request. Such a multiplier is reasonable given the outstanding result Class Counsel have achieved for the Settlement Class, the risks involved in taking the legal claims to trial, the complexity of the case, the continuing obligation that counsel has to devote time and effort to the litigation, and the fact that the litigation precluded counsel from taking other employment. *See The Manual for Complex Litig.* § 14.122, at 221–22 *(4th ed. 2004)*; *see also Vizcaino*, 290 F.3d at 1051 and Appendix (affirming 28% fee award where multiplier equaled 3.65; and citing cases approving multipliers in common fund cases averaging 3.32 and going as high as 19.6) and *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D. Cal. 2013) ("The purpose of this multiplier is to account for the risk Class Counsel assumes when they take on a contingent-fee case."). The multiplier is likely to decrease further given that Class Counsel expects to expend additional hours seeing this case through its final resolution. *See* Jones Decl. ¶ 37-42. In light of the range of multipliers approved by courts within this Circuit, Class

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

Counsel's fee request, reflecting a multiplier of approximately 1.25, is reasonable.

As long as the requested multiplier falls within an acceptable range, the fees sought are reasonable. *Ott*, 2016 WL 54678, at *6; citing *Hopkins*, Id. In determining whether a multiplier is appropriate, courts consider the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ott*, 2016 WL 54678, at *6.

"Multipliers of 1 to 4 are commonly found to be appropriate in complex class action cases." *Ott*, Id.; citing *Hopkins*, Id.; *see also Aboudi v. T-Mobile*, 2015 WL 4923602, at *7 (S.D. Cal. Aug. 18, 2015) (finding 2.24 multiplier reasonable); *Vizcaino*, 290 F.3d at 1050 n.4 (finding that, in approximately 83% of the cases surveyed by the court, the multiplier was between 1.0 and 4.0 with a "bare majority ... 54% ... in the 1.5–3.0 range").

In the *Ott* case, the Court concluded that even if the Class Counsel's lodestar calculation was reduced by 50% to 3.4, it was still well within the range of reasonableness. *Ott*, 2016 WL 54678, at *6. In this request, the proposed lodestar multiplier is approximately 1.25, and thus is well within the reasonable range. Likewise, like in *Ott*, because the 25% sought by Class Counsel is presumptively at the reasonable "benchmark in the Ninth Circuit, the amount of attorney fees requested by Class Counsel is not unreasonable and should be approved. The same is true here, where the requested fee amount of $1,312,500.00 represents a lodestar crosscheck with only a 1.25 multiplier.

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**                                24

**D.      Class Counsel are entitled to reimbursement for their out-of-pocket costs.**

"Reasonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). Class Counsel incurred out-of-pocket costs totaling $102,667.36, primarily to cover expenses related to filing fees, deposition costs including transcripts, investigation expenses, travel, expert retention, delivery costs of various documents, mediation fees, and administrative costs. *See* Jones Decl. ¶ 43-46; Bohrer Decl. ¶ 36-38; Dubanevich Decl. ¶ 25-26. Class Counsel advanced these out-of-pocket costs without assurance that they would ever be repaid. *Id.* These out-of-pocket costs were necessary to secure the resolution of this litigation, and should be recouped. *See In re Immune Response Sec. Litig.*, 497 F.Supp.2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in class action litigation).

**E.      Service award for the Class Representative is reasonable.**

In this instance, Class Counsel requests the award of $25,000 to the class representative, Michael Hetherington.  While this amount appears higher than normal, the unique circumstances here justify the approval of a higher award.  In particular, as set forth in the Motion for Class Certification, Hetherington personally received 86 phone calls during the class period,[7] which would amount to a statutory damage award of between $43,000 ($500 per call) and $129,000 ($1,500 per call).  Hetherington chose to forego this individual claim to the benefit of the class.

---

[7]  *See* Phone Number Analysis, attached as Exhibit 20 to Memorandum in Support of Motion for Class Certification, Dkt. # 54-20.

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

Service awards (sometimes called "incentive" awards) compensate named plaintiffs for work done on behalf of the Settlement Class in an attempt to account for financial or reputational risks associated with litigation, and promote the public policy of encouraging individual plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions."); *Pelletz*, 592 F.Supp.2d at 1329 ("The trial court has discretion to award incentives to the class representatives."). In reviewing whether an incentive award is appropriate, the court should take in account "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, … [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Jones v. Agilysys, Inc.*, Case No: C 12- 03516 SBA, 2014 WL 2090034, at *3 (N.D. Cal. May 19, 2014) (quoting *Staton v. Boeing Co.*, 327 F.3d 928, 977 (9th Cir. 2003)) (ellipses and internal marks in original).

Here, Class Counsel move the Court to award a service payment to the Class Representative in the amount of $25,000. This award will compensate the Class Representative for his time and effort in stepping forward to serve as a proposed class representative, assisting in the investigation, keeping abreast of the litigation, being deposed, and meeting and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, settlement efforts, and settlement terms. The requested $25,000 award is reasonable under the circumstances, and in line with awards approved by federal courts in the Pacific Northwest and elsewhere. *See, e.g., Pelletz*, 592 F.Supp.2d at 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class Counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

ranging from $5,000 to $40,000).

