**Keith S. Dubanevich**, OSB No. 975200
**Jennifer S. Wagner**, OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Philip Bohrer** (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| **MICHAEL HETHERINGTON**, Individually and on Behalf of the Class, | * * * | CIVIL ACTION NO. 3:13-cv-2152-SI |
| Plaintiffs, | * * | **DECLARATION OF CHRISTOPHER K. JONES IN** |
| v. | * * | **SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS'** |
| **OMAHA STEAKS, INC., and OMAHA STEAKS INTERNATIONAL, INC.** | * * * | **FEES, REIMBURSEMENT OF COSTS AND SERVICE AWARD** |
| Defendants. | * * | **CLASS ACTION ALLEGATION** |

**************************************************************************

DECLARATION OF CHRISTOPHER K. JONES

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

I, CHRISTOPHER K. JONES, declare under penalty of perjury and in accordance with the

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 1 of 13

1

laws of the State of Louisiana and the United States that:

1.      I am a member of the firm of Keogh, Cox & Wilson, Ltd. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2.      My firm is counsel of record for the Plaintiff and the Class Members.

3.      My curriculum vitae is attached as Exhibit A. The curriculum vitae for John P. Wolff, III is attached as Exhibit B.

## I.      INTRODUCTION

4.      Christopher K. Jones and John P. Wolff, III, along with the law firm of Keogh, Cox & Wilson, Ltd. ("KCW"), have been primarily responsible for the prosecution of this Action and for the negotiation of the settlement. From the outset of this suit, Keogh, Cox & Wilson worked with co-Class Counsel, Philip Bohrer of Bohrer Law Firm, LLC ("BLF"), and Keith S. Dubanevich of Stoll, Stoll, Berne, Lokting, and Shlachter, P.C. ("SSBLS"), who served as local counsel (jointly "Class Counsel"), to achieve the successful resolution of this action.

5.      On March 3, 2016, the Court preliminarily approved the parties' Settlement Agreement and appointed KCW, BLF, and SSBLS as co-Class Counsel for the Settlement Class.

6.      Class Counsel, having, *inter alia*, investigated and conducted discovery concerning the allegations in the complaints and conducted extensive analysis of the facts, law and damages, were in an excellent position to fully evaluate both the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses.

7.      The Settlement is the direct result of the highly skilled and innovative efforts of Class

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 2 of 13

Counsel on behalf of Plaintiffs and the Class Members.

## II.  QUALIFICATIONS AND EXPERIENCE

8.     KCW is a law firm in Baton Rouge, Louisiana that focuses on complex civil and commercial litigation. The attorneys of KCW involved in this case have extensive experience in class actions and other complex matters. Both myself and John P. Wolff, III have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level, in both TCPA and non-TCPA cases.

9.     I received a B.S. from Tulane University in 1999. In 2002, I received my J.D. from the Louisiana State University, Paul M. Hebert Law Center.

10.     I am actively involved in several professional organizations and activities. I currently serve as the President of the Board of Directors for the Baton Rouge Chapter of the Federal Bar Association, as well as a member of the Board of Directors for the Baton Rouge Bar Association.

11.     As reflected in my CV (Exhibit A), I have actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act over the course of many years in Louisiana and throughout the country.

## II.  HISTORY OF THE LITIGATION

### A.     Complaint

12.     This Complaint was filed against Defendants Omaha Steaks, Inc. and Omaha Steaks International, Inc. (collectively "Defendants" or "Omaha Steaks") on December 9, 2013 and sought to certify a nationwide class of recipients of unsolicited telemarketing calls.

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 3 of 13

**B.    Substantial Document Production and Electronic Discovery**

13.    After suit was filed the parties immediately commenced discovery.  Before any document productions occurred, the parties agreed to an Order addressing e-discovery.  Thereafter, over the course of many months, Omaha Steaks produced thousands of documents in electronic format.  Class Counsel then spent substantial time meticulously reviewing these documents.

14.    The review of these documents, which was essential to class certification and liability, consumed a considerable amount of time and resources.  Multiple attorneys, paralegals and law clerks reviewed, analyzed and catalogued the documents.  The complexity of the electronic document production complicated the document review process.  Timely review of the defendants' documents was essential to deposition preparation.  To accommodate the substantial discovery conducted by the parties, the Court approved multiple requests for extensions of the discovery deadline.

**C.    Discovery Disputes**

15.    Although neither party filed motions addressing unresolved discovery disputes, the parties engaged in extensive discussions regarding discovery deficiencies and conducted multiple Local Rule 7-1 discovery conferences.  Considering the volume of documents produced in the course of discovery, the parties repeatedly disagreed about the document productions, including scope and content.  These disagreements required substantial time to resolve without court intervention.

**D.    Depositions**

16.    Depositions taken in this matter included the corporate deposition of Omaha Steaks on October 7, 2014 in Omaha, Nebraska; the depositions of multiple Omaha Steaks employees on

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 4 of 13

January 7-8, 2015 in Omaha, Nebraska; the deposition of Michael Hetherington on January 14, 2015 in Portland, Oregon; and the deposition of plaintiff's expert witness, Brooks Hilliard, on February 24, 2015 in Phoenix, Arizona.

17.    The volume of documents created an enormous burden when preparing for each deposition.

### E.    Expert Retention, Consultation and Discovery

18.    Class Counsel retained and consulted with three expert witnesses.  Because of the technology of the calling equipment used by Defendants, these experts were necessary to prove that Defendants' calling system satisfied the definition of an Automatic Telephone Dialing System (ATDS).  Similarly, given the calling campaigns undertaken by Defendants, the call detail records were voluminous and required expert analysis.

