**Keith S. Dubanevich**, OSB No. 975200
**Jennifer S. Wagner**, OSB No. 024470
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

**Philip Bohrer** (admitted *Pro Hac Vice*)
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
**PORTLAND DIVISION**

| | | |
|---|---|---|
| **MICHAEL HETHERINGTON,** Individually and on Behalf of the Class, | * * * | CIVIL ACTION NO. 3:13-cv-2152-SI |
| Plaintiffs, | * * | **DECLARATION OF PHILIP BOHRER IN** |
| v. | * * | **SUPPORT OF MOTION FOR APPROVAL OF ATTORNEYS'** |
| **OMAHA STEAKS, INC.,** and **OMAHA STEAKS INTERNATIONAL, INC.** * | * * * | **FEES, REIMBURSEMENT OF COSTS AND SERVICE AWARD** |
| Defendants. | * * | **CLASS ACTION ALLEGATION** |

**DECLARATION OF PHILIP BOHRER**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

    I, Philip Bohrer, declare as follows:

    1.    I am the founding member of Bohrer Law Firm, LLC ("BLF"). I am submitting this

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

EXHIBIT 3

1

declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action.

2. My firm is counsel of record for the Plaintiff and the Class Members.

3. My curriculum vitae is attached as Exhibit A.

## I. INTRODUCTION

4. I have been primarily responsible for the prosecution of this Action and for the negotiation of the settlement. From the outset of this suit, I worked with co-Class Counsel, Christopher K. Jones and John P. Wolff, III of the law firm of Keogh, Cox & Wilson, Ltd. ("KCW"), and Keith S. Dubanevich of Stoll, Stoll, Berne, Lokting, and Shlachter, P.C. ("SSBLS"), who served as local counsel (jointly "Class Counsel"), to achieve the successful resolution of this action.

5. On March 3, 2016, the Court preliminarily approved the parties' Settlement Agreement and appointed BLF, KCW and SSBLS as co-Class Counsel for the Settlement Class.

6. Class Counsel, having, *inter alia*, investigated and conducted discovery concerning the allegations in the complaints and conducted extensive analysis of the facts, law and damages, were in an excellent position to fully evaluate both the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses.

7. The Settlement is the direct result of the highly skilled and innovative efforts of Class Counsel on behalf of Plaintiffs and the Class Members.

## II. QUALIFICATIONS AND EXPERIENCE

8. BLF is a law firm in Baton Rouge, Louisiana that focuses on complex civil and commercial litigation, including class and collective actions and medical device and products

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

litigation. The attorneys of BLF involved in this case have extensive experience in class actions and other complex matters. I have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level, in both TCPA and non-TCPA cases.

9.   As reflected in my CV (Exhibit A), I have actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act over the course of many years in courts in Louisiana and throughout the country.

## II.   HISTORY OF THE LITIGATION

### A.   Complaint

10.   This Complaint was filed against Defendants Omaha Steaks, Inc. and Omaha Steaks International, Inc. (collectively "Defendants" or "Omaha Steaks") on December 9, 2013 and sought to certify a nationwide class of recipients of unsolicited telemarketing calls.

### B.   Substantial Document Production and Electronic Discovery

11.   After suit was filed the parties immediately commenced discovery. Before any document production occurred, the parties agreed to an Order addressing e-discovery. Thereafter, over the course of many months, Omaha Steaks produced thousands of documents in electronic format. Class Counsel then spent substantial time meticulously reviewing these documents.

12.   The review of these documents, which was essential to class certification and liability, consumed a considerable amount of time and resources. Multiple attorneys, paralegals and law clerks reviewed, analyzed and catalogued the documents. The complexity of the electronic document production complicated the document review process. Timely review of the defendants' documents was essential to deposition preparation. To accommodate the substantial discovery

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

3

conducted by the parties, the Court approved multiple requests for extensions of the discovery deadline.

