IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PATRICK D. HETHERINGTON,**<br>as personal representative of the Estate of<br>**MICHAEL S. HETHERINGTON,**<br>individually and on behalf of the class, | Case No. 3:13-cv-02152-SI<br><br>**CLASS ACTION SETTLEMENT**<br>**ORDER AND FINAL JUDGMENT** |
| **PLAINTIFF,** | |
| v. | |
| **OMAHA STEAKS, INC.** and **OMAHA**<br>**STEAKS INTERNATIONAL, INC.,** | |
| **DEFENDANTS.** | |

**Michael H. Simon, District Judge.**

This matter came before the Court on Representative Plaintiff's motion for final approval

of the proposed class settlement (the "Settlement"). The Court has considered all papers filed

and proceedings in this matter and is fully informed regarding the facts surrounding the proposed

Settlement. Based upon this information, the Court approves the proposed Settlement as fair,

reasonable, and adequate. The Court hereby enters this Class Action Settlement Order and Final

Judgment ("Final Judgment"), which constitutes a final adjudication on the merits of all claims

of the Settlement Class.

On March 3, 2016, the Court granted preliminary approval to the proposed Settlement

between Representative Plaintiff and Defendants Omaha Steaks, Inc. and Omaha Steaks

International, Inc. (collectively, "Defendants"). The proposed Settlement resolves all of the

CLASS ACTION SETTLEMENT ORDER AND FINAL JUDGMENT - 1

Settlement Class's claims against Defendants in exchange for Defendants' agreement to provide certain monetary and non-monetary relief to Settlement Class Members as set forth in the Agreement. On August 12, 2016, the Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to consider Class Counsel's application for an award of attorney's fees and costs ("Fee Application"), and a Service Award to the Representative Plaintiff. The Court heard argument from counsel and allowed others to appear to voice their support for, or objection to, the Settlement, the Fee Application, or both.

Having read, reviewed, and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Class who appeared at the hearing; Class Counsel's Fee Application; the Agreement; and the pleadings, the Court finds and concludes as follows:

1.     *Definitions*. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are fully incorporated into this Final Judgment.

2.     *Jurisdiction*. The Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiff and all members of the Settlement Class.

3.     *Settlement Approval*. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4.     *Class Certification*. The Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Accordingly, the Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5.     *Exclusion from Settlement Class*. Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement. Exhibit A, attached hereto,

lists the Settlement Class Members who timely requested exclusion from the Settlement Class. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.

6.      *Objections*.  No objections have been brought to the Court's attention.

7.      *No Admission*.  Neither this Final Judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law.  This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault, or omission by Defendants or any other person in connection with any transaction, event, or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8.      *Dismissal with Prejudice*.  The Court hereby dismisses with prejudice all claims of members of the Settlement Class against Defendants arising from the placement of telephone calls to any type of telephone line for any purpose, regardless of the theory of recovery or alleged wrongdoing as set forth in the Agreement.

9.      *Release*.  Representative Plaintiff, for himself and as the representative of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10.     *Injunction Against Asserting Released Claims.*  Representative Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement

CLASS ACTION SETTLEMENT ORDER AND FINAL JUDGMENT - 3

Class Members, either directly, representatively, or in any other capacity, are permanently enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11.    *General Release Acknowledgement*.  By operation of this Final Judgment, the Representative Plaintiff and Defendants expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12.    *Class Notice*.  The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.  The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice.  The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the

CLASS ACTION SETTLEMENT ORDER AND FINAL JUDGMENT - 4

Settlement and appear at the Settlement Hearing. The Court has afforded a full opportunity to all Settlement Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Final Judgment.

13. ***Notifications to Appropriate Federal and State Officials***. Within ten (10) days after the filing of the proposed Agreement in this Court, Defendants served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Defendants satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendants provided the required notice, as required by 28 U.S.C. § 1715(d).

14. ***Continuing Jurisdiction***. Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the Settlement payments, Service Award, and attorney's fees and costs contemplated by the Agreement, and processing of the claims permitted by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this Action and members of the Settlement Class for the purpose of enforcing and administering the Agreement.

15. ***Service Award***. As an incentive payment in compensation for the time, effort, and risk he undertook as representative of the Settlement Class, the Court hereby awards $10,000.00 to Patrick D. Hetherington, as personal representative of the Estate of Michael S. Hetherington.

16. ***Class Counsel Fee and Cost Award***. The Court hereby awards attorney's fees and costs to compensate Class Counsel for their time incurred and costs advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make available to Settlement Class Members certain monetary and

CLASS ACTION SETTLEMENT ORDER AND FINAL JUDGMENT - 5

non-monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the claims of the Class on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their costs; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendants' possible legal defenses and their experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Representative Plaintiff, who has reviewed the Agreement and been informed of Class Counsel's attorney's fees and cost application and has approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application. For these reasons, the Court hereby approves Class Counsel's attorney's fees in the amount of $1,312,500.00 and further approves reimbursement of costs in the amount of $100,926.70, for a total fee and cost award of $1,413,426.70. These fees and costs are in lieu of statutory fees and costs that either the Representative Plaintiff or the Settlement Class might otherwise have been entitled to recover.

17.    *Payment Timing*. Defendants shall pay the fee and cost award to Class Counsel and the Service Award to Representative Plaintiff, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2016.

Michael H. Simon
United States District Judge

6/13/2016
**Exclusion Report**

3301 Kerner Blvd
San Rafael, CA 94901
(415) 461-0410



| | | |
|---|---|---|
| **SR. PROJECT MANAGER** | Eric Robin | |
| Direct Telephone: | (415) 798-5936 | |
| Email: | erobin@kccllc.com | |
| | | |
| **PROJECT MANAGER** | Mariane Larson | |
| Direct Telephone: | (415) 798-5949 | |
| Email: | mlarson@kccllc.com | |

| | |
|---|---|
| Mailing Date: | 4/4/2016 |
| Claims Filing Deadline: | 8/12/2016 |
| Opt-out Deadline: | 6/3/2016 |
| Objection Deadline: | 6/3/2016 |
| Final Approval Hearing: | 8/12/2016 |

**PLAINTIFF(S) COUNSEL**

Philip Bohrer & Christopher Jones
**Bohrer Law Firm, LLC & Keogh Cox & Wilson Ltd**

**DEFENSE COUNSEL**

Jaime Allen & Kenneth Payson
**Davis Wright Tremaine, LLP**

**Count**
**21**

| ClaimID | Last1 | First1 |
|---|---|---|
| 9000001701 | ALLEN IV | RICHARD S |
| 10117116001 | BOW | LINDA |
| 10144452701 | BRUBAKER | PHILIP |
| 10194373801 | CECIL | JANE |
| 10243003201 | CORONA | MELISSA |
| 10312631401 | DOLAR | PATRICIA |
| 10369934001 | FENSKE | LORENA |
| 10425278901 | GEHRISCH | DONALD |
| 10582087801 | JACOBS | RICHARD |
| 10603844801 | JONES | BETTY |
| 10618871901 | KARST | ANNETTE |
| 10707934301 | LEY | ELIZABETH |
| 10772591501 | MATTSON | PAULA |
| 10799919501 | MCMAHON | GAILIN |
| 10826551101 | MILLER | SHARI |
| 10882730601 | NICHOLSON | TODD |
| 11086458001 | SCHWEITZER | DANA |
| 11152991801 | SPURLOCK | TAMMY |
| 11270499201 | WALTER | SHARON |
| 11286766201 | WEISS | SANDRA |
| 11295719501 | WHIPPLE | BOB |

EXHIBIT A
Page 1 of 1