The Court must "scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). The chief concern with incentive awards is the "danger of individuals bringing cases as class actions principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations." *Staton*, 327 F.3d at 976. *See In re Online DVD-Rental*, 779 F.3d at 943 (critical inquiry on incentive payments is "'whether the plaintiffs maintain a sufficient interest in, and nexus with, the class so as to ensure vigorous representation'"; quoting *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1112 (5th Cir. 1978)). None of the obvious problems identified by the Ninth Circuit are present: the Settlement Agreement does not condition the incentive award on Hetherington's support, nor has Class Counsel contracted to seek any particular incentive award for Hetherington.

In this instance, the proposed service award is less than what Hetherington could have recovered individually. This alone justifies a higher service award. See *Bellinghausen v. Tractor Supply Company*, 306 F.R.D. 245, 267 (N.D. Cal. 2015) (awarding $15,000 where class representative "repeatedly put the class members' interest on par with—or even above—his own [by, e.g., rejecting individual settlement offer] that would have exceeded $20,000, and instead proceeded with this action to obtain compensation for the entire class"). *See also Gaudin v. Saxon Mortgage Servs., Inc.*, No. 11-01663, 2015 WL 7454183, *10 (N.D. Cal. Nov. 23, 2015) (approving $15,000 servcie award where "Defendant offered Plaintiff a loan modification in exchange for dropping her case, [and] Plaintiff rejected that offer 'based on her commitment to serving as class representative'").

**CLASS COUNSEL'S MOTION FOR**
**AWARD OF ATTORNEYS' FEES,**
**REIMBURSEMENT OF COSTS AND**
**APPROVAL OF SERVICE AWARDS**

Further, courts analyze the service award as a percentage of the common fund, and scrutinize (or reject outright) service awards that equal or exceed one or two percent. *See Bellinghausen*, 306 F.R.D. at 267. Conversely, this Court readily approves larger service awards where they "constitute a very small percentage of the class's total recovery." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 153265, at *3 (N.D. Cal. 2016) (approving ten service awards totaling $250,000, which constituted only 0.196 percent of the settlement fund). Here, Hetherington requests an service award that is only 0.476 percent of the $5.25 million common fund. *Cf. Gaudin*, 2015 WL 7454183, at *10 (approving $15,000 service award from $4.5 million common fund); *Bellinghausen*, 306 F.R.D. at 267 (approving $15,000 service award on $1 million common fund). *See also Mego*, 213 F.3d at 457, 463 (approving service award of roughly 0.28 percent of fund). Although Class Counsel concede that a $25,000 service award is outside the default range, the requested award is supported by many prior cases allowing for an enhanced award when warranted. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 WL 153265, at *3 (listing cases approving service awards of $120,000, $80,000, $50,000, $26,000, and $25,000, as well as $10,000, and $4,000); *Vedachalam v. Tata Consultancy Servs., Ltd*, 2013 WL 3929129, at *2 (N.D. Cal. 2013) (service awards of $35,000 and $25,000).

Hetherington could have recovered much more individually than he seeks now.  The Court should reward Hetherington's fidelity to the class. Courts "have not hesitated to assure that those undertaking class litigation are not penalized for placing a class's interest above their own." *Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 220 (E.D. Pa. 2011) (approving $15,000 award where class representatives had "foregone their right to bring suit for actual damages"). In *Matheson v. T-Bone Restaurant, LLC*, No. 09-4214, 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011),

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

the court approved a $45,000 service award where the class plaintiff "rejected individual settlement offers of far greater sums than he stood to recover on his own claims in order to obtain a recovery for other [class members]." *Id*. at *9; *see also Gaudin*, 2015 WL 7454183, at *10 ($15,000 service award where class representative rejected individual settlement offer for more); *Bellinghausen*, 306 F.R.D. at 267 (same).  Under these circumstances, an award of $25,000 to the class representative is appropriate.

## V.       CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court grant this motion and award (1) Class Counsel an amount of $1,312,500 in attorneys' fees; (2) $102,667.36 in costs; and (3) a service award of $25,000 to Plaintiff Michael Hetherington to be paid from the common fund.

RESPECTFULLY SUBMITTED:

BY:  __s/ Christopher K. Jones_____
**John P. Wolff, III** (admitted *Pro Hac Vice*)
**Christopher K. Jones** (admitted *Pro Hac Vice*)
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@keoghcox.com
Email: cjones@keoghcox.com

-and-

**Philip Bohrer** (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
Email: phil@bohrerlaw.com

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**

-and-

**Keith S. Dubanevich**, OSB No. 975200
**Jennifer S. Wagner**, OSB No. 024470
STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email:  kdubanevich@stollberne.com
Email:  jwagner@stollberne.com

**Attorneys for Plaintiff**

**CLASS COUNSEL'S MOTION FOR
AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
APPROVAL OF SERVICE AWARDS**