19.    Brooks Hilliard of Business Automation Associates, Inc. was retained to provide his opinions on the capabilities of the Omaha Steaks calling system and computer equipment.  Anya Verkhovskaya of AB. Data, Ltd. was retained to analyze and report on the call records produced by Omaha Steaks, as well as the ability to identify class members from those records.  Lastly, Randall A. Snyder was retained to evaluate and report on whether Omaha Steaks' calling system qualified as an ATDS.  Each expert produced a Rule 26 report and disclosure.  Class Counsel spent considerable time working with these experts.

### F.    Class Certification

20.    At the time of this settlement, the parties had fully briefed Plaintiff's Motion for Class Certification.  Oral argument was held on June 1, 2015.  Considering the multiple issues involved,

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 5 of 13

and the volume of documents produced by Omaha Steaks, briefing of the motion took considerable time and effort by multiple attorneys. Likewise, preparation for the oral argument, and presentation of exhibits, required a significant amount of time.

### G.    Motion for Stay Pending Outcome of FCC Petitions

21.    Omaha Steaks filed a Motion to Stay the case before oral argument on the Motion for Class Certification. It sought a stay of the case pending a ruling by the FCC on several petitions before it. Class Counsel opposed this motion and presented oral argument at the class certification hearing on this issue.

### H.    Settlement Discussions and Mediation

22.    After oral argument on the Motion for Class Certification, the parties agreed to participate in mediation and jointly moved to stay the case. Hon. Edward A. Infante (Ret.) of JAMS San Francisco conducted a full day mediation on September 9, 2015, which was productive, but not successful. Thereafter, the parties continued to negotiate with the assistance of Judge Infante until the preliminary settlement terms were agreed upon on November 12, 2015.

### I.    Post-Settlement Developments

23.    Since the settlement was agreed to in principal on November 12, 2015, Class Counsel has spent considerable time finalizing the Settlement Agreement and related documents and facilitating and implementing the notice claims administration process. Class Counsel retained the services of a notice expert, Daniel Burke of Gilardi & Co., LLC, to ensure the notice plan complied with due process and, in agreement with Defendants, retained Kurtzman Carson Consultants, LLC ("KCC"), to serve as the Settlement Administrator. Substantial time was involved in finalizing the

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 6 of 13

6

settlement, notice and claim documents, communicating with KCC and Mr. Burke, and preparing the pleadings to obtain preliminary approval of the settlement. Class Counsel will continue to expend time and effort through final approval and distribution of the settlement fund.

24.    Substantial time was devoted to ensuring all of the settlement documents properly reflected the agreement of the parties. Substantial time was required to finalize those documents and obtain all counsel and parties' approval before submission to the Court. Likewise, numerous communications occurred, and continue to occur, with Gilardi and KCC to ensure the notice plan and claims administration was correct.

25.    Finally, substantial time was expended in preparing the pleadings associated with the request for preliminary approval of the settlement.

26.    The settlement achieved by Class Counsel resolves this class action and establishes a monetary Settlement Fund of up to $5.25 million, including both monetary and Reward Card voucher benefits for the class members.

27.    Throughout the settlement process, the parties' negotiations were often contentious and always at arms-length over the course of many months. The parties conducted themselves with utmost professionalism, ethics, and competence throughout the process. Only after the parties were able to reach an agreement on the material terms of the Settlement, did they negotiate fees and expenses. The parties did not agree that Defendants would not oppose Class Counsel's fee request.

28.    I participated in the negotiations which have preceded the execution of the Settlement Agreement ("SA") and hereby attest that the SA was reached as a result of arms length negotiations over the course of this litigation. Based on my experience litigating class actions, I believe that the

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 7 of 13

proposed settlement is in the best interest of the class members, as it provides substantial prospective and monetary relief and is fair and reasonable.

## III.   ATTORNEYS' FEES AND EXPENSES

### A.   Keogh, Cox & Wilson's Attorneys' Fees

29.     The information in this declaration regarding my firm's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business.  I am one of the partners who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these printouts (and backup documentation where necessary or appropriate). The purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time and expenses committed to the litigation.  As a result of these reviews, reductions were made to both time and expenses either in the exercise of "billing judgment" or to conform to the firm's guidelines and policies regarding certain expenses such as charges for hotels, meals, and transportation.  As a result of these reviews and adjustments, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

30.     The total number of hours spent on this litigation by my firm is 1811.4. The total lodestar amount for attorney time based on the firm's current rates in complex class action litigation, and including a multiplier of 1.25, is $835,794.38.  The hourly rates shown below are the usual and customary rates set by the firm for each individual:

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 8 of 13

| NAME | TYPE | HOURS | RATE | MULTIPLIER | LODESTAR |
|------|------|-------|------|------------|----------|
| John P. Wolff, III | P | 427.55 | $465 | 1.25 | $248,513.43 |
| Christopher K. Jones | P | 914.55 | $375 | 1.25 | $428,695.31 |
| Nancy B. Gilbert | P | 1.50 | $375 | 1.25 | $703.13 |
| Brent J. Cobb | A | 320.70 | $270 | 1.25 | $108,236.25 |
| Mark T. Assad | A | 63.85 | $270 | 1.25 | $21,549.38 |
| Doran L. Drummond | A | 30.25 | $270 | 1.25 | $10,209.38 |
| Chelsea A. Payne | A | 53.00 | $270 | 1.25 | $17,887.50 |
| **TOTAL** | | 1811.4 | | | **$835,794.38** |

P = Partner
A = Associate

31.    This figure does not include attorney time related to the preparation and filing of this fee application, totaling over 30 hours.