### C.  Discovery Disputes

13. Although neither party filed motions addressing unresolved discovery disputes, the parties engaged in extensive discussions regarding discovery deficiencies and conducted multiple Local Rule 7-1 discovery conferences. Considering the volume of documents produced in the course of discovery, the parties repeatedly disagreed about the documents productions, including scope and content. These disagreements required substantial time to resolve without court intervention.

### D.  Depositions

14. Depositions taken in this matter included the corporate deposition of Omaha Steaks on October 7, 2014 in Omaha, Nebraska; the depositions of multiple Omaha Steaks employees on January 7-8, 2015 in Omaha, Nebraska; the deposition of Michael Hetherington on January 14, 2015 in Portland, Oregon; and the deposition of plaintiff's expert witness, Brooks Hilliard, on February 24, 2015 in Phoenix, Arizona.

15. The volume of documents created an enormous burden when preparing for each deposition, and extensive preparation was required for each of them.

### E.  Expert Retention, Consultation and Discovery

16. Class Counsel retained and consulted with three expert witnesses. Because of the technology of the calling equipment used by Defendant, these experts were necessary to prove that Defendants' calling system satisfied the definition of an Automatic Telephone Dialing System

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

(ATDS). Similarly, given the calling campaigns undertaken by Defendants, the call detail records were voluminous and required expert analysis.

17. Brooks Hilliard of Business Automation Associates, Inc. was retained to provide his opinions on the capabilities of the Omaha Steaks' calling system and computer equipment. Anya Verkhovskaya of AB. Data, Ltd. was retained to analyze and report on the call records produced by Omaha Steaks, as well as the ability to identify class members from those records. Lastly, Randall A. Snyder was retained to evaluate and report on whether Omaha Steaks' calling system qualified as an ATDS. Each expert produced a Rule 26 report and disclosure. Class Counsel spent considerable time working with these experts.

### F. Class Certification

18. At the time of this settlement, the parties had fully briefed Plaintiff's Motion for Class Certification. Oral argument was held on June 1, 2015. Considering the multiple issues involved, and the volume of documents produced by Omaha Steaks, briefing of the motion took considerable time and effort by multiple attorneys. Likewise, preparation for the oral argument, and presentation of exhibits, required a significant amount of time.

### G. Motion for Stay Pending Outcome of FCC Petitions

19. Omaha Steaks filed a Motion to Stay the case before oral argument on the Motion for Class Certification. It sought a stay of the case pending a ruling by the FCC on several petitions before it. Class Counsel opposed this motion and presented oral argument at the class certification hearing on this issue.

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

H.  **Settlement Discussions and Mediation**

20.  After oral argument on the Motion for Class Certification, the parties agreed to participate in mediation and jointly moved to stay the case. Hon. Edward A. Infante (Ret.) of JAMS San Francisco conducted a full day mediation on September 9, 2015, which was productive, but not successful. Thereafter, the parties continued to negotiate with the assistance of Judge Infante until the preliminary settlement terms were agreed upon on November 12, 2015.

I.  **Post-Settlement Developments**

21.  Since the settlement was agreed to in principal on November 12, 2015, Class Counsel has spent considerable time finalizing the Settlement Agreement and related documents and facilitating and implementing the notice claims administration process. Class Counsel retained the services of a notice expert, Daniel Burke of Gilardi & Co., LLC, to ensure the notice plan complied with due process and, in agreement with Defendants, retained Kurtzman Carson Consultants, LLC ("KCC"), to serve as the Settlement Administrator. Substantial time was involved in finalizing the settlement, notice and claim documents, communicating with KCC and Mr. Burke, and preparing the pleadings to obtain preliminary approval of the settlement. Class Counsel will continue to expend time and effort through final approval and distribution of the settlement fund.

22.  Substantial time was devoted to ensuring all of the settlement documents properly reflected the agreement of the parties. Substantial time was required to finalize those documents and obtain all counsel and parties' approval before submission to the Court. Likewise, numerous communications occurred, and continue to occur, with Gilardi and KCC to ensure the notice plan and claims administration was correct.