32.    The number of hours that the attorneys of Keogh, Cox & Wilson, and primarily Christopher K. Jones and John P. Wolff, III, have devoted to pursuing this litigation is appropriate and reasonable, considering, among other factors: (i) the scope and high-stakes nature of this large and complex litigation; (ii) the novelty and complexity of the claims asserted, including the federal TCPA; (iii) the hard-fought and lengthy nature of the settlement negotiations; (iv) the extensive discovery in which the parties engaged; (v) the risk involved; and (vi) the length of the litigation.

### B.    Keogh, Cox & Wilson Paralegal and Lawclerk Time

33.    In addition to attorney time utilized to prosecute this action, KCW utilized paralegals and lawclerks to assist with the litigation. This time was necessary to litigate this case, and served as

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 9 of 13

an efficient method for organizing and preparing this matter for the various hearings and discovery events.

34.    The total number of paralegal and lawclerk hours spent on this litigation by my firm is 265.05. The total lodestar amount for paralegal and lawclerk time based on the firm's current paralegal and lawclerk billable rates of $100-$200, and a 1.25 multiplier, is $62,700.00. The hourly rates shown below are the usual and customary rates set by the firm for paralegals and lawclerks:

| NAME | TYPE | HOURS | RATE | MULTIPLIER | LODESTAR |
|------|------|-------|------|-----------|----------|
| Lauren M. Porto | PL | 5.30 | $200 | 1.25 | $1,325.00 |
| Caryn L. Schoeffler | PL | 32.50 | $200 | 1.25 | $8,125.00 |
| Deanna H. Lentz | PL | 38.65 | $200 | 1.25 | $9,662.50 |
| Jennifer L. LeGlue | PL | 118.80 | $200 | 1.25 | $29,700.00 |
| Amanda B. O'Guin | PL | 10.35 | $200 | 1.25 | $2,587.50 |
| Terri L. McKinney | PL | 30.95 | $200 | 1.25 | $7,737.50 |
| Lawclerk | LC | 28.50 | $100 | 1.25 | $3,562.50 |
| **TOTAL** | | **265.05** | | | **$62,700.00** |

PL=Paralegal
LC=Lawclerk

35.    The number of hours that the paralegals and lawclerks of Keogh, Cox & Wilson, have devoted to pursuing this litigation is appropriate and reasonable, considering, among other factors: (i) the scope and high-stakes nature of this large and complex litigation; (ii) the novelty and complexity of the claims asserted, including the federal TCPA; (iii) the hard-fought and lengthy nature of the settlement negotiations; (iv) the extensive discovery in which the parties engaged; (v) the risk involved; and (vi) the length of the litigation.

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 10 of 13

36.     The paralegals and lawclerks who spent time on this case are employees of KCW and were paid for their time, independent of any recovery in this settlement.

C.    **Future Attorneys' Fees and Paralegal and Lawclerk Time**

37.     Beyond the work already completed on this case and settlement, Class Counsel anticipate they will spend substantial time in the future on this case and settlement that is not included in the foregoing totals.

38.     In this regard, Class Counsel must prepare for and attend the upcoming Fairness Hearing. Preparation for this hearing will include conferences with the various retained experts who may testify at the hearing, addressing any objections and traveling to Portland.

39.     If the settlement is approved, Class Counsel must continue to work with the Claims Administrator to monitor and resolve any claims issues that arise. In this regard, the claims deadline is not until August 12, 2016.

40.     After the expiration of the claims deadline, Class Counsel must obtain a final distribution order from the Court to allow the Claims Administrator to disburse benefits to the participating class members.

41.     It is expected that Class Counsel will spend between 50-100 hours through the final resolution of this settlement, amounting to a lodestar value of approximately $40,000.

42.     Further, it is expected that the firm will incur the expenses of additional paralegal time in support of this additional work, in the approximate amount of between 10-20 hours, for a total lodestar of approximately $4,000.

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 11 of 13

**C.    Litigation Costs and Expenses**

43.    Included in the fee request is a request for an award of $61,585.39 in expenses incurred by KCW in the course of this litigation. KCW and BLF shared in some of the expenses.

44.    The following is additional information and details regarding certain expenses included in the attached itemization:

a.    Meals, Hotels, and Transportation

Depositions were taken in Omaha, Nebraska, Portland, Oregon, and Scottsdale, Arizona. All counsel attended the hearing on plaintiff's Motion for Class Certification in Portland, Oregon. In addition, a mediation session occurred in San Francisco, California. Accordingly, this firm's share of those expenses are included in this total.

b.    Mediation Fees

The parties engaged the services of Hon. Edward A. Infante (Ret.) of JAMS to conduct a mediation session. Follow-up conferences to finalize the settlement resulted in additional mediation fees.

c.    Expert Fees

For purposes of investigating plaintiff's claim and supporting the suit and Motion for Class Certification, Class Counsel retained the services of Randall Snyder of Wireless Research Services, LLC, Anya Verkhovskaya of A.B. Data, Ltd., and Brooks Hilliard of Business Automation Associates, Inc. They also retained Hon. Edward A. Infante (Ret.) to prepare an Affidavit regarding his involvement in mediating this case.