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

23. Finally, substantial time was expended in preparing the pleadings associated with the request for preliminary approval of the settlement.

24. The settlement achieved by Class Counsel resolves this class action and establishes a monetary Settlement Fund of up to $5.25 million, including both monetary and Reward Card voucher benefits for the class members.

25. Throughout the settlement process, the parties' negotiations were often contentious and always at arms-length over the course of many months. The parties conducted themselves with utmost professionalism, ethics, and competence throughout the process. Only after the parties were able to reach an agreement on the material terms of the Settlement, did they negotiate fees and expenses. The parties did not agree that Defendants would not oppose Class Counsel's fee request.

26. I participated in the negotiations which have preceded the execution of the Settlement Agreement ("SA") and hereby attest that the SA was reached as a result of arms-length negotiations over the course of this litigation. Based on my experience litigating class actions, I believe that the proposed settlement is in the best interest of the class members, as it provides substantial prospective and monetary relief and is fair and reasonable.

## III. ATTORNEYS' FEES AND EXPENSES

### A. Bohrer Law Firm's Attorneys' Fees

27. The information in this declaration regarding my firm's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the litigation and reviewed these printouts (and backup documentation where necessary or appropriate). The

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

7

purpose of these reviews was to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time and expenses committed to the litigation. As a result of these reviews, reductions were made to both time and expenses either in the exercise of "billing judgment" or to conform to the firm's guidelines and policies regarding certain expenses such as charges for hotels, meals, and transportation. As a result of these reviews and adjustments, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

28. The total number of hours spent on this litigation by my firm is 702.0. The total lodestar amount for attorney time based on the firm's current rates in complex class action litigation, and a multiplier of 1.25, is $403,537.50. The hourly rates shown below are the usual and customary rates set by the firm for each individual:

| NAME | TYPE | HOURS | RATE | MULTIPLIER | LODESTAR |
| --- | --- | --- | --- | --- | --- |
| Philip Bohrer | P | 674.25 | $465 | 1.25 | $391,907.81 |
| Scott Brady | P | 17.25 | $375 | 1.25 | $8,085.94 |
| Amanda McGowen | A | 10.5 | $270 | 1.25 | 3,543.75 |
| TOTAL | | 702.0 | | | 403,537.50 |

P = Partner
A = Associate

29. This figure does not include attorney time related to the preparation and filing of this fee application, totaling over 30 hours.

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

30. The number of hours that the attorneys of BLF have devoted to pursuing this litigation is appropriate and reasonable, considering, among other factors: (i) the scope and high-stakes nature of this large and complex litigation; (ii) the novelty and complexity of the claims asserted, including the federal TCPA; (iii) the hard-fought and lengthy nature of the settlement negotiations; (iv) the extensive discovery in which the parties engaged; (v) the risk involved, and (vi) the length of the litigation.

### B. Future Attorneys' Fees

31. Beyond the work already completed on this case and settlement, Class Counsel anticipate they will spend substantial time in the future on this case and settlement that is not included in the foregoing totals.

32. In this regard, Class Counsel must prepare for and attend the upcoming Fairness Hearing. Preparation for this hearing will include conferences with the various retained experts who may testify at the hearing, addressing any objections and traveling to Portland.

33. If the settlement is approved, Class Counsel must continue to work with the Claims Administrator to monitor and resolve any claims issues that arise. In this regard, the claims deadline is not until August 12, 2016.

34. After the expiration of the claims deadline, Class Counsel must obtain a final distribution order from the Court to allow the Claims Administrator to disburse benefits to the participating class members.

35. It is expected that Class Counsel will spend between 50-100 hours through the final resolution of this settlement, amounting to a lodestar value of approximately $40,000.

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

### C. Litigation Costs and Expenses

36. Included in the fee request is a request for an award of $37,798.92 in expenses incurred by BLF in the course of this litigation. KCW and BLF shared in some of the expenses.