45.    The expenses pertaining to this action are reflected in the books and records of this

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 2
Page 12 of 13

firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

46.     The expenses pertaining to this action are reflected in the books and records of this firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

## IV.     EXHIBITS

47.     Attached hereto are true and correct copies of the following exhibits:

Exhibit A:     Curriculum Vitae for Christopher K. Jones

Exhibit B:     Curriculum Vitae for John P. Wolff, III

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the _____ 2ⁿᵈ _____ day of _____ May _____, 2016 at Baton Rouge, Louisiana.

_____

**CHRISTOPHER K. JO**NES

DECLARATION OF
CHRISTOPHER K. JONES
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

**EXHIBIT 2**
Page 13 of 13

Christopher K. Jones, Partner
**KEOGH, COX & WILSON, LTD.**

Christopher K. Jones focuses his practice primarily on class actions and other complex litigation. He has been appointed lead counsel in numerous consumer protection class actions, and has also served as defense counsel for many companies facing significant exposure in mass tort litigation and class action. He is currently involved in several Multi District Litigation (MDL) cases, representing both plaintiffs and defendants. His experience allows him to effectively prosecute and defend cases in this complex area of the law. In addition to class action litigation, he focuses his practice on insurance defense and commercial litigation, personal injury litigation, and handles a number of tax litigation matters. He also handles consumer protection cases and collections for many local and out of state companies.

He graduated from Tulane University in 1999 and received his law degree from Paul M. Hebert Law Center in 2002. At Tulane he was a member of the varsity baseball team.

During his career he has become actively involved in the Baton Rouge Bar Association, for which he is currently serving as a member of its Board of Directors, and has previously served as a council member for the Young Lawyers Section Council, in addition to assisting with many of the BRBA's activities. He has helped many individuals through the BRBA's Pro Bono Program and its other assistance programs. He is involved in the community and a member of many local organizations. In 2011 he was honored as one of the Top Forty Under 40 by the Greater Baton Rouge Business Report. He is admitted to all Louisiana courts, the Fifth Circuit Court of Appeals, and was admitted pro hac vice in several state and federal courts outside of Louisiana.

**Areas of Practice:**

Class Actions
Complex Litigation
General Litigation
Tax Litigation
Insurance Defense
Consumer Protection
Personal Injury
Commercial Litigation
Insurance Dispute Litigation
Litigation Percentage: 95% of Practice Devoted to Litigation

1

EXHIBIT A

Page 1 of 5

**Bar Admissions:**

> Louisiana, 2002
> U.S. District Court Eastern District of Louisiana, 2002
> U.S. District Court Middle District of Louisiana, 2002
> U.S. District Court Western District of Louisiana, 2002
> U.S. District Court of Colorado, 2013
> U.S. Court of Appeals 5th Circuit, 2002

**Education:**

> Paul M. Hebert Law Center, Baton Rouge, Louisiana, 2002 - J.D.
> > *Honors:* Recipient, Louisiana State University Board of Supervisors Scholarship
> Tulane University, New Orleans, Louisiana - B.S.
> > *Honors:* Recipient, Legislative Scholarship
> > Major: Psychology

**Representative Class Action and Mass Tort Cases:**

*Toni Spillman v. Domino's Pizza LLC, et al.*, Case No. 10-349 (M.D. La. 2012) - appointed as Class Counsel in a class action alleging violation of the Telephone Consumer Protection Act for the transmission of unsolicited telephone messages, and resulting in a multi-million dollar settlement.

*St. Martin v. State of Louisiana* 2012 WL 6677884 (1st Cir. 12/21/12) - represented the Louisiana Department of Revenue in defense of class action brought by Taxpayers for revobery of allegedly over paid state income taxes.

*Bolotte v. Louisiana Department of Revenue*, BTA Case No. 8007 - represent the Louisiana Department of Revenue in defense of over 800 individual and consolidated actions filed by Taxpayers for recovery of denied state tax credits.

*iPod Nano Cases*, JCCP No. 4469 (Superior Court of the State of California 2009) - served as Co-Class Counsel in case against Apple, Inc. Involving defective iPod nanos, and resulting in class settlement valued at over $25 million.

*In re Katrina Canal Breaches Litigation*, F.3d., 2007 WL 2200004, C.A.5 (La. 2007) - class action and mass tort - represented insurers in actions for insurance coverage from damages caused by Hurricane Katrina.

*In re Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047 (E.D. LA.) - class action and mass tort - defended retailers of Chinese drywall and their insurers in action for damages caused by defective sheetrock.

*Williams v. Hard Rock Constr. Co., et al.*, Case No. 04-17250, Civil District Court for the Parish of Orleans - class action and mass tort - defended constructions companies and their insurer for damages alleged by residents for exposure to natural gas.

*Lucia, et al. v. Lard Oil Company*, Case No. 102-131, 34th Judicial District Court, Parish of St. Bernard - class action and mass tort - defended oil company for personal injury and exposure damages from benzene fumes claimed by residents near train/truck collision.

*Clinton Jones, et al. v. Clayton Williams Energy, Inc., et al.*, Case No. 55,845, 25th Judicial District Court, Parish of Plaquemines - mass tort - defended owner of oil tank for exposure damages claimed by residents from smoke produced by lightening strike fire.

*Baine v. Walgreen Company*, Case No. 10-4364 (E.D. La.) - class action - defended pharmacy against nationwide class action by customers for improper substitution of medical food products.

*Tomas v. A. Wilbert & Sons, LLC*, 2009 WL 1272358 (La. App. 1 Cir. 5/08/09) - class action and mass tort - represented insurers in action against Dow Chemical and others for contamination of ground water.

*Accounting Outsourcing, L.L.C. v. Verizon Wireless Personal Communications, L.P.*, Case No. 03-181 (M.D. La.) - class action - represented plaintiffs in action for damages under the Telephone Consumer Protection Act for unsolicited fax advertisements.