37. The following is additional information and details regarding certain expenses included in the attached itemization:

   a. Meals, Hotels, and Transportation

   Depositions were taken in Omaha, Nebraska, Portland, Oregon, and Scottsdale, Arizona. All counsel attended the hearing on plaintiff's Motion for Class Certification in Portland, Oregon. In addition, a mediation session occurred in San Francisco, California. Accordingly, this firm's share of those expenses are included in this total.

   b. Mediation Fees

   The parties engaged the services of Hon. Edward A. Infante (Ret.) of JAMS to conduct a mediation session. Follow-up conferences to finalize the settlement resulted in additional mediation fees.

   c. Expert Fees

   For purposes of investigating plaintiff's claim and supporting the suit and Motion for Class Certification, Class Counsel retained the services of Randall Snyder of Wireless Research Services, LLC, Anya Verkhovskaya of A.B. Data, Ltd., and Brooks Hilliard of Business Automation Associates, Inc. They also retained Hon. Edward A. Infante (Ret.) to prepare an Affidavit regarding his involvement in mediating this case.

38. The expenses pertaining to this action are reflected in the books and records of this

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

## IV.   EXHIBITS

39.   Attached hereto are true and correct copies of the following exhibits:

Exhibit A:   Curriculum Vitae for Philip Bohrer

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the ___29th___ day of ___April___, 2016 at Baton Rouge, Louisiana.

_____
PHILIP BOHRER

DECLARATION OF PHILIP BOHRER
IN SUPPORT OF MOTION FOR
APPROVAL OF ATTORNEYS' FEES,
REIMBURSEMENT OF COSTS AND
SERVICE AWARD

**PHILIP BOHRER**
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
*E-Mail: phil@bohrerbrady.com*
***Website: www.bohrerbrady.com***

*CURRICULUM VITAE*

**Education**

University of Southwestern Louisiana, Bachelor of Science Business Administration, 1981

Louisiana State University Law Center, 1984

**Bar Admissions**

Admitted to practice in Louisiana (1984) and Texas (1995)

**Federal Court Admissions**

US Supreme Court, US Court of Appeals for the Fifth Circuit, United States District Courts for the Eastern, Middle and Western Districts of Louisiana, Southern District of Illinois Eastern and Western District of Arkansas; U.S. District Court for the Southern District of Texas; U.S. District Court for the Northern District of Texas; U.S. District Court for the Western District of Texas; U.S. District Court for the District of Colorado; U.S. District Court for the Western District of Oklahoma; U.S. District Court for the District of North Dakota.

**Martindale-Hubbell**

AV rated

**Seminar Presentations**

Arkansas Trial Lawyers Association Personal Injury Seminar; Topic: Maritime Personal Injury; Olive Branch, Mississippi; September 27, 1995

Arkansas Trial Lawyers Association 1996 Encore CLE; Topic: Maritime Personal Injury, Eldorado, Arkansas; June 20, 1996

Louisiana Trial Lawyers Association Yours to Choose Seminar; Topic: Maritime Personal Injury; New Orleans, Louisiana; December 27, 1996

Maritime Law Seminar, Baton Rouge, Louisiana; February 28, 1997

Maritime Personal Injury, Biloxi, Mississippi; October 17, 1997

Maritime Personal Injury, New Orleans, Louisiana; December 5, 1997

Maritime Personal Injury, Baton Rouge, Louisiana; February 6, 1998

Maritime Personal Injury, Memphis, Tennessee; September 18, 1998

Maritime Personal Injury, New Orleans, Louisiana; December 4, 1998

Arkansas Trial Lawyers Association 1999 Mid-Winter Convention; Topic: Maritime Personal Injury; Little Rock, Arkansas; February 11-12, 1999

Class Action/Mass Tort Symposium, LSBA, New Orleans, October, 2006; Topic: Lone Pine Orders

19th Annual Summer School Revisited, December 2007; Topic: CAFA Jurisdiction

## Professional Associations

Louisiana Association for Justice (Board of Governors 1996-1998)