*In re: OnStar Contract Litigation*, 2009 WL 3270577 (E.D. Mich. 2009) - class action - represented consumers for damages caused by inability to support Onstar equipment in vehicles.

*In re: Genetically Modified Rice Litigation*, 666 F.Supp 2d 1004 (E.D.Mo. 2009) - class action - represented rice farmers in action for damages caused by genetic modification to rice crop.

**Other Representative Cases:**

*Gene and Gene, LLC v. Biopay, LLC,*, WL 3933312 (M.D.La. 2006)
*Mouton v. Thomas, 2005-926*, 924 So.2d 394 (La.App. 3 Cir. 3/1/06)

*TJ's Sports Bar, Inc. v. Scottsdale Ins. Co.*, 924 So.2d 394, WL 196898 (E.D.La. 2007)
*Display South, Inc. v. Express Computer Supply, Inc.*, 2007 WL 1300176 (La. App. 1 Cir. 2007)
*Frischhertz v. Lexington Ins. Co.*, 2006 WL 3228385 (E.D. La. 2006)
*Nguyen v. Scottsdale Ins. Co.*, 2007 WL 647307 (E.D. La. 2006)
*Teamer v. Lexington Ins. Co.*, 2007 WL 609738 (E.D.La. 2007)
*Assavedo & Brocato, Ltd. v. Scottsdale Ins. Co.*, 2007 WL 325693 (E.D.La. 2007)
*Manino v. Lexington Ins. Co.*, 2007 WL 274786 (E.D.La. 2007)
*T.J.'s Sports Bar, Inc. v. Scottsdale Ins. Co.*, 2007 WL 196898 (E.D.La. 2007)
*Mitchell v. Lexington Ins. Co.*, 2007 WL 148158 (E.D.La. 2007)
*O'Neil v. Lexington Ins. Co.*, 2007 WL 102124 (E.D.La. 2007)
*Cajun Kitchen of Plaquemines, Inc. v. Scottsdale Ins. Co.*, 2007 WL 60999 (E.D.La. 2007)
*Gene & Gene, LLC v. Biopay, LLC*, 240 F.R.D. 239 (M.D.La. 2006)
*Bowman v. Lexington Ins. Co.*, 2006 WL 3733839 (E.D.La. 2006)
*May v. Hummingbird Aviation, LLC*, 2011 WL 1235209 (E.D. La. 2011)
*Kennett v. Amica Mut. Ins. Co.*, 2010 WL 5141791 (E.D. La. 2010)
*Grimstad v. Amica Mut. Ins. Co.*, 2009 WL 1116594 (E.D. La. 2009)

**Honors and Awards:**

> Participant, Louisiana State Bar Association Leadership Class, 2008 - 2009
> Recipient, Louisiana State Bar Association Young Lawyers Section Pro Bono Award, 2008
> Recipient, Baton Rouge Bar Association President's Award, 2007
> Recipient, Judge Joseph Keogh Memorial Award, 2006
> Participant, John Barton Community Leadership Program, 2006
> Honoree, Greater Baton Rouge Business Report 2011 Top Forty Under 40

**Professional Associations and Memberships:**

> Louisiana Arts and Sciences Museum, 2007 - Present
> > Board of Trustees, Chairman (2012 - Present)
> United States District Court for the Northern District of California, 2006 - Present
> > Pro Hac Vice Admission
> Catholic High School Alumni Association, 2006 - 2010
> > Board of Directors, Past President (2010)
> Baton Rouge Bar Association/Baton Rouge Bar Foundation, 2012 - Present
> > Board of Directors
> Baton Rouge Bar Association, Young Lawyers Section, 2007 - 2008
> > Council Member

EXHIBIT A
Page 4 of 5

Boys and Girls Club of Baton Rouge, 2007 - 2010
      Board of Directors
Federal Bar Association
      Member
Federal Bar Association, Baton Rouge Chapter
      President (2016)
Louisiana State Bar Association
      Member
Baton Rouge Bar Association
      Member
Louisiana State Bar Association, Young Lawyers Section, 2009 - 2011
      Council Member
St. Aloysius Catholic Church
      Member

**Pro Bono Activities:**

Participant, Baton Rouge Bar Association Pro Bono Program, 2002 - Present
Volunteer, Louisiana State Bar Association Disaster Legal Services Program
Participant, Thirst for Justice Program
Youth baseball coach, 2004 - Present

EXHIBIT A
Page 5 of 5

John P. Wolff, III
KEOGH, COX & WILSON, LTD.
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@kcwlaw.com
Website: http://www.kcwlaw.com

## CURRICULUM VITAE

### Education

Bachelor of Arts Degree from University of Southwestern Louisiana, cum laude, 1981, and Juris Doctorate from Louisiana State University Law School, 1984

### Bar Admissions

Louisiana, 1984
Texas, 1995
U.S. District Court Eastern District of Texas, 2014
U.S. Supreme Court, 2013
U.S. District Court Southern District of Texas, 2013
U.S. District Court Eastern District of Louisiana, 1987
U.S. District Court Western District of Louisiana, 1985
U.S. District Court Middle District of Louisiana, 1986
U.S. Court of Appeals 5th Circuit, 1984

### Martindale-Hubbell

Rated AV

### Areas of Practice

Complex Litigation
Class Actions
Product and Professional Liability & Consultation
Medical Device Litigation
Admiralty
Environmental/Oil and Gas Litigation
Insurance Coverage