Arkansas Trial Lawyers Association

American Association for Justice

Million Dollar Advocates Forum

Super Lawyers (Louisiana, 2008, 2010, 2012 - 2016)

American Bar Association

## Complex Litigation Experience

*Abraham v. Exxon Corporation*, 85 F.3d 1126, U.S. Court of Appeal, 5th Circuit, 1996 - co-lead plaintiff - putative class action filed by contract workers claiming ERISA benefits from Exxon. Exxon's Motion for Summary Judgment affirmed on appeal, precertification.

*Crain v. Helmerich & Payne International Drilling Company*, 1992 U.S. Dist. LEXUS 5367, 30 Wage & Hour cases, 1452 Ed. La. 1992 - co-lead counsel - nationwide collective action for unpaid overtime under the Fair Labor Standards Act.

*Whitworth v. Chiles Offshore Corporation*, 1992 U.S. Dist. LEXUS 13405, U.S. District Court, Eastern District of Louisiana - co-lead counsel - nationwide collective action for unpaid overtime under the Fair Labor Standards Act.

*Anderson v. Dual Drilling*, Civil Action No. 6:95 CV 1853, U.S. District Court, Western District of Louisiana - co-lead counsel - nationwide collective action for unpaid overtime under the Fair Labor Standards Act.

*Wyatt v. Pride Offshore*, 1996 U.S. Dist. LEXUS 13335; 3 Wage & Hour cases, 2nd (BNA) 892 - co-lead counsel - nationwide collective action for unpaid overtime under the Fair Labor Standards Act.

Plaintiffs' Steering Committee and Liaison Counsel; *In Re: I-110 South DSI, Inc. Spill, Suit No. 449,540, Division "H", Nineteenth Judicial District Court, Parish of East Baton Rouge* - chemical spill class action.

*In Re: United Parcel Service, Inc., Excess Value Insurance Coverage Litigation*, MDL Docket No. 1339, Before the Judicial Panel On Multi-District Litigation; member of Executive Counsel Committee - UPS EVIC litigation involving consolidated consumer class actions regarding the alleged improper sale of insurance;

*Joseph Triguero, et al v. BioProducts of Louisiana, Inc.*, Suit No. 53,269 "A", 18th Judicial District Court, Member of the Plaintiffs' Steering Committee - class action regarding chemical plant toxic chemical vapor release;

*George Joseph, et al v. Vulcan Chemicals*, Suit No. 69,443 "B", 23rd Judicial District Court - Member of Plaintiffs' Steering Committee - class action regarding chemical plant toxic chemical vapor release;

*Noretta Thomas, et al v. A. Wilbert & Sons, L.L.C., Inc.*, Suit No.: 55,127 "B", 18th Judicial District Court - Member of Plaintiffs' Steering Committee - class action regarding vinyl chloride contaminated ground water;

*Robert E. Granger, et al v. Georgia Gulf Corporation, et al*, Civil Action No. 01-0356-C-M1, United States District Court, Middle District of Louisiana -Class counsel - class action regarding chemical plant toxic chemical release;

*Willie B. Martin, et al v. The Liberty Life Insurance Company*, Civil Action No. 00-CP-40-3000, In the Court of Common Pleas for the Fifth Judicial Circuit, County of Richland, State of South Carolina - Class Counsel - consumer class action regarding discriminatory insurance practices;

*In Re: Phenylpropanolamine (PPA) Products Liability Litigation*, MDL No. 1407, United States District Court, Western District of Washington - Member of Discovery Committee - mass tort involving over-the-counter medications alleged to cause injuries.