## Litigation Percentage

90% of Practice Devoted to Litigation

## Seminar Presentations

Louisiana Association of Defense Counsel

Institute for Paralegal Education - "Advanced Civil Discovery for the Litigation Paralegal in Louisiana"

## Texas Department of Insurance Provider: 33235
## Client Presentations

Course #10723 The Ethics of Insurance Claim Handling
Course #20891 Survey of Louisiana Products Liability Law
Course #18721 The Traps and Pitfalls of Louisiana Underinsured Motorist Law
Course #10721  Survey of Louisiana Insurance Law

## Professional Associations

Lafayette Parish Bar Association and East Baton Rouge Parish Bar Association
Louisiana State Bar Association Bench and Bar Section Ad Hoc Judiciary Committee (mass tort)
Louisiana State Bar Association Environmental Section
American Bar Association
Louisiana Association of Defense Counsel
U.S. District Court, Fifth Circuit, Bar Association
Defense Research Institute

## Complex Litigation Experience

*Assumption Parish School Board v. Oldham Chemical,* et al., No. 22,982, Div. B, 23rd J.D.C., Parish of Assumption (Class Action - Trial Counsel for Prentiss)

In Re: *GRAMERCY PLANT EXPLOSION*,  No. 25,975, Div. "D", 23rd J.D.C., Parish of St. James (excess counsel)

*Gloria B. Martello v. City of Ferriday*, et al., No. 36358, DIV. "A", 7TH J.D.C., Parish of Concordia (class action, trial counsel Owen & White)

2

*Joseph Grefer, et al. v Travelers Insurance Co.*, No. 03-0253, U.S.D.C., Eastern District of Louisiana (trial counsel for Scottsdale)

*Lloyd Green, et al. v. A. Wilbert & Sons, L.L.C, et al.*, No. 55,159-1, Div. "D", 18TH J.D.C., Parish of Iberville (trial counsel for Scottsdale)

*Don A. Perkins, et al. v. Entergy Corporation, et al.*, consolidated cases, No. 45,646, Div. "D", 18th J.D.C., Parish of Iberville (excess counsel)

*Bryson Adams, et al. v. Environmental Purification Advancement Corporation, et al.*, U.S.D.C., Western District of Louisiana, Civil Action No. 99-1998 (counsel for Scottsdale)

In Re: *TPT Transportation Company*, U.S.D.C., Civil Action No. 95-215 and *Franklin Reed, III, et al. v. HBM Rubber Plant, Inc.*, consolidated cases No. 56, 201, Div. "A", 23rd J.D.C., Parish of Ascension (trial counsel for Rubber House)

*Jacob Guillot, et al. v. Aventis Pasteur, Inc., et al.*, U.S.D.C., Eastern District, Civil Action No. 02-3373 (thimerosal class action, trial counsel for American International Chemical, Inc.)

In Re: *Phenylpropanolamine*, U.S.D.C., Western District, Civil Action No. 1407 (local trial counsel for Perrigo)

*Lisa Hedley, an Individual v. Dentsply International, Inc., et al.*, U.S.D.C., Middle District No. 02-CV-821(local trial counsel for Sultan Chemists/Foremost Dental)

*Jacqueline Lucia, et. al v. Lard Oil Company, Inc., et. al*, No. 102,131, Div. "C," 34th JDC, Parish of St. Bernard (class action, trial counsel for Lard Oil)

*Beaulieau Plantation Inc. et al v. Vector Graphics, Inc.*, No. 33,162, Div. "D," 18th JDC, Parish of West Baton Rouge, Co-Lead Counsel - putative class action for unsolicited telefacsimile advertisements under the TCPA;

*Accounting Outsourcing, L.L.C., et al v. Verizon Wireless Personal Communications, L.P., et al*, (and all consolidated cases), Civil Action No. 03-161-D-M3, United States District Court, Middle District of Louisiana, 329 F.Supp. 2d, 789 and 294 F.Supp.2d 834 - Co-Lead Counsel - putative class action for unsolicited telefacsimile advertisements under the TCPA;

3

### Representative Cases

*Kelley v. Circle K Stores, Inc.*, 2012 WL 1664260 (E.D. La. 2012).

*Simmons v. Sabine River Authority of Louisiana*, 2012 WL 1458088 (W.D. La. 2012).

*Bailey v. Domino's Pizza, LLC*, 2012 WL 1150882 (E.D. La. 2012).

*Service One Cable T.V., Inc. v. Scottsdale Ins. Co.*, 2012 WL 602209 (La. App. 1 Cir. 2012).

*Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743 (5th Cir.2011).

*Leam Drilling Systems, Inc. v. Petrohawk Energy Corp.*, 2011 WL 5238665 (W.D. La. 2011).

*Amberge v. Lamb*, 2011 WL 3320651 (E.D. La. 2011).

*Federal Ins. Co. v. New Hampshire Ins. Co.,* 439 Fed. Appx. 287 (5th Cir. 2011).

*In re Katrina Canal Breaches Litigation*, 63 So.3d 955 (La. 2011).

*Taylors Intern. Services, Inc. v. Weaver*, 2011 WL 1832121 (W.D. La. 2011).

*Kennett v. Amica Mut. Ins. Co.*, 2010 WL 5141791 (E.D. La. 2010).

*Iglinsky v. Player*, 2010 WL 4905984 (M.D. La. 2010).

*Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698 (5th Cir. 2010).

*Kirschenbaum v. Spraggins*, 752 F.Supp.2d 728 (E.D. La. 2010).

*Matias v. Taylors International Services, Inc.*, 2010 WL 3923884 (E.D. La. 2010).