*In Re: McDonald's Corp. Promotional Game Litigation*, MDL No. 1437, Plaintiff's counsel - consumer class action regarding McDonald's game prizes;

*Brett Stassi, et al v. Cox Communications Louisiana, L.L.C., et al*, Suit No. 56,614 "B", 18th Judicial District Court - Co-Lead Counsel - consumer litigation regarding inadequate internet access;

*Freddie Molden, et al v. Georgia Gulf Corporation*, Civil Action No. 02-01-B-M2, United States District Court, Middle District of Louisiana - Plaintiff's counsel - chemical release;

*Kelly Donohue, et al v. Francis Services, Inc., et al*, Civil Action No. 04-0170-J-M4, United States District Court, Eastern District of Louisiana, 2004 U.S. Dist. Lexis 9355 (May 25, 2004) - Co-Lead Counsel - collective action for unpaid overtime under the Fair Labor Standards Act; Partial Motion for Summary Judgment Ruling at 2005 U.S. Dist. Lexis 9203; 10 Wage & Hour Cases 2d (BNA) 1052

*Aaron Duke, Jr., et al v. Fugro Chance, Inc., et al*, Civil Action No. CV04-0695-L0, United States District Court, Western District of Louisiana - Co-Lead Counsel - putative collective action for unpaid overtime under the Fair Labor Standards Act;

*Accounting Outsourcing, L.L.C., et al v. Verizon Wireless Personal Communications, L.P., et al*, Civil Action No. 03-161-D-M3, **consolidated with** Civil Action Nos. 03-169-D-M3, 03-173-D-M3, 03-198-D-M3, 03-208-D-M3, 03-358-D-M3, 03-406-D-M3, 03-421-D-M3, 03-468-D-M3, 03-725-D-M3, 03-729-D-M3, 03-755-D-M3, 03-824-D-M3 and 03-847-D-M3, United States District Court, Middle District of Louisiana, 329 F.Supp. 2d, 789 and 294 F.Supp.2d 834 - Co-Lead Counsel - putative class actions for unsolicited telefacsimile advertisements pursuant to the TCPA; Ruling on certification in 05-121 at 240 F.R.D. 239, 2006 U.S. Dist. Lexis 95082;

*Beaulieau Plantation, Inc., et al v. Vector Graphics, Inc.*, No. 33,162, Division "D", Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana - Co-Lead Counsel - class action for unsolicited telefacsimile advertisements under the TCPA;

*Schenlen Blakes, et al v. Honeywell International, Inc.* (and all consolidated cases), Suit No.: 511,626, Section 23, Nineteenth Judicial District Court, Parish of East Baton Rouge - Co-Lead Counsel - mass joinder arising out of chemical release and exposure;

*Theresa Eglin White, et al v. City of Opelousas, et al*, Suit No. 94-C-0461-D, Twenty-Seventh Judicial District Court, Parish of St. Landry - Class Counsel - unfunded, mandatory pay increases owed to police and fireman;

*Carey Carlene Abbott, et al v. Waste Management, Inc., et al* (and all consolidated cases), Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana - Co-Counsel - property devaluation and nuisance arising out of operation of landfill.

*Salon One, LLC v. Visa U.S.A., Inc., et al*, Case No.: 04CC00677, Superior Court of the State of California for the County of Orange - Class Counsel - nationwide class action for refund of overcharges.

*John Johnson, et al v. Big Lots Stores, Inc.*, Civil Action No. 04-3201 "N"(1), United States District Court, Eastern District of Louisiana - Co-Lead Counsel - putative nationwide collective action pursuant to the FLSA for unpaid overtime; Ruling on venue motion: 2005 U.S. Dist. Lexis 2221; Ruling on decertification: 2007 U.S. Dist. Lexis 96151; and subsequently at 561 F.Supp.2d 567; Findings of Fact: 604 F.Supp. 903 and 14 Wage & Hour Cas. 2d (BNA) 1617; Daubert Rulings: 2008 U.S. Dist. Lexis 35316; 13 Wage & Hour Cas. 2d (BNA) 992).

*In Re: Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*, MDL No. 1643, United States District Court, Eastern District of Louisiana - Member of Plaintiffs' Steering Committee, Plaintiffs' Compensation Committee and Settlement Class Counsel - nationwide class action for damages resulting from incorrect scoring of teacher certification test; Settlement approval at 447 F.Supp.2d 612 and 2006 U.S. Dist. Lexis 726.