*Southern General Agency, Inc. v. Burns & Wilcox, Ltd.*, 2010 WL 4554008 (W.D. La. 2010).

*Federal Ins. Co. v. New Hampshire Ins. Co.*, 2010 WL 3523049 (M.D. La. 2010).

*Joseph v. Shell Chemical, LP*, 390 Fed. Appx. 401 (5th Cir. 2010).

*Federal Ins. Co. v. New Hampshire Ins. Co.*, 2010 WL 3523050 (M.D. La. 2010).

*Kennett v. Amica Mut. Ins. Co.*, 2010 WL 2977373 (E.D. La. 2010)

*Fruge v. Ulterra Drilling Technologies, L.P.*, 724 F. Supp.2d 631 (W.D. La. 2010).

*Jones v. Hancock Holding Co.*, 2010 WL 2541717 (M.D. La. 2010).

*Thomas v. Ardenwood Properties*, 43 So.3d 213 (La. App. 1 Cir. 2010)

*Perkins v. Entergy Corp.*, 2010 WL 2332357 (La. App. 1 Cir. 2010).

*Esso Exploration and Production Chad, Inc. v. Taylors Intern. Services, Inc.*, 2010 WL 2520996 (W.D. La. 2010).

*Federal Ins. Co. v. New Hampshire Ins. Co.*, 2010 WL 1757932 (M.D. La. April 30, 2010).

*Jones v. Hancock Holding Co.*, 707 F.Supp.2d 670 (M.D. La. 2010).

*Federal Ins. Co. v. New Hampshire Ins. Co.*, 2010 WL 28568 (M.D. La. 2010).

*Burkart v. Williamson*, 29 So.3d 635 (La. App. 1 Cir. 2009).

*Gene and Gene, LLC v. BioPay, LLC*, 269 F.R.D. 621 (M.D. La. 2009).

*Ebeling v. Scottsdale Ins. Co.*, 2008 WL 4974804 (E.D. La. 2008).

*Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, 2008 WL 4829583 (E.D. La. 2008).

*Williams v. Scottsdale Ins. Co.*, 2008 WL 4534393 (E.D. La. 2008).

*Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318 (5th Cir.2008).

*Lebouef v. Amica Mut. Ins. Co.*, 2008 WL 2781535 (E.D. La. 2008).

*Birdsong v. Apple Inc.*, 2008 WL 7359917 (N.D. Cal. 2008).

EXHIBIT B
Page 4 of 7

*Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.2d 510 (La. App. 1 Cir. 2008).

*Williams v. Transport Service Co. of Ill.*, 2008 WL 2002283 (E.D. La. 2008).

*In re Katrina Canal Litigation Breaches*, 524 F.3d 700 (5th Cir. 2008).

*Waggoner v. America First Ins.*, 975 So.2d 110 (La. App. 2 Cir. 2008).

*Herff Jones, Inc. v. Girouard*, 966 So.2d 1127 (La. App. 3 Cir. 2007).

*Accounting Outsourcing, L.L.C. v. Verizon Wireless Personal Communications, L.P.*, 2007 WL 7087615 (M.D. La. 2007).

*In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007).

*Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 1 Cir. 2007).

*Teamer v. Lexington Ins. Co.*, 2007 WL 609738 (E.D. La. 2007).

*Owens v. Scottsdale Ins. Co.*, 2007 WL 609219 (E.D. La. 2007).

*Assavedo & Brocato, Ltd. v. Scottsdale Ins. Co.*, 2007 WL 325693 (E.D. La.2007).

*Manino v. Lexington Ins. Co.*, 2007 WL 274786 (E.D. La. 2007).

*T.J.'s Sports Bar, Inc. v. Scottsdale Ins. Co.*, 2007 WL 196898 (E.D. La. 2007).

*Mitchell v. Lexington Ins. Co.*, 2007 WL 148158 (E.D. La. 2007).

*O'Neil v. Lexington Ins. Co.,* 2007 WL 102124 (E.D. La. 2007).

*Cajun Kitchen of Plaquemines, Inc. v. Scottsdale Ins. Co.,* 2007 WL 60999 (E.D. La. 2007).

Spine Diagnostics Center of Baton Rouge, Inc. v. Louisiana State Bd. of Nursing ex rel.

*Gene & Gene, LLC v. Biopay, LLC*, 240 F.R.D. 239 (M.D. La. 2006).

*Bowman v. Lexington Ins. Co.*, 2006 WL 3733839 (E.D. La. 2006).

*Braswell v. Agri-Fab, Inc.*, 2006 WL 5086608 (M.D. La. 2006).

*Accounting Outsourcing, L.L.C. v.Verizon Wireless Personal Communications, L.P.,* 2006 WL 2669063 (M.D. La. 2006).

*Mouton v. Thomas*, 924 So.2d 394 (La. App. 3 Cir. 2006).

*Istre v. Meche*, 916 So.2d 307 (La. App.3 Cir. 2005).

*Snyder v. Belmont Homes, Inc.*, 899 So.2d 57 (La. App. 1 Cir. 2005).

*Champagne v. Ward*, 893 So.2d 773 (La. 2005).

*Martello v. City of Ferriday*, 886 So.2d 645 (La. App. 3 Cir. 2004).

*Accounting Outsourcing, LLC. v. Verizon Wireless Personal Communications, L.P.,* 329 F.Supp.2d 789 (M.D. La. 2004).

*Boland v.West Feliciana Parish Police Jury,* 878 So.2d 808 (La. App. 1 Cir. 2004).

*Bujol v. Entergy Services, Inc.*, 922 So.2d 1113 (La. 2004).

*Grefer v. Travelers Ins. Co.,* 2003 WL 22717716 (E.D. La. 2003).

*North American Specialty Ins. Co. v. Iberville Coatings, Inc.*, 2002 WL 34423044 (M.D. La. 2002).

*Plaquemines Parish Government v. River/Road Const., Inc.*, 828 So.2d 16 (La. App. 4 Cir. 2002).

*Martello v. City of Ferriday*, 813 So.2d 467 (La. App. 3 Cir. 2002).

*In re TPT Transp.*, 191 F.Supp.2d 717 (M.D. La. 2001).

EXHIBIT B

*North American Specialty Ins. Co. v. Iberville Coatings, Inc*., 2001 WL 36140649 (M.D. La. 2001).

*Fontenot v. Southwestern Offshore Corp.,* 787 So.2d 588 (La. App. 3 Cir. 2001).

*North American Specialty Ins. Co. v. Iberville Coatings, Inc*., 2001 WL 36140648 (M.D. La. 2001).

*Istre v. Meche*, 770 So.2d 776 (La. 2000).

*Fontenot v. Southwestern Offshore Corp.*, 771 So.2d 679 (La. App. 3 Cir. 2000).

*Jennings v. J. Ray McDermott Holdings, Inc*., 760 So.2d 462 (La. App. 4 Cir. 2000).

*Perkins v. Entergy Corp.*, 756 So.2d 388 (La. App. 1 Cir. 1999).

*Palmour v. Gray Ins. Co.*, 731 So.2d 911 (La. App. 5 Cir. 1999).

*Hinds v. Clean Land Air Water Corp.,* 693 So.2d 321 (La. App. 3 Cir.1997).

*Ganheart v. Executive House Apartments*, 671 So.2d 525 (La. App. 4 Cir. 1996).

*Jackson v. Rogers*, 665 So.2d 440 (La. App. 1 Cir. 1995).

*Fallon v. Sullivan*, 650 So.2d 1232 (La. App. 4 Cir. 1995).

*Hoyt v. Wood/Chuck Chipper Corp*., 651 So.2d 1344 (La. App. 1 Cir.1995).

*Guilbeau v. W.W. Henry Co.*, 859 F.Supp. 238 (W.D. La. 1994).

*Myers v. American Seating Co.*, 637 So.2d 771 (La. App. 1 Cir.1994).

*Dennis v. Finish Line, Inc*., 636 So.2d 944 (La. App. 1 Cir. 1994).

*Allied Corp. v. Environmental Purification Advancement Corp*., 848 F.Supp. 67 (M.D. La.1994).

*Treadway v. Vaughn,* 633 So.2d 626 (La. App. 1 Cir. 1993).

*Hoyt v. Wood/Chuck Chipper Corp*., 625 So.2d 504 (La. App. 1 Cir. 1993).

*Duncan v. Balcor Property Management,* 615 So.2d 985 (La. App. 1 Cir.1993).

*Blockbuster Entertainment Corp. v.McComb Video, Inc.*, 145 F.R.D. 402 (M.D. La. 1992).

*Lerma v. Champion Ins. Co.*, 597 So.2d 518 (La. App. 1 Cir. 1992).

*Williams v. Hattan*, 594 So.2d 980 (La. App. 3 Cir.1992).

*Carpenter v. Lafayette Woodworks, Inc*.,573 So.2d 249 (La. App. 3 Cir. 1990).

*Ranger Ins. Co. v. Exxon Pipeline Co.*,760 F.Supp. 97 (W.D. La. 1990).

*Jones v. City of Lafayette*, 539 So.2d 672 (La. App. 3 Cir. 1989).

*Ardoin v. BASF Wyandotte Corp*., 525 So.2d 684 (La. App. 1 Cir. 1988).

*Tate v. Charles Aquillard Insurance & Real Estate, Inc*., 508 So.2d 1371 (La. 1987).

*Rayne State Bank & Trust v. National Union Fire Ins*. Co., 483 So.2d 987 (La. 1986).

*Arthur v. Union Underwear Co., Inc.*, 492 So.2d 873 (La. App. 3 Cir. 1986).

EXHIBIT B
Page 6 of 7

## Honors and Awards

Recipient, Robert Lee Tullis Semi-Finalist Award, 1983 - 1984
Winner of the Flory Trial Competition
Recipient, American Jurisprudence Award (Agency and Partnership)
Top Lawyers in Louisiana, American Lawyer Media -- 2013
AV Preeminent, Martindale-Hubble -- 2011
Peace Maker Award, Brown & Brown -- 2007

## Professional Associations and Memberships:

Baton Rouge Epicurean Society (BRES), Board of Directors
Boys & Girls Club of Greater Baton Rouge, Board of Directors - Former
Boys & Girls Club of Greater Baton Rouge, Human Resource, Chairman
East Baton Rouge Parish, Member
Louisiana State, Environmental Section, Member
American Bar Association
Louisiana Association of Defense Counsel, Member
Louisiana State Bar Association Bench and Bar Section's, Ad Hoc Judiciary
Committee
Lafayette Parish Bar Association and Bar Section Ad Hoc Judiciary Committee
East Baton Rouge Bar Association
Baton Rouge Epicurean, Board of Directors
Defense Research Institute
U. S. District Court, Fifth Circuit, Bar Association
All State And Federal Courts In Louisiana, Member
Louisiana Association of Defense Counsel, Guest Speaker

## Fraternities/Sororities:

Phi Delta Phi

7