*In Re: Apple iPod Nano Litigation*, MDL No. 1754, United States District Court, Northern District of California, San Jose Division - Member of Plaintiffs' Steering Committee - global putative class action alleging defect in the iPod screen.

*Annette Thomas, As Permanent Guardian of the Estate of Helen Cook, An Incapacitated Person, and all others similarly situated vs. Beverly Enterprises, Inc. ,et al*, No. CV-05-143-2, In the Circuit Court of Independence County, Arkansas, Civil Division - Class Counsel - class action alleging violation of nursing home residents' rights; Class certification opinion at 370 Ark. 310; 259 S.W. 3rd 445 (AR 2007);

*George Barasich, et al v. Shell Pipeline Company, L.P., et al*, Civil Action No. 05-140 (and all consolidated cases), United States District Court, Eastern District of Louisiana - Class Counsel - consolidated putative class action alleging oil spill damage to property; Ruling on certain issues: 2006 U.S. Dist. Lexis 84389.

*Melson v. Directech Southwest, Inc.*, Civil Action No. 07-1087 "F"(1), MDL 1984; United States District Court, Eastern District of Louisiana - Liaison Counsel - Collective action for unpaid overtime for satellite dish installers pursuant to §216(b) of the FLSA.

*Pearson v. Novastar Home Mortgage, Inc.*, Civil Action No. 05-1377-A, United States District Court, Middle District of Louisiana; class action alleging violation of FACTA.  Ruling on motion to dismiss at 2006 U.S. Dist. Lexis 36282

*Display South v. Express Computers*, Nineteenth Judicial District Court, Parish of East Baton Rouge.  Class action alleging violation of TCPA for junk faxes.  Co-Lead Counsel.  Class certification appeal at 961 So.2d 451

*Gene & Gene, LLC v. Biopay, LLC*, Civil Action No. 05-0121, U.S. District Court, Middle District of Louisiana; Class action alleging violation of TCPA for junk faxes; Co-Lead Counsel.  Class certification ruling at 541 F.3d 318 (5th Cir. 2008); reversed at 541 F.3d 318; Recertified at 2008 U.S. Dist. Lexis 97404; reversed at 624 F.3d 698

*In Re: Gadolinium Contrast Dyes Products Liability Litigation*, MDL No. 1909; United States District Court, Northern District of Ohio; Re: Personal injury - products liability for gadolinium dye; Member of Discovery Committee;

*Runyan v. Trans America Life, CV-09-2006-3,* Circuit Court of Pulaski County, Arkansas; Co-lead counsel; Nationwide class action settlement regarding payment of supplemental cancer policy insurance benefits.  Class Counsel. Nationwide settlement affirmed at 2011 ARK 43; 2011 Ark. Lexis 38 (Ark., 2011)

*Robert Williams v. Treasure Chest Casino, et al*, Civil Action No. 09-3449 "C"(4), United States District Court for the Eastern District of Louisiana; Collective action for unpaid overtime for deck and engineering crew pursuant to §216(b) of FLSA.  Settled.

*In Re: Denture Cream Products Liability Litigation*, MDL 2051, United States District Court for the Southern District of Florida, Miami Division; Member of the Plaintiffs' Steering Committee; personal injury - product liability for zinc poisoning from denture cream use resulting in neuropathy.

*In Re: DePuy Orthopaedics, Inc. ASR Hip Implant Products*, MDL 2197, United States District Court for the Northern District of Ohio, Western Division; personal injury - product liability case for defective metal-on-metal hip implant; Member of Discovery Committee.

*Michael Hetherington v. Omaha Steaks, Inc, et al*; Civil Action No. 3:13-cv-2152, United States District Court for the District of Oregon; TCPA class action involving unsolicited cell phone calls. Class certification decision is